**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNCLE NEAREST, INC.; | ) | Case No. 3:26-bk-30470 |
| NEAREST GREEN DISTILLERY, INC.; | ) | Case No. 3:26-bk-30471 |
| UNCLE NEAREST REAL ESTATE | ) | Case No. 3:26-bk-30472 |
| HOLDINGS, LLC; | ) | Chapter 11 |
| | ) | Judge Suzanne Bauknight |
| Debtors. | ) | |

---

### NOTICE OF HEARING

**Notice is hereby given that:**

**A hearing will be held on the *Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, In the Alternative to Recognize Receiver as Authorized Representative of Debtors* on <u>Thursday, March 19, 2026, at 10:00 a.m.,</u> in Courtroom 1-C, United States Bankruptcy Court, Howard H. Baker Jr. US Courthouse, 800 Market Street, Knoxville, TN 37902.[1]**

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in the *Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, In the Alternative to Recognize Receiver as Authorized Representative of Debtors* and may enter an order granting that relief.**

---

### RECEIVER'S EXPEDITED MOTION TO DISMISS BANKRUPTCY CASES OR, IN THE ALTERNATIVE TO RECOGNIZE RECEIVER AS <u>AUTHORIZED REPRESENTATIVE OF THE DEBTORS</u>

**COMES NOW** Phillip G. Young, Jr. (the "Receiver"), the duly-appointed receiver for

Uncle Nearest, Inc. ("Uncle Nearest"), Nearest Green Distillery, Inc. ("Nearest Green"), and Uncle

---

[1] See concurrently filed Motion to Set Expedited Hearings.

Nearest Real Estate Holdings, LLC ("UNRE") (Uncle Nearest, Nearest Green, and UNRE collectively, the "Receivership Entities") pursuant to an Order Appointing Receiver entered by Judge Atchley of the United States District Court for the Eastern District of Tennessee on August 22, 2025 (Case 4:25-cv-00038 (the "Receivership Case"), Doc. 39) (the "Receivership Order), and respectfully requests that this Court dismiss the three bankruptcy cases (the "Bankruptcy Cases") filed by the Receivership Entities. In the alternative, the Receiver respectfully requests that the Court deem the Receiver to be the exclusive authorized representative of the Receivership Entities. Finally, the Receiver would respectfully request that the Court consider this Motion on an expedited basis.[2] In support hereof, the Receiver represents as follows.

## BACKGROUND

1.      On July 28, 2025, Farm Credit Mid-America, PCA ("FMCA") filed a Verified Complaint and Request for Appointment of Receiver with the United States District Court for the Eastern District of Tennessee against Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, Fawn Weaver, and Keith Weaver, thus initiating the Receivership Case.  On August 22, 2025, the District Court entered an Order Appointing Receiver (the "Receivership Order").  A true and correct copy of the Receivership Order is attached hereto as Exhibit 1.

2.      The Receivership Order is robust and gives the Receiver broad authority to exercise exclusive control over the assets and operations of all of the receivership entities, including Uncle

---

[2] The Receiver is aware that there is a pending request to set an expedited hearing on other motions in these matters for March 19, 2026.  The Receiver believes it is imperative that the Court hear this Motion before, or contemporaneous with, those other expedited motions.  While the Receiver would prefer additional time to make travel arrangements or, alternatively, be afforded the opportunity to appear virtually, he will be ready to present this Motion on March 19, 2026, if necessary.

Nearest, Nearest Green, and UNRE.   For example, the Receivership Order provides that the Receiver is:

> exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

Receivership Order ¶ 9 (emphasis added).[3]   Importantly, the Receivership Order also explicitly provides that: "The Receiver is authorized to commence a proceeding under title 11 of the United States Code of Uncle Nearest and the Subject Entities."   Receivership Order ¶ 10(q) (emphasis added).   The District Court included an injunction, enjoining the receivership entities and "each of their officers, directors, employees, agents, assigns, or any other persons" from "[i]interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand an reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium" and from "[i]nterfering in any other way with the Receiver, directly or indirectly." Receivership Order ¶ 11.   Finally, the District Court provided that all persons, including employees, officers and directors, "are enjoined and retrained from in any way disturbing, interfering or affecting the Receivership Assets of the administration of the receivership estate."   Receivership Order ¶ 12. [4]

3.      Fawn Weaver and her counsel in the Receivership Case have both constructive and actual knowledge of the Receivership Order and its contents.   In fact, the Receiver has specifically

---

[3] The Receivership Order defines "Uncle Nearest" to include Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.
[4] Fawn Weaver is an officer, director, employee and shareholder.

discussed with both Fawn Weaver and her counsel the Receiver's exclusive authority to file for bankruptcy relief on behalf of Uncle Nearest and the Subject Entities.

4.      If there was any ambiguity about the depth and breadth of the Receiver's control over the Receivership Entities, the District Court eliminated that ambiguity in December 2025. In its Order (Case 4:25-cv-00038, Doc. 89) dated December 22, 2025, the District Court struck both a Response filed by Fawn Weaver and Keith Weaver on behalf of the Receivership Entities and a notice of appearance filed by Manier & Herod, P.C. on behalf of the Receivership Entities.  In so ordering, the District Court ruled that "only the Receiver may represent the Defendant Companies' interests in this litigation."

5.      Despite the clear orders of the District Court that the Receiver, and only the Receiver, could act on behalf of the Receivership Entities, on March 17, 2026, Fawn Weaver signed and filed bankruptcy petitions in these cases on behalf of the Receivership Entities. The Receiver forwarded the Receivership Order to the Receivership Entities' bankruptcy counsel, Kelli Holmes of Tarpy, Cox, Fleishman & Leveille, PLLC, and asked counsel to dismiss the petition. Counsel responded, saying she was "well aware of the District Court's order appointing a receiver," but refused to withdraw the petitions.  Emails between the Receiver and Ms. Holmes are attached hereto as Exhibit 2.

**DISMISSAL FOR LACK OF JURISDICTION**

6.      Fawn Weaver does not have authority under Tennessee law to file bankruptcy petitions on behalf of the Receivership Entities.  That authority rests solely with the Receiver pursuant to the clear and unequivocal terms of the Receivership Order entered by the District Court.  Fawn Weaver acted unlawfully and without any corporate authority when she signed and

filed bankruptcy petitions in this Court on behalf of the Receivership Entities.  Accordingly, this Court lacks subject matter jurisdiction to administer these bankruptcy cases.

7.      "The filing of a bankruptcy petition commences a 'case' under the Bankruptcy Code and establishes subject matter jurisdiction for the court, pursuant to 28 U.S.C. § 1334." *In re Cinch Wireline Servs., LLC*, 2025 Bankr. LEXIS 665, *22 (Bankr. W.D. Tex. 2025) (citations omitted).  However, it is state law that determines who has the authority to bind a corporate entity to a voluntary bankruptcy filing.  *See In re 530 Donelson, LLC*, 660 B.R. 887, 890 (Bankr. M.D. Tenn. 2024) (citing *Union Planters Nat'l Bank v. Hunters Horn Assocs. (In re Hunters Horn Assocs.)*, 158 B.R. 729, 730 (Bankr. M.D. Tenn. 1993)).  If one who purports to act on behalf of a corporation has not been granted authority under state law to initiate a bankruptcy proceeding, the Court has no alternative but to dismiss the bankruptcy case.  *See Price v. Gurney*, 324 U.S. 100, 106 (1945); *DB Capital Holdings, LLC v. Aspen HH Ventures, LLC (In re DB Capital Holdings, LLC)*, 2010 Bankr. LEXIS 4176, *7 (10th Cir. BAP 2010) ("A bankruptcy case filed on behalf of an entity without authority under state law to act for that entity is improper and must be dismissed.").  State law includes decisions and orders of courts within the state.  *See Tenneco West, Inc. v. Marathon Oil Co.*, 756 F.2d 769, 771 (9th Cir. 1985).

8.      The general rule within the Sixth Circuit is that the appointment of a receiver under a typical order and injunction does not prevent the managers of an entity from filing a bankruptcy petition.  *In re 530 Donelson, LLC*, 660 B.R. at 891.  If a "court intends a receivership order to deprive a company of the right to file bankruptcy, it must expressly state its intent to deviate from the general rule that a receivership will not affect bankruptcy rights." *Id.* at 892.

9.      However, when a receivership order provides that the court-appointed receiver is the one with the <u>authority</u> to file bankruptcy (even if it does not expressly prevent the debtor from

filing), federal courts have enforced those provisions. *See El Torero Licores v. Raile (In re El Torero Licores)*, 2013 U.S. Dist. LEXIS 179953, *17 (C.D. Cal. 2013) ("The Receivership Order, however, does not divest Debtor from its power to seek bankruptcy protection; rather, the order identifies *who* has the power to file the bankruptcy petition on behalf of the Debtor.") (emphasis in original); *Citizens & Northern Bank v. Pembrook Pines Mass Media, N.A., Corp.*, 2012 U.S. Dist. LEXIS 47174, *10 (W.D.N.Y. 2012) ("Here, the [order] does not prevent Pembrook from voluntarily filing a petition in Bankruptcy Court.  Instead, it gives the authority to make that decision to the Receiver."); *Sino Clean Entergy, Inc. v. Seiden (In re Sino Clean Energy, Inc.)*, 901 F.3d 1139, 1141-42 (9th Cir. 2018) (affirming order dismissing bankruptcy petition when board members who attempted to authorize a bankruptcy filing had been removed under the receivership order).

10.     Here, the Receivership Order specified *who* had the authority under state law to file a bankruptcy petition on behalf of the Receivership Entities in Paragraph 10(q); that was the Receiver.  But the Receivership Order did not stop with specifically authorizing the Receiver to file a bankruptcy petition.  Paragraph 9 of the Receivership Order vested the Receiver with *exclusive* authority to exercise "all the powers of officers, directors, members, and/or managers".  Since only an officer, director, member or manager would have the authority to sign a bankruptcy petition on behalf of a corporation, that authority now rests exclusively with the Receiver.

11.     Not only does the Receivership Order govern who has the authority to file a bankruptcy petition, it specifically forbids and enjoins certain people from interfering with the Receiver's exclusive authority to administer the estates of the Receivership Entities.  Paragraph 11 of the Receivership Order explicitly enjoins "officers, directors, employees, agents, assigns, or any other persons" from interfering with the Receiver's court-appointed duties.  Fawn Weaver is an

officer, director and employee of the Receivership Entities; bankruptcy counsel in these cases are agents. They are in violation of the District Court's injunction.[5]

12.      This Court has jurisdiction to determine whether it has subject matter jurisdiction over the Receivership Entities. *United States v. Ruiz,* 536 U.S. 622, 628 (2002). Because the petitions were unlawfully filed by an individual not authorized under state law to bind the Receivership Entities, this Court lacks subject matter jurisdiction in these matters and all three bankruptcy cases must be dismissed.

## DISMISSAL FOR BAD FAITH

13.      11 U.S.C. § 1112(b)(1) provides that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." "In addition to the examples of cause included in § 1112(b)(4), a debtor's bad faith in filing the Chapter 11 case can provide cause for dismissal." *In re 530 Donelson, LLC*, 2024 Bankr. 1218, *8-9 (Bankr. M.D. Tenn. 2024) (citing *Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co. (In re Trident Assocs. Ltd. P'ship),* 52 F.3d 127, 130 (6th Cir. 1995)).

14.      There is no bright line test to determine good faith versus bad faith. Rather, courts within the Sixth Circuit evaluate the totality of the facts in determining whether a case has been filed in bad faith. The Sixth Circuit has provided a list of non-exclusive factors to act as a guide in making this determination; those factors include:

(1) the debtor has one asset;
(2) the pre-petition conduct of the debtor has been improper;

---

[5] The Receiver has filed a motion with the District Court asking it to assess sanctions for violations of its Receivership Order; therefore, it would be duplicative to ask this Court to award sanctions as well.

(3) there are only a few unsecured creditors;
(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;
(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
(6) the filing of the petition effectively allows the debtor to evade court orders;
(7) the debtor has no ongoing business or employees; and
(8) the lack of possibility of reorganization.

*Trident Assocs.*, 52 F.3d at 131 (quoting *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assoc. Ltd. P'ship)*, 30 F.3d 734, 738 (6th Cir. 1994)).  Several of these factors are present in this case.  First, the pre-petition conduct of the debtor has been improper – attempting to file a bankruptcy petition in blatant violation of an injunction is certainly not proper.  Second, the Receivership Entities and FCMA are embroiled in litigation in the District Court, and the Receivership Entities "lost" when the District Court entered the Receivership Order.

15.    However, the most telling factor – and the one that the Receiver believes is determinative in this matter – is that the three petitions filed in this Court are in furtherance of the Receivership Entities' and Fawn Weaver's attempts to evade orders of the United States District Court for the Eastern District of Tennessee.[6]  A number of courts have found that a bankruptcy filed for the purpose of relitigating a receivership order, or derailing a receiver's administration of an estate, constitutes bad faith and is cause for dismissal under 11 U.S.C. § 1112(b).  *See, e.g., In re Traxcell Techs, LLC*, 657 B.R. 453, 460 (Bankr. W.D. Tex 2024) (holding that a bankruptcy filed for the purpose of "removing the receivership so [debtor] can proceed with its business operations" was bad faith warranting dismissal under § 1112(b)); *In re High Plains Mesa Holdings, LP,* 2021 Bankr. LEXIS 3624 at *30 (Bankr. E.D. Cal. 2021)

---

[6] Fawn Weaver has not attempted to hide the true purpose of these filings. Immediately after filing these cases, she published a press release announcing that these bankruptcy filings brought "the court-appointed receivership to an end." *See* Press Release attached hereto as Exhibit 3.

(holding that a debtor's bankruptcy filing to prevent a receiver from selling the debtor's assets in an orderly liquidation was bad faith and cause for dismissal under § 1112(b)); *In re Forest Hill Funeral Home & Mem. Park – East, LLC,* 364 B.R. 808, 822 (Bankr. E.D. Okla. 2007) (a bankruptcy filing to "escape" receivership proceedings in state court was bad faith pursuant to § 1112(b)(1)).

16.     Based upon well-established case law and the factors articulated by the Sixth Circuit Court of Appeals, this Court should find that these three cases were filed in bad faith. Once this Court reaches that decision, it *must* either dismiss the case or convert it to one under Chapter 7.  The Receiver is approximately four (4) months into a marketing campaign for the sale of the Receivership Entities as a going concern; interrupting that progress with a conversion to Chapter 7 would not be in the best interest of the creditors of these debtors.  Rather, the Court should simply dismiss these cases, return jurisdiction to the District Court (who has overseen these matters for more than eight months), and allow the Receiver to shepherd these entities through an organized sale process.

17.     Accordingly, this Court should find that these three bankruptcy cases were filed in bad faith and that dismissal pursuant to 11 U.S.C. § 1112(b) is in the best interest of creditors.

### RECEIVER IS THE AUTHORIZED REPRESENTATIVE OF DEBTORS

18.     These cases should be dismissed because this Court lacks jurisdiction (as they were not initiated by an authorized representative of the Debtor) and because they were filed in bad faith.  Alternatively, if the Court determines that these cases should not be dismissed, the Receiver respectfully requests that the Court enter an order declaring him to be the exclusive authorized representative of the Receivership Entities (the debtors herein).

19.     As detailed above, the District Court's Receivership Order granted the Receiver, and the Receiver *exclusively,* "all the powers of officers, directors, members, and/or managers". Receivership Order ¶ 9.  With the exclusive power to serve as officer, director, member, and manager of these three debtor entities, only the Receiver is authorized to operate the business of the Receivership Entities (whether inside bankruptcy or outside).  If the Court is otherwise disinclined to dismiss these cases, it should at least explicitly order that the Receivership Entities must be controlled by the Receiver, barring later appointment of a trustee.

WHEREFORE, the Receiver respectfully requests that this Court enter an Order which:

A.     Finds that Fawn Weaver was not authorized to file petitions on behalf of the Receivership Entities;

B.     Dismisses all three of these bankruptcy cases for lack of subject matter jurisdiction;

C.     Dismisses all three of the bankruptcy cases pursuant to 11 U.S.C. § 1112(b) for bad faith;

D.     Alternatively, declares that the Receiver is the exclusive authorized representative for the Receivership Entities; and/or

E.     Grants such other relief that the Court deems just and proper.

Dated this 18th day of March, 2026.

By:     /s/ Justin T. Campbell
        Justin T. Campbell, Tn. Bar No. 31056
        Thompson Burton PLLC
        1801 West End Avenue, Suite 1550
        Nashville, Tennessee 37203
        Voice: (615) 465-6015
        Fax:    (615) 807-3048
        Justin@thompsonburton.com

        *Counsel for Receiver*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Lynn Tarpy
Kelli D. Holmes
Tarpy, Cox, Fleishman & Leveille, PLLC
Landmark Center North Tower
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
Ltarpy@tcflattorneys.com
kholmes@tcflattorneys.com

Office of the United States Trustee
800 Market Street
Suite 114
Knoxville, TN 37902

This 18th day of March 2026.

/s/ Justin T. Campbell.
Justin T. Campbell

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT WINCHESTER**

| | | |
|---|---|---|
| FARM CREDIT MID-AMERICA, PCA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 4:25-cv-38 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| UNCLE NEAREST, INC., *et al.,* | ) | Magistrate Judge Steger |
| | ) | |
| *Defendants.* | ) | |

**ORDER APPOINTING RECEIVER[1]**

Having determined appointing a receiver is necessary in this case, as more fully described in the Court's August 14, 2025, Memorandum Opinion and Order [Doc. 32] which is incorporated by reference, and having evaluated the parties' proposed receiver candidates, [Docs. 36–37], the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** the following:

1. **Appointment of Receiver:** Phillip G. Young, Jr. of Thompson Burton, PLLC is hereby appointed as receiver (the "Receiver") of Uncle Nearest[2] (including the Subject Entities, as defined below) and the Receivership Assets (as defined below). The Receiver does not have any interest materially adverse to the receivership estate and the appointment of the Receiver is in the best interests of the receivership estate and its stakeholders.[3]

---

[1] All capitalized terms not defined in this Order have the meanings ascribed to them in Farm Credit's Emergency Motion for the Immediate Appointment of Receiver [Doc. 3].

[2] For purposes of this Order, the term "Uncle Nearest" refers collectively to Defendants Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, LLC.

[3] Each of the parties' proposed candidates was well-qualified to serve as receiver in this case. The Court chose Mr. Young based on: (i) his extensive restructuring and bankruptcy experience, including regularly serving as a receiver and representing both debtors and creditors; (ii) his familiarity with relevant Tennessee and Sixth Circuit law as a practicing Tennessee attorney; (iii) his physical proximity to Uncle Nearest's operations which will enable greater oversight with minimal additional costs; and (iv) Defendants' representations as to Mr. Young's intent to collaborate with Fawn and Keith Weaver to preserve customer goodwill while fulfilling the receivership's objectives.

2. **The Receivership Assets:** The "Assets" include (i) all of Uncle Nearest's assets, including proceeds, wherever located, including but not limited to, all of Uncle Nearest's: (a) right, title and interest in any property, real and personal, tangible and intangible, of whatever kind and description, wherever situated, including, without limitation, the Nearest Green Distillery Real Property, property leased or occupied by Uncle Nearest, all rents, litigation claims, accounts receivable, computers, all media on which information is stored electronically, vehicles, equipment, inventory, furniture, furnishings, licenses, permits, books, records, documents and intellectual property; (b) rights (including rights to payment and distributions), title, and interest, whether now owned or hereafter acquired in, under and to any entity (including, but not limited to, Domaine D'Anatole, Inc., Domaine D'Anatole, S.A.S, UNAH, Inc., S1 Organic Vodka, LLC, UN House MV, LLC, Uncle Nearest Ventures, LLC, and the Nearest Green Historical Preservation & Culture Fund, including any rights of control, ownership, distribution, and participation (collectively, the "Subject Entities")); (c) cash and any bank and brokerage accounts; (d) any other property in which the Lender is granted a security interest  pursuant to the Security Agreement and/or UCC-1 financing statements recorded against Uncle Nearest in favor of the Lender; and (e) claims and causes of action of any type, whether in equity or in kind, in contract or pursuant to a promissory note or any other enforceable agreement, in litigation, via settlement, or pursuant to any form of insurance policy or coverage (collectively, "Causes of Action"); and (ii) the Eady Road Property, in each case, including proceeds therefrom.

3. All the Assets are hereby deemed assets of the receivership (collectively, the "Receivership Assets"). For the avoidance of doubt, the Receivership Assets include all Collateral as described in the Loan Documents.

4. **Order Governs the Receivership Assets:** It is the intent of the Court that this Order applies to all Receivership Assets and that this Order encompasses the receiver powers specified in Tenn. Code Ann. § 29-40-112(b), including but not limited to the power to sell receivership property.

5. Further, it is the intent of this Court, that the Receiver is vested with all powers and authority of a receiver at equity; all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959, and 1692; and FED. R. CIV. P. 66, and all powers to sell the Receivership Assets pursuant to 28 U.S.C. §§ 2001, 2002, and 2004.

6. **Bond:** Receiver shall serve without bond and shall be entitled to rely in good faith on the protections afforded under this Order. The Receiver will perform the duties of his office in accordance with this Order and duly account for all monies and properties which may come into his hands in connection with the receivership. The Receiver shall take such other actions as the Receiver deems reasonable and appropriate to the exercise of his authority under this Order and that the Receiver reasonably determines Uncle Nearest is obligated to do with respect to the Receivership Assets within the purview of this Order, but the Receiver shall not be required to take any action beyond those expressly mandated or reasonably implied by the terms of this Order.

7. **Cooperation by Defendants:** Uncle Nearest, the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, shall immediately deliver to the Receiver: (a) any and all Receivership Assets in the possession or under the control of any one or more of them; (b) all of Uncle Nearest's past records, including, without limitation,

3

accounting records, tax records, disbursements, banking records, and any other books and records for the period from July 22, 2022, through the date of this Order; (c) all of Uncle Nearest's past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records requested by the Receiver for periods beyond the period prescribed in (b) above; (d) copies of all material contracts to which Uncle Nearest is a party and all operating agreements and/or organizational documents, including corporate bylaws or similar governing documents, for Uncle Nearest and any Subject Entity; and (e) copies of any complaint filed against, or written demand or claim issued to, Uncle Nearest or any Subject Entity.

8. **<u>Receiver's Powers and Duties</u>:** Subject to the limitations of Tenn. Code Ann. § 29-40-112(b) and 28 U.S.C. §§ 2001, 2002, and 2004, the Receiver may cause to be foreclosed by judicial or nonjudicial means any or all its interests in the Receivership Assets with such advance notice to Uncle Nearest or any other interested party as is required by applicable law without further order of this Court.

9. **<u>Receiver's Vested Power of Subject Entities</u>:** The Receiver shall be exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.

4

10. Until further order of this Court, the Receiver is hereby authorized forthwith to take any actions he deems reasonably necessary to the proper and lawful discharge of his responsibilities under this Order and the conduct of Uncle Nearest, including the following:

    a. **Authorization to take Exclusive Control:** Take any actions necessary to take complete and exclusive control, possession and/or custody, to the extent applicable or to the extent the Receiver deems necessary, of the Receivership Assets, and of any proceeds thereof, to the extent necessary, provided however, in doing so: (i) the Receiver shall not, by the exercise of his authority under this Order, be deemed to possess or control, nor hold title to, the subsurface of any Receivership Assets that are real property, nor any hazardous waste or hazardous substance located at or in the real property, as those terms are defined under any federal, state or local environmental laws; (ii) the Receiver constitutes a fiduciary of the Court for any exceptions to liability under applicable environmental laws; and (iii) the Receiver shall not be deemed to have taken legal or equitable title to the Receivership Assets;

    b. **Management of Uncle Nearest Operations:** The Receiver is authorized, empowered, and directed to direct and cause Uncle Nearest and the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, to continue to manage all of the ordinary course operations of Uncle Nearest and the Subject Entities. For the avoidance of any doubt, this means Fawn and Keith Weaver may continue to market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision;

Case 3:26-bk-30470-SHB   Doc 8-1   Filed 03/18/26   Entered 03/18/26 08:08:09   Desc
Case 3:26-cv-00135-CEA-DCP   Document 20   Filed 03/21/25   Page 16 of 37   PageID
Page 2500203

c. **<u>Possession of the Receivership Assets</u>:** The Receiver shall take possession of, preserve, insure, protect, and manage the Receivership Assets, in whole or in part, whether in the ordinary course or otherwise, in each case as determined by the Receiver, or otherwise by contract with respect to all or a portion thereof, including, but not limited to: (a) employing advisors, professionals, employees, brokers, auctioneers, appraisers, agents, clerks, outside accountants, attorneys, and other suppliers of goods and services, and anyone acting on behalf of any of them (together, the "<u>Receiver Representatives</u>"), on reasonable terms acceptable to the Receiver, and paying for them at the Receiver Representative's ordinary and usual rates from the Receivership Assets or, to the extent the Receivership Assets are insufficient to satisfy any such fees or expenses, as set forth in paragraph 21; and (b) maintaining, insuring, assembling, and protecting the Receivership Assets;

d. **<u>Retention of Possession</u>:** Subject to the limitations expressly provided in this Order, the Receiver shall retain sole and exclusive possession of each of the Receivership Assets, including the Nearest Green Distillery Property and the Eady Road Property, until the earlier of (i) further order of this Court, (ii) the disposition of the applicable Receivership Asset by the Receiver, or (iii) disposition of the applicable Receivership Asset by sale or by judicial or nonjudicial foreclosure by the Receiver, with the express understanding that any such judicial or nonjudicial foreclosure may proceed without further order of the Court;

e. **<u>Keys</u>:** The Receiver shall have exclusive (except as such access may be designated by the Receiver) access to all keys, lock combinations, passwords, access cards and other means to access locked areas or devices relating to the Receivership Assets,

Case 3:26-00000135-CEAH-DCP Document 30 Filed 08/22/25 Page 17 of 37 PageID Page 250204

including all lockboxes and locked drawers and cabinets. The Receiver is authorized to make copies of such keys, passwords, access cards, and other means to access locked areas or devices relating to the Receivership Assets for his use in the administration of the Receivership Assets and the receivership estate;

f.  **<u>Bank Accounts</u>:** The Receiver shall maintain access to and exclusive control of each of Uncle Nearest's and each Subject Entity's bank and brokerage accounts to: (i) take possession of and receive any money on deposit from any banks with which Uncle Nearest or any Subject Entity maintains accounts, and upon the receipt by the Receiver of said funds, to discharge any bank from further responsibility for accounting to Uncle Nearest or any Subject Entity for funds which the Receiver has taken; and (ii) issue demands for the freezing and turnover of funds to any financial institution or title company (or escrow agent), in each case, where determined by Receiver to be necessary or appropriate to comply with the terms of this Order;

g.  **<u>Litigation</u>:** The Receiver is authorized to prosecute, settle, compromise, collect, and otherwise enforce any claims or Causes of Action by Uncle Nearest or any Subject Entity against any other party without need for further approval or consent of any person; defend, compromise, settle or adjust or otherwise dispose of any actions or proceedings in state or federal courts or other tribunals, including agency or mediation proceedings, now pending or hereafter instituted that concerns Uncle Nearest, the Subject Entities or any other Receivership Asset, as the Receiver may in his sole discretion deem advisable or proper for the protection of the Receivership Assets and in furtherance of this Order; and to investigate, institute, prosecute, compromise and adjust actions in state or federal courts or other

Case 3:26-00-00113-ACEAHSCF Doc Document 20 Filed 08/22/24 29/26 Page Page 18 of 37 geID
Page 25/02205

tribunals, including agency or mediation proceedings, as the Receiver may in his sole discretion deem advisable or proper to recover Receivership Assets or proceeds thereof improperly or unlawfully held by any person, including but not limited to Uncle Nearest and/or the Subject Entities;

h. **<u>Place of Payment and Method of Collection</u>:** The Receiver may alter the place of payment and the method of collection of any receivables or other amounts due directly or indirectly to Uncle Nearest or any Subject Entity or, with respect to any amounts due in connection with the Eady Road Property, to Keith Weaver, where the Receiver deems such change is reasonably required to ensure proper application of such payments and collections;

i. **<u>Communications</u>:** The Receiver is authorized to communicate with any person or entity and obtain any information and documents the Receiver deems necessary or useful in furtherance of this Order;

j. **<u>Documents</u>:** The Receiver is authorized to exercise, subject to the limits of this Order, the full authority, with power of attorney on behalf of and in the name of Uncle Nearest (in each case, including with respect to the Subject Entities) and, with respect to the Eady Road Property, Mr. Weaver, to: (i) execute and deliver any and all of the documents, including, but not limited to, contracts, brokers' or advisors' retention agreements, purchase and sale agreements, deeds of conveyance, closing statements, settlement statements, affidavits requested by title companies, and any other documents necessary or helpful to the performance of the Receiver's duties as more fully set forth herein; (ii) sign on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any such documents; (iii)

sign on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any invoices, or notices to account debtors, or contracts necessary or helpful to the performance of his activities provided for herein; (iv) endorse on behalf of Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, any negotiable collateral that may come into the possession or control of the Receiver; (v) initiate, defend, make, settle, and/or adjust all claims under Uncle Nearest's or, with respect to the Eady Road Property, Mr. Weaver's, policies of property or other insurance and make all determinations and decisions with respect to such policies of property or other insurance, and notify any and all insurers under any such policies of property or other insurance that any proceeds paid thereunder shall be paid to the Receiver until such time as such insurance carriers are advised to the contrary by this Court or until such insurance carriers receive a certificate issued by the Clerk of this Court evidencing a final discharge of the Receiver; (vi) institute, defend, settle and/or adjust disputes and claims respecting the Receivership Assets, for amounts and upon terms that the Receiver determines to be reasonable; (vii) obtain, review and analyze any past records, including, without limitation, accounting records, disbursements, banking records, and any other books and documents in furtherance of the Receiver's duties hereunder; (viii) pay prior obligations incurred by Uncle Nearest or, with respect to the Eady Road Property, Mr. Weaver, by their agents, officers, directors, partners, managers, and servants, or any other person or entity charged with the responsibility of maintaining and operating the Receivership Assets, if such obligations are deemed by the Receiver to be reasonably necessary or advisable, subject in all respects to

Case 3:26-bk-30470-SHB   Doc 8-1   Filed 03/18/26   Entered 03/18/26 08:08:09   Desc   Page 20 of 37   PageID
Page 2504207

this Order; and (ix) cause to be executed and delivered any documents and releases that Receiver determines to be reasonably necessary, and at all times consistent with the terms of this Order. The appointment of the Receiver as Uncle Nearest's, and, with respect to the Eady Road Property, Mr. Weaver's, attorney-in-fact with respect to the Receivership Assets, and each and every one of his rights and powers, being coupled with an interest, is irrevocable until the receivership is discharged by this Court or until the resignation of the Receiver;

k. **Attorney-in-Fact:** The Receiver is authorized to exercise his full authority, as attorney-in-fact, on behalf of and in the name of Uncle Nearest (in each case, including with respect to the Subject Entities), to: (i) take any and all actions that may be required or desirable to preserve, renew and maintain the legal existence and good standing of Uncle Nearest, as applicable, in such jurisdictions where they conduct business; (ii) take any and all actions that may be required or incidental to preserve, renew and maintain the qualification and authority (including any applicable licenses and regulatory authority) to do business and good standing in each other jurisdiction where it is necessary or desirable for Uncle Nearest to conduct business paying applicable franchise taxes; (iii) execute and deliver any and all documents, reports, or other forms in furtherance of the Receiver's responsibilities herein; and (iv) engage in all actions the Receiver deems reasonable or necessary to accomplish the foregoing;

l. **Risks and Obligations:** The Receiver may incur the risks and obligations ordinarily incurred by owners, managers, and operators of similar businesses and enterprises, and no such risk or obligation so incurred shall be the personal risk or

10

obligation of the Receiver, but rather a risk or obligation to be paid solely from the Receivership Assets;

m. **Authority of Authorized Signatories**: The Receiver has the authority to delete the authorized signatories on any account of Uncle Nearest or any Subject Entity and replace the same with the name of the Receiver or his designee;

n. **Books and Records – Subject Entities**: The Receiver may take possession of, or obtain access to, the books, papers, records, invoices, and receipts of Uncle Nearest and the Subject Entities on a continuing basis, including without limitation to Uncle Nearest's and, if applicable, any Subject Entity's electronic mail and other electronic correspondence (including any servers containing the foregoing);

o. **Books and Records – Vendors:** The Receiver is authorized to take possession of, and obtain access to, all books, records, documentation of any kind or nature, financial documents, contracts, bills or invoices of vendors (or other documents that describe the work such vendors performed and the amounts due and owing to them), and other documents, including copies of all records or documents on electronic media or in computer memory, wherever located; provided, however, nothing contained in this Order shall result in a waiver of any attorney privilege held by Uncle Nearest;

p. **Mail:** The Receiver shall collect and process all inbound mail addressed to any Post Office Box owned or controlled by Uncle Nearest (or any officers, managers or registered or other agents acting on behalf of Uncle Nearest or any of the Receivership Assets) if the mail is addressed to Uncle Nearest, any Subject Entity, or any officer, manager, or registered or other agent of Uncle Nearest or any Subject

11

Entity;

q. **Bankruptcy:** The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities;

r. The Receiver may exercise such other powers and authority granted to a court-appointed receiver under applicable law consistent with this Court's jurisdiction and authority; and

s. The Receiver has such additional powers that the Court may from time to time direct or confer and to that end, the Receiver may apply to this Court for further instructions or direction, including, without limitation, interpretation of this Order.

11. **Enjoined Actions:** Until further Order of the Court, other than with respect to the Receiver or persons and entities operating on behalf of the Receiver, Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject Entities are enjoined from taking any of the following actions:

a. **Sale of Receivership Assets:** Selling, transferring, assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written authorization from the Receiver, who, for the avoidance of doubt, shall authorize transactions that the Receiver deems consistent with the terms of this Order or are directed by the Court;

b. **Contract Modification:** Modifying, amending, transferring, selling, assigning, revoking, returning, terminating or canceling any contract or agreement related to the Receivership Assets without the express written consent of the Receiver;

12

c. **<u>Obstruction</u>:** Interfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets in any form, whether written, verbal, and disseminated through any medium; and

d. **<u>Interference</u>:** Interfering in any other way with the Receiver, directly or indirectly.

12. **<u>Non-Disturbance of Receivership Assets and Estate</u>:** All persons or entities, including employees, agents, creditors, banks, investors, shareholders, officers, directors, subsidiaries, affiliates, owners or others, with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate. This includes, without limitation, prosecuting, initiating or continuing  any actions or proceedings, enforcing judgments, perfecting liens; pursuing  actions or proceedings against the Receiver and the Receiver Representatives, designed to collect their debts or which in any way involve the Receiver or the Receiver Representatives or which affect the Receivership Assets, to the extent that the same would interfere with or disturb these receivership proceedings, without the permission and approval of this Court; provided, however, that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing. Any actions in violation of this paragraph shall be null and void as acts in contravention of this Order. This injunction is intended to function in a manner consistent with the protections afforded by the automatic stay under 11 U.S.C. §362.

13. **<u>Quarterly Reports</u>:** The Receiver shall provide quarterly reports to Uncle Nearest, the Lender and the Court detailing the Receiver's disbursements for paying the costs incidental

Case 3:25-cv-00358-CEA-DCP   Document 2-2   Filed 08/22/25   Page 24 of 37
PageID #: 2508

to the receivership activities encompassed by this Order, any payments to or for the expenses of Uncle Nearest, the Subject Entities and the Eady Road Property, and describing the Receiver's activities and the financial and operational status of Uncle Nearest. The first quarterly report **SHALL** be due on **October 1, 2025**.

14. **Inspection of Books and Records:** The Receiver shall make available to the Lender and Uncle Nearest, for inspection and copying, any and all books and records of Uncle Nearest, any Subject Entity, and, with respect to the Eady Road Property, Mr. Weaver, relating to the Receivership Assets, now or hereafter in existence.

15. **Debt:** Any money or other Receivership Assets coming into the possession of the Receiver and not expended for any of the purposes authorized herein shall be remitted, as necessary and appropriate, to satisfy Uncle Nearest's outstanding obligations under the Loan Documents.

16. **No Personal Liability:** The Receiver and the Receiver Representatives shall have no personal liability or otherwise in connection with any liabilities, obligations, liens, citations, code violations, or amounts owed to any of Uncle Nearest or the Subject Entities' creditors, taxing authorities, or other claimants because of the Receiver's duties as Receiver, whether arising before or after his appointment. The Receiver and the Receiver Representatives shall have no personal liability or otherwise with respect to any environmental liabilities arising out of or relating to the Receivership Assets.

17. The Receiver and the Receiver Representatives shall not be personally liable for the satisfaction of claims, and shall have no claims asserted against them in their personal capacities or otherwise outside of the Receivership Assets, in any way relating to the Receiver's duties under this Order, including, without limitation in connection with the

Receiver's capacity as Receiver for the Receivership Assets and Uncle Nearest, including the Subject Entities, or as an agent, officer or director of Uncle Nearest or the Subject Entities, except for claims that are adjudicated by a court of competent jurisdiction for which no appeal or motion to reconsider or similar motion may be or has been brought (without giving effect to any statutory basis to seek relief from judgment other than by appeal) which adjudicates and concludes that the Receiver or any Receiver Representative(s), as applicable, committed an act or omission constituting (i) gross negligence, (ii) willful misconduct, or (iii) actual fraud. Any person or entity seeking to assert liability of any kind against the Receiver or any Receiver Representative, regardless of whether such person or entity has notice of this Order, must first obtain leave from this Court upon motion with due and proper notice to the Receiver and any applicable Receiver Representative(s).

18. Any debts, liabilities, or obligations incurred by the Receiver in the course of this receivership, including the operation or management of the Receivership Assets, whether in the name of the Receiver, Uncle Nearest, any Subject Entity, Mr. Weaver (with respect to the Eady Road Property), or any other Receivership Asset, shall be the debt, liability, and obligation of the receivership estate only and not of the Receiver personally or of any Receiver Representative. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver enjoys.

19. **<u>No Fiduciary Relationship</u>:** Nothing in this Order shall be construed such that the Receiver is considered to be in a fiduciary relationship with the Plaintiff, any of the Defendants, the Subject Entities, or all of them collectively.

Case 3:25-cv-00358-CEA-DCP   Document 92   Filed 08/22/25   Page 15 of 18
PageID #: 2510

20. **Indemnification:** The receivership estate shall indemnify and hold harmless the Receiver and the Receiver Representatives for any judgment, costs, or expenses suffered or incurred by him or any of the Receiver Representatives as a result of actions instituted against him or them in relation to the discharge of their duties aforesaid or in carrying out or furtherance of this Order; provided that nothing herein shall be construed to indemnify the Receiver or the Receiver Representatives to the extent that any judgment, costs, or expenses that has been found by this Court or another court of competent jurisdiction (after the conclusion of any appeals and further rights of appeal) to have arisen from the gross negligence, willful misconduct, or actual fraud of the Receiver or any of the Receiver Representatives. In the event a suit is filed or a claim is made against Receiver or any Receiver Representative, except as conditioned or limited above in this provision, the receivership estate shall reimburse Receiver or the Receiver Representative, as applicable, for the costs and fees of defending such action or claim, including, without limitation, any appeals thereof to final resolution and award of judgments. The indemnification obligations outlined in this Order shall survive the termination of the Receiver's appointment and the conclusion, dissolution, or discharge of the receivership estate.

21. **Compensation:** The Receiver and each of the Receiver Representatives shall be compensated, without further order of this Court, for services at their standard hourly rates, plus reimbursement of all out-of-pocket fees, costs, and expenses. All such fees and expenses shall be payable from the Receivership Assets, which as defined herein include insurance policies applicable to this and other litigation, or, if the Receivership Assets are insufficient, by the Lender. Payment of fees and expenses payable to the Receiver and the Receiver Representatives in accordance with this Order shall take priority over payment of

Case 3:25-cv-00358-CEA-DCP   Document 23-2   Filed 08/22/25   Page 17 of 18
PageID #: 2514

any claims arising prior to the date on which the Receiver is appointed, except for the Lender's claims. The Receiver shall be authorized to obtain insurance coverage, including, but not limited to, coverage with respect to the liabilities, duties and obligations of the Receiver hereunder (in the form of an errors and omissions policy, directors and officers policy, fiduciary policy, general liability, or otherwise), as the Receiver deems reasonably necessary or appropriate, the costs of which shall be payable from the Receivership Assets or, if the Receivership Assets are insufficient, by the Lender.

22. **Payment of Indebtedness:**  Within ninety (90) days after the termination of the receivership, the Receiver shall pay to the Lender all receipts remaining, if any, after payment of the items set forth herein, to be applied to Uncle Nearest's obligations under the Loan Documents to the Lender.

23. **Resignation:** The Receiver shall be entitled to resign upon 30 days' advance written notice to the Lender, Uncle Nearest, and the Court, in which case a successor Receiver shall be promptly appointed by the Court. In the event any fees or expenses of the Receiver or the Receiver Representatives remain unpaid upon resignation, or if any indemnity obligation payable to the Receiver under this Order remains unsatisfied, and no immediately available funds from the Receivership Assets are available to pay such amounts, the outstanding fees or expenses of the Receiver and his professionals, and any applicable indemnity obligation owing hereunder, shall be payable promptly by the Lender upon written request.

24. **Filing of Copies:** Within ten (10) days after entry of this Order, the Receiver **SHALL**, pursuant to 28 U.S.C. § 754, cause copies of the Verified Complaint [Doc. 1] and a copy of this Order to be filed in the federal district court for each district in which any Receivership Asset is located.

17

25. **Termination of Receivership:** The receivership authorized and created hereby may be terminated at any time by the Receiver by filing with the Court, with service upon the parties, a Motion to Terminate Appointment of Receiver. Additionally, Plaintiff and/or Defendants may file a Motion to Terminate Appointment of Receiver upon the occurrence of any material change in circumstances that eliminates the need for a receivership. Any such motion must be served upon both the opposing party and the Receiver. Upon proper notice thereof and upon hearing (if necessary) and determination of this Court that the purposes of this receivership have been served, this Court may terminate the receivership.

26. **Exclusive Jurisdiction:** This Court shall retain exclusive jurisdiction over all matters concerning the Receiver, the Receivership Assets, the receivership created hereby and any other matter or dispute arising from this Order or relating to the interpretation or implementation of this Order.

27. **Termination of Agreed Order:** For the avoidance of any doubt, the entry of this Order relieves the parties of their obligations under the previously entered Agreed Order. [Doc. 29].

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

Case 3:25-cv-00135-CEA-DCP   Document 392   Filed 08/22/25   Page 18 of 18
PageID #: 2516

**From:** Kelli Holmes kholmes@tcflattorneys.com
**Subject:** RE: Uncle Nearest, Inc. and Affiliated Cases
**Date:** March 17, 2026 at 3:02 PM
**To:** Phillip Young phillip@thompsonburton.com
**Cc:** tiffany.diiorio@usdoj.gov, Justin Campbell justin@thompsonburton.com, Lynn Tarpy ltarpy@tcflattorneys.com

Philip: Thank you for your email. We are well aware of the District Court's order appointing a receiver in the Uncle Nearest cases. Paragraph 10 q. does authorize the Receiver to commence a bankruptcy. There is nothing in 10 q. that states the receiver has exclusive authorization to file nor excludes anyone else from filing.

The first quarterly report filed by you as Receiver states "that the core of the Company's business can continue with a refinanced debt structure". That is the purpose of the chapter 11 filing – to continue the business and pay its creditors.

## Kelli D. Holmes

Tarpy, Cox, Fleishman & Leveille, PLLC
**Attorneys at Law**
Landmark Center North Tower
1111 N. Northshore Drive
Suite N-290
Knoxville, Tennessee  37919
Tel:  (865) 588-1096
Fax: (865) 588-1171

NOTICE: The information contained in this electronic mail transmission ("e-mail") is intended by Tarpy, Cox, Fleishman & Leveille, PLLC for the use of the named individual or entity to which it is directed and may contain information that is privileged or otherwise confidential. It is not intended for transmission to, or receipt by, anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It should not be copied or forwarded to any unauthorized persons. If you have received this e-mail in error, please delete it from your system without copying or forwarding it, and notify the sender of the error by reply e-mail or by calling Tarpy, Cox, Fleishman & Leveille, PLLC at (865) 588-1096 so that our address record can be corrected.

IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

Please consider the environment before printing this e-mail.

**From:** Phillip Young <phillip@thompsonburton.com>
**Sent:** Tuesday, March 17, 2026 1:59 PM
**To:** Kelli Holmes <kholmes@tcflattorneys.com>
**Cc:** tiffany.diiorio@usdoj.gov; Justin Campbell <justin@thompsonburton.com>
**Subject:** Uncle Nearest, Inc. and Affiliated Cases

**IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender phillip@thompsonburton.com**

Kelli -

I have just been made aware that you filed bankruptcy cases for Uncle Nearest, Inc., Nearest Green Distillery, Inc., and Uncle Nearest Real Estate Holdings, Inc. I trust that you are aware these entities are in a receivership proceeding before the United States District Court for the Eastern District of Tennessee and that I am serving as receiver? If not, please see the attached Order. I would specifically draw your attention to Paragraph 10(q), which grants me the authority to file any bankruptcy petition.

By this email, I'm asking you to dismiss these petitions by 5:00 Central today and send me notice of the dismissals. If not, we will file motions to dismiss them and seek sanctions under 11 USC 105. I have already alerted the US Trustee's office that these are unauthorized filings and will be alerting the US District Court of the same before the end of the day. I trust further action on my part to dismiss these fraudulent filings will be unnecesary.

**Thompson Burton PLLC**
*Redefining the Art of Law.*

**Phillip Young**
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
Direct Dial: (615) 465-6008
phillip@thompsonburton.com
www.thompsonburton.com



*Please refer to our email disclaimer page for important disclosures regarding this electronic communication.

# Uncle Nearest Founders, CEO and Largest Shareholder Sue Farm Credit Over Alleged Smear Campaign Against Fast-Growing Whiskey Brand



NEWS PROVIDED BY
**Grant Sidney, Inc.** →
Mar 17, 2026, 12:05 ET

Complaint alleges lender spread false accusations about founders to protect bankers and deflect scrutiny from failures in a $102M credit facility

NEW YORK, March 17, 2026 /PRNewswire/ -- The founders, CEO and largest shareholder of Uncle Nearest have filed a lawsuit against Farm Credit Mid-America in the Supreme Court of the State of New York, alleging the lender engaged in a smear campaign against the fast-growing whiskey brand by knowingly circulating false accusations, including claims of missing inventory, financial misconduct, negative cash flow, and insolvency.

Continue Reading



Uncle Nearest is the world's Most-Awarded Bourbon of 2019, 2020, 2021, 2022, 2023, 2024 & 2025.

According to the complaint, the accusations were made to protect the lender's own bankers and deflect scrutiny from failures in the administration of the credit facility supporting one of the fastest-growing whiskey brands in U.S. history.

"The accusations circulated about us were not only false. The bank knew they were false when they made them, and they knew those accusations would strike directly at the credibility that allowed this brand to grow against all odds in this industry," said Uncle Nearest CEO Fawn Weaver.

The lawsuit arises from a dispute over the administration of a $102 million lending facility that helped finance the company's rapid expansion. According to the complaint, the lender circulated accusations of missing inventory, financial misconduct, negative cash flow and insolvency despite possessing documentation contradicting those claims. The accusations were later repeated by national and industry media outlets.

"False accusations can travel quickly, especially when they involve the founders of a nationally recognized brand," said James Williams, chief litigator at Chehardy Sherman Williams, who is leading this litigation with James L. Walker, Jr. as New York counsel. "But when accusations are contradicted by the very records already in the accuser's possession, there must be accountability," Williams added.

Prior to the alleged smear campaign, Uncle Nearest had become one of the fastest-growing American whiskey brands in the United States, rising into the Top 20 super-premium American whiskey brands in Nielsen rankings within five years.

Nearest Green Distillery is the seventh most-visited distillery in the world, out of roughly 4,000. It welcomes more than 200,000 visitors annually and ranks No. 1 worldwide on Google, Yelp and TripAdvisor. Uncle Nearest is also the most awarded bourbon and American whiskey in the world for the seventh consecutive year.

**Uncle Nearest: New court filing ends receivership**

Weaver said the company filed for Chapter 11 protection earlier today, bringing the court-appointed receivership to an end.

Through the Chapter 11 proceeding and related litigation, Uncle Nearest, Inc. will pursue claims and counterclaims against its lender arising from the administration of the credit facility.

The filing allows the company to protect the interests of all creditors and shareholders, continue normal operations, and address claims and counterclaims related to the secured lending relationship in the proper forum.

Court filings associated with the Chapter 11 proceeding reflect approximately $13,188,927 in unsecured obligations. The loan at issue with Farm Credit reflects a stated principal balance of approximately $102,521,326, which the company disputes and will address through claims and counterclaims against the lender. These liabilities stand against enterprise assets estimated at approximately $529 million.

Operations at Nearest Green Distillery and national distribution of Uncle Nearest Premium Whiskey will continue as normal during the reorganization process.

"Uncle Nearest did not become the seven-time most-awarded bourbon in the world by accident," said Victoria Eady Butler, fifth-generation descendant of Nearest Green and four-time Master Blender of the Year. "This brand honors the legacy of my great-great-grandfather, the first known African American master distiller, the teacher and mentor to Jack Daniel, and the only known master distiller of Distillery No. 7. In 2017, we set out to ensure his name would be spoken worldwide in the same vein as Jack Daniel, Jim Beam, and Johnnie Walker. No obstacle placed in our path will prevent that."

**About Grant Sidney, Inc.**

Grant Sidney is an investment holding company wholly owned by Fawn Weaver, cofounder, owner, and CEO of Uncle Nearest, Inc. It is the largest shareholder of Uncle Nearest, Inc., the world's most-awarded bourbon and American whiskey for seven consecutive years, from 2019 through 2025. Uncle Nearest is available in all 50 states and 12 countries, with a presence in more than 50,000 stores, bars, hotels, and

restaurants. Its 458-acre Nearest Green Distillery in Shelbyville, Tennessee, is the seventh most-visited distillery in the world, out of nearly 4,000, welcoming more than 200,000 guests annually, and is ranked No. 1 on Google, Yelp, and TripAdvisor.

Media Contacts

Grant Sidney, Inc.

Richard Byrd

404.387.4768

**media@grantsidney.com**

SOURCE Grant Sidney, Inc.



**21%**

more press release views with **Amplify**™

Request a Demo

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| UNCLE NEAREST, INC.; | ) | Case No. 3:26-bk-30470 |
| NEAREST GREEN DISTILLERY, INC.; | ) | Case No. 3:26-bk-30471 |
| UNCLE NEAREST REAL ESTATE | ) | Case No. 3:26-bk-30472 |
| HOLDINGS, LLC; | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER DISMISSING BANKRUPTCY CASES**

This matter came before the Court on the Motion of Phillip G. Young, Jr. (the "Receiver"),

the duly-appointed receiver for Uncle Nearest, Inc. ("Uncle Nearest"), Nearest Green Distillery,

Inc. ("Nearest Green"), and Uncle Nearest Real Estate Holdings, LLC ("UNRE") (Uncle Nearest,

Nearest Green, and UNRE collectively, the "Receivership Entities") to dismiss these three

bankruptcy cases (the "Bankruptcy Cases") filed by the Receivership Entities. Based upon the

Motion, and for good cause show,

It is FOUND that Fawn Weaver lacked the authority to file bankruptcy petitions on behalf of the Receivership Entities.

THEREFORE, it is ORDERED that these bankruptcy cases are hereby dismissed pursuant to 11 U.S.C. § 1112(b)(1).

*###*

/s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*