**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| UNCLE NEAREST, INC.; | ) | Case No. 3:26-bk-30470 |
| NEAREST GREEN DISTILLERY, INC.; | ) | Case No. 3:26-bk-30471 |
| UNCLE NEAREST REAL ESTATE | ) | Case No. 3:26-bk-30472 |
| HOLDINGS, LLC; | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Judge Suzanne Bauknight |

---

**NOTICE OF HEARING**

**Notice is hereby given that:**

**A hearing will be held on *Farm Credit Mid-America, PCA's Motion to Dismiss  Bankruptcy Cases or, In the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee* on <u>Thursday, March 19, 2026, at 10:00 a.m.,</u> in Courtroom 1-C, United States Bankruptcy Court, Howard H. Baker Jr. US Courthouse, 800 Market Street, Knoxville, TN 37902.[1]**

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you do not want the court to grant the relief requested, you or your attorney must attend this hearing. If you do not attend the hearing, the court may decide that you do not oppose the relief sought in *Farm Credit Mid-America, PCA's Motion to Dismiss Bankruptcy Cases or, In the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee* and may enter an order granting that relief.**

---

**MOTION TO DISMISS BANKRUPTCY CASES OR, IN THE ALTERNATIVE,
APPOINT PHILLIP G. YOUNG, JR. AS CHAPTER 11 TRUSTEE**

---

Farm Credit Mid-America, PCA ("<u>FCMA</u>" or the "<u>Lender</u>") submits this Motion to Dismiss, or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee (the "<u>Motion</u>") in light of Fawn Weaver's unauthorized filing of the chapter 11 petitions for receivership entities.

---

[1] See concurrently filed Motion to Set Expedited Hearing.

1

219267827_16

**INTRODUCTION**

1.      Fawn Weaver wrongfully filed the chapter 11 petitions on behalf of the above-captioned affiliated entities (collectively, the "Receivership Entities"), which are all currently subject to a federal receivership, as a last-ditch effort to wrest control of the Receivership Entities from the receiver.  Fawn Weaver did not, and does not, have the authority to file bankruptcy petitions on behalf of the Receivership Entities.  The receivership order (the "Receivership Order")[2] entered by Judge Atchley in the United States District Court for the Eastern District of Tennessee (the "District Court") granted such authority to the receiver alone.  Pursuant to the Receivership Order and applicable law, that authority is vested within Phillip G. Young, Jr. ("Mr. Young" or the "Receiver"), the court-appointed receiver. The Receivership Order limited Fawn Weaver's involvement with respect to the Receivership Entities to discrete marketing duties, and even that is subject to the Receiver's supervision.  Fawn Weaver no longer has the authority she previously held as a director or officer. Further, even without the Receivership Order vesting exclusive authority in the Receiver to file for bankruptcy on behalf of the Receivership Entities, which is dispositive, Fawn Weaver has not provided any resolutions demonstrating the requisite corporate authority to file these chapter 11 cases (the "Chapter 11 Cases").

**BACKGROUND**

2.      On July 28, 2025, FCMA filed suit against each of the Receivership Entities, Fawn Weaver, and Keith Weaver (the "Weavers"), seeking to recover more than $108 million the Receivership Entities owe to FCMA in outstanding loans and requesting the appointment of a receiver to preserve its collateral securing the loans.[3] On August 22, 2025, the District Court

---

[2] Order Appointing Receiver, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, Case No. 25-cv-00038 (E.D. Tenn. 2025) Dkt. No. 39.

[3] Verified Complaint and Request for Appointment of Receiver, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, Case No. 25-cv-00038 (E.D. Tenn. 2025) Dkt. No. 1.

2

entered the Receivership Order appointing Mr. Young as the Receiver of the receivership entities and the other receivership assets described more fully therein.[4] During the receivership, the Receiver's conclusion that significant instances of commingling of the receivership assets with closely-related entities had occurred (or were continuing to occur) prompted the Receiver to file a motion requesting expansion of the receivership estate to include seven additional entities.[5]

3.        Currently pending before the District Court are (a) the *Motion to Reconsider the Memorandum Opinion and Order* (the "Reconsideration Motion")[6] filed by the Weavers and Grant Sidney, Inc. ("Grant Sidney" and collectively with the Weavers, the "Weaver Parties"), and (b) the *Motion for Clarification of Receivership Order* (the "Entity Clarification Motion")[7] filed by the Receiver.

4.        On March 17, 2026, Fawn Weaver filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Tennessee on behalf of Uncle Nearest, Inc. ("Uncle Nearest, Inc."),[8] Nearest Green Distillery, Inc. ("Nearest Green"),[9] and Uncle Nearest Real Estate Holdings, LLC ("RE Holdings"[10] and, collectively with Uncle Nearest, Inc. and Nearest Green, "Uncle Nearest" or the "Receivership Entities"), purporting to commence these Chapter 11 cases. However, pursuant to the Receivership Order, only the Receiver is authorized to

---

[4] *Id.*

[5] Motion for Clarification of Receivership Order*, Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 41 at 2.  All but one of the additional entities are owned and operated by Fawn Weaver and/or Keith Weaver.

[6] Motion to Reconsider the Memorandum Opinion and Order [Dkt. 32] and Order Appointing Receiver [Dkt. 39] and to Stay Access to Proprietary Information, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, (E.D. Tenn. 2025), Dkt. No. 91.

[7] Motion for Clarification of Receivership Order, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, Case No. 25-cv-00038 (E.D. Tenn. 2025) Dkt. No. 41.

8 *In re Uncle Nearest, Inc.*, Case No. 3:26-bk-30470 (Bkr. E.D. Tenn. 2026).

[9] *Nearest Green Distillery, Inc.,*Case No. 3:26-bk-30471 (Bkr. E.D. Tenn. 2026).

[10] *Uncle Nearest Real Estate Holdings, LLC*, Case No. 3:26-bk-30472 (Bkr. E.D. Tenn. 2026).

3

219267827_16

file bankruptcy petitions on behalf of Uncle Nearest and the "Subject Entities."[11]

5.      The Receivership Order exclusively vests in the Receiver:

(a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities and (b) each of Uncle Nearest's and the Subject Entities' rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder), including, without limitation, each Subject Entity, to direct such other entity to take (or refrain from taking) any action in furtherance of the terms under this Order, in each case, until further Order of the Court.[12]

6.      Additionally, under the Receivership Order:

The Receiver is authorized, empowered, and directed to direct and cause Uncle Nearest and the Subject Entities, and each of their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, to continue to manage all of the ordinary course operations of Uncle Nearest and the Subject Entities. For the avoidance of any doubt, this means Fawn and Keith Weaver may

---

[11] The Receivership Order defines the "Subject Entities" those certain entities of Uncle Nearest including, but not limited to, Domaine D'Anatole, Inc., Domaine D'Anatole, S.A.S, UNAH, Inc., S1 Organic Vodka, LLC, UN House MV, LLC, Uncle Nearest Ventures, LLC, and the Nearest Green Historical Preservation & Culture Fund.
[12] Receivership Order ¶ 9.

4

219267827_16

continue to market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision.[13]

7.      The Receivership Order further provides: "The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities[.]"[14]

8.      Thus, the Receiver has the exclusive authority to act as an officer, director, member and/or manager of Uncle Nearest, including the authority to commence bankruptcy cases on behalf of Uncle Nearest.

## ARGUMENT

### A. Fawn Weaver was not authorized to file bankruptcy petitions on behalf of Uncle Nearest.

9.      Fawn Weaver lacks authority to file petitions on behalf of the Receivership Entities. Pursuant to the Receivership Order, the Receiver "shall be *exclusively vested* with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities . . . ."[15] As the Receiver is *exclusively* vested with the powers of officers, directors, members, and/or managers, Fawn Weaver holds no corporate authority to act on behalf of Uncle Nearest.  Therefore, Fawn Weaver lacks any authority to authorize and file bankruptcy petitions on behalf of the Receivership Entities.

10.      The Receivership Order further specifically authorizes the Receiver to "commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities."[16]  By expressly granting this power to the Receiver, and coupled with the exclusive

---

[13] Receivership Order ¶ 10.b.
[14] Receivership Order ¶ 10.q.
[15] Receivership Order ¶ 9 (emphasis added).
[16] Receivership Order ¶ 10.q.

5

power to act, the District Court foreclosed any other person, including Fawn Weaver, from filing such a petition. Even more, the Receivership Order expressly enjoins "Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest or the Subject Entities" from "[i]nterfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to [the] Order [.]"[17]

11.    Authority for filing a bankruptcy petition is found in state law.[18]  Additionally, "[a]uthority to file a bankruptcy petition may be exercised by the individuals who have management control of a corporation,"[19] such as through a corporation's by-laws or other organizational documents granting corporate authority.  Here, Fawn Weaver *does not* have management control of the Receivership Entities. The Receivership Order exclusively vested the Receiver with "all the powers of officers, directors, members, and/or managers."[20] Simply put, the Receivership Order stripped Fawn Weaver of any authority to act on behalf of Uncle Nearest.

12.    Moreover, the Receivership Entities failed to provide any resolutions of Uncle Nearest directors or managers, as applicable, authorizing the bankruptcy filings.  "[T]he law is clear that the decision of whether [or] not a corporation should file bankruptcy is a business decision to be made only by the board of directors."[21]  Here, the Receivership Entities have not filed any evidence of a corporate resolution allowing the bankruptcy filing because there is no authorizing resolution.  Thus, even if the Receivership Order did not exclusively vest authority to file bankruptcy on behalf of Uncle Nearest in the Receiver, Fawn Weaver lacked authority to file

---

[17] Receivership Order ¶ 11.

[18] *In re Protho Exp., Inc.*, 130 B.R. 517, 519 (Bankr. M.D. Tenn. 1991) (citing *Price v. Gurney*, 324 U.S. 100, 106–07 (1945)).

[19] *Id.* (citing *Price,* 324 U.S. at 104).

[20] Receivership Order ¶ 9.

[21] *In re ComScape Telecommunications, Inc.*, 423 B.R. 816, 831 (Bankr. S.D. Ohio 2010) (citing *In re Moni–Stat, Inc.,* 84 B.R. 756, 757 (Bankr. D.Kan. 1988)).

219267827_16

for bankruptcy on behalf of the Receivership Entities.

### B. Fawn Weaver filed the Receivership Entities' bankruptcy petitions in bad faith.

13.     11 U.S.C. § 1112(b) provides in relevant part that "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."  The Sixth Circuit holds that "a debtor's Chapter 11 petition may be dismissed if it was filed in bad faith."[22] To seek dismissal of a case under section 1112(b) of title 11 of the United States Code (the "Bankruptcy Code"), a party need only demonstrate a debtor's bad faith by a preponderance of the evidence.[23]  Furthermore, "[a] bankruptcy court has broad discretion to determine if dismissal of a chapter 11 case for cause is warranted."[24]

14.     Under Sixth Circuit law, no single test exists to determine whether a petition was filed in good faith.[25]  Rather, determining whether a bankruptcy petition was filed in good faith "'is a fact-specific and flexible determination' that must be made on a case-by-case basis by looking to a totality of the circumstances."[26]  Courts look to the following non-exclusive factors in evaluating a debtor's good faith:

> (1) the debtor has one asset;
> (2) the pre-petition conduct of the debtor has been improper;
> (3) there are only a few unsecured creditors;
> (4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

---

[22] *In re Layman*, 611 B.R. 595, 606 (Bankr. E.D. Tenn. 2019) (citing *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 130 (6th Cir. 1995)); *see also In re Lee*, 467 B.R. 906, 917 (B.A.P. 6th Cir. 2012) ("Although a debtor's bad faith is not included in the non-exhaustive list in § 1112(b)(4), it is well-settled in the Sixth Circuit that a debtor's bad faith in filing a chapter 11 may serve as cause for dismissal under § 1112(b)(1).").

[23] *In re Lee*, 467 B.R. at 917.

[24] *In re Lee*, 467 B.R. at 917 (citing *In re Gateway N. Estates, Inc.*, 165 B.R. 427, 428 (E.D. Mich. 1994)).

[25] *In re Trident Assocs. Ltd. P'ship*, 52 F.3d at 131.

[26] *In re Lee*, 467 B.R. at 917-918 (citing *Alt v. United States (In re Alt)*, 305 F.3d 413, 419 (6th Cir. 2002)).

7

219267827_16

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
(6) the filing of the petition effectively allows the debtor to evade court orders;
(7) the debtor has no ongoing business or employees; and
(8) the lack of possibility of reorganization.[27]

15.     Multiple factors weigh in favor of finding that Fawn Weaver filed the petitions in bad faith.   First, the pre-petition conduct of the receivership entities has been improper. Specifically, Fawn Weaver filed multiple petitions in violation of the District Court injunction. Second, the Receivership Entities and FCMA have proceeded to a standstill in non-bankruptcy court litigation, and the receivership entities "lost."   Specifically, the Receivership Entities were unsuccessful in the District Court in their defense against FCMA's request to appoint a receiver. While the parties await the District Court's ruling on the Weaver Parties' Reconsideration Motion, Fawn Weaver violated the Receivership Order by filing the bankruptcy petitions and publicly announcing an "end" to the receivership in a press release and on social media.[28] Perhaps most egregiously, the filing of the petitions is an attempt by Fawn Weaver to evade the District Court's orders.   Fawn Weaver is attempting to exercise control that she does not have.   Fawn Weaver is using the bankruptcy process as a tactical effort to evade a potentially unfavorable outcome in the District Court. Therefore, this Court should find that Fawn Weaver filed the bankruptcy petitions in bad faith and dismissal pursuant to 11 U.S.C. § 1112(b) is warranted.

**C.  <u>In the alternative, this Court should appoint Phillip G. Young as Chapter 11 trustee.</u>**

16.     For the same reasons that necessitated placing Uncle Nearest in receivership, the Court should appoint the Receiver as Chapter 11 trustee.  Under the Weavers' management, Uncle

---

[27] *Trident Assocs.*, 52 F.3d at 131 (quoting *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assoc. Ltd. P'ship)*, 30 F.3d 734, 738 (6th Cir. 1994)).

[28] Receiver's Motion for Expedited Sanctions, Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., *et al.*, Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 178 ¶5 (citing press release prepared by Grant Sidney); *see also* Fawn Weaver (@fawn.weaver), INSTAGRAM (Mar. 17, 2026), https://www.instagram.com/reel/DV_l6YrjVL2/?igsh=MWhoN3lyZWE3bjUzMQ==.

219267827_16

Nearest (a) failed to file tax returns for at least five years; (b) incurred an outsized amount of debt (even apart from FCMA's debt) with no viable path to repayment; (c) sold future revenues at a discount; (d) operated at a cash flow deficit; (e) operated without financial controls; and (f) failed to keep reliable financial records.

17.     The party moving for the appointment of a trustee must prove the need for such remedy by clear and convincing evidence.[29]  Section 1104 of the Bankruptcy Code governs the appointment of a trustee and states:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
>
>> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>>
>> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.[30]

16.     Even if "cause" is not established under 1104(a)(1), the Court may still appoint a trustee under 1104(a)(2) if it is in the best interests of creditors and other interests of the estate would be served.[31]  Cause has existed to appoint a trustee and a court has found that a trustee would be in the best interest of creditors and the estate, where a debtor exhibited reporting deficiencies, the transfer of estate assets without permission, failure to keep estate assets separate

---

[29] *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 474 (3rd Cir. 1998); *see also In re Swann Land LLC*, No. 07-33181, 2007 WL 4146680, at *3 (Bankr. E.D. Tenn. Nov. 20, 2007).
[30] 11 U.S.C. § 1104.
[31] *See* 11 U.S.C. § 1104(a)(2).

9

from corporate assets not within the court's jurisdiction, and when a debtor transferred of estate assets to the detriment of its creditors.[32]

17.     Certain actions of Fawn Weaver and the prior mismanagement of Uncle Nearest have caused FCMA to lose trust and confidence in the prior management's ability to lead Uncle Nearest.  For example, Fawn Weaver's diversion of proceeds to Grant Sidney evidences fraudulent conduct. Uncle Nearest, Inc., Fawn Weaver, Grant Sidney and MP-Tenn LLC ("MarcyPen") executed a Note Purchase Agreement (the "NPA"), dated February 4, 2025, pursuant to which MarcyPen agreed to purchase notes from Uncle Nearest, Inc. in an aggregate amount of up to $40,000,000. Pursuant to the NPA, Uncle Nearest, Inc. executed two convertible promissory notes (the "MarcyPen Notes"), for a total amount of $20 million, in favor of MarcyPen.[33] Fawn Weaver diverted substantially all proceeds of the MarcyPen Notes to a Grant Sidney account and testified that she moved the proceeds from Uncle Nearest to Grant Sidney "to make sure that $20 million coming in could not be snatched by [FCMA]."[34] Aside from this admitted fraudulent conduct, it also appears that prior management has demonstrated it is not suited to lead Uncle Nearest.

18.     Relevant here, Fawn Weaver engaged in fraudulent conduct and testified to the said fraudulent conduct under oath during a receivership hearing proceeding.  Through the receivership proceedings, significant commingling of company assets demonstrating a lack of financial discipline has also been revealed in the receivership proceedings.  FCMA also submits that Fawn Weaver's pre-petition and pre-receivership conduct of concealing assets to the detriment of creditors warrants the appointment of a trustee to represent the best interest of the estate itself.

---

[32] *In re Ford,* 36 B.R. 501, 528 (Bankr. W.D. Ky., 1983).
[33] Farm Credit Mid-America, PCA v. Uncle Nearest *et al*., Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 157 ¶23.
[34] Hearing Transcript at 251:14-24, Farm Credit Mid-America, PCA v. Uncle Nearest *et al*., Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 144.

219267827_16

19.     This fraudulent conduct and gross mismanagement of affairs constitute cause by clear and convincing evidence sufficient to prove the need for the appointment of Mr. Young as Chapter 11 trustee.

20.     FCMA supports Mr. Young as the appointed trustee based on his experience as a bankruptcy practitioner.  Serving as the current Receiver in the district court receivership, Mr. Young has been operating the Receivership Entities for the last eight months and continuity of business operation will be critical in the reorganization of Uncle Nearest.

<b><u>CONCLUSION</u></b>

This Court should dismiss these Chapter 11 Cases.  Fawn Weaver's filing of bankruptcy petitions on behalf of the Receivership Entities was wholly unauthorized.  The Receivership Order vests the Receiver with exclusive authority over the Receivership Entities and enjoined Fawn Weaver from interfering with the receivership assets.  Further, the Receivership Entities failed to provide any resolutions of Uncle Nearest directors or managers, as applicable, authorizing the bankruptcy filings.  Fawn Weaver simply lacks the authority needed to file the Chapter 11 petitions and doing so violated the Receivership Order.  Even if Fawn Weaver had authority to file the Chapter 11 petitions, dismissal is nonetheless warranted under 11 U.S.C. § 1112(b) because Fawn Weaver filed the petitions in bad faith.  The totality of the circumstances demonstrates the bankruptcy filings were an effort to evade the District Court's Receivership Order.  Should this Court decline to dismiss these cases, FCMA respectfully submits that the appointment of Mr. Young as Chapter 11 trustee is warranted.

<b><u>PRAYER</u></b>

**WHEREFORE**, for the reasons set forth above, Farm Credit Mid-America, PCA respectfully requests that this Court enter an Order (i) finding that Fawn Weaver was unauthorized

11

219267827_16

to file petitions on behalf of the Receivership Entities and dismissing the Chapter 11 Cases;
(ii) dismissing the Chapter 11 Cases as bad faith filings under 11 U.S.C. § 1112(b);
(iii) alternatively, appointing Phillip G. Young as Chapter 11 trustee for the Chapter 11 Cases;
and/or (iv) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

- and-

Demetra Liggins (*pro hac vice motion pending*)
Dairanetta S. Spain (TN Bar No. 039981)
McGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX  77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
        dspain@mcguirewoods.com

M. Alexandra Shipley (*pro hac vice motion pending*)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

Dated: March 19, 2026

12

219267827_16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Motion to

Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11

Trustee with Proposed Order was served on all parties entitled to service via this Court's ECF/CMF

system, including upon the following:

Lynn Tarpy                                          Office of the United States Trustee
Kelli D. Holmes                                     800 Market Street
Tarpy, Cox, Fleishman & Leveille, PLLC              Suite 114
Landmark Center North Tower                         Knoxville, TN 37902
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
Ltarpy@tcflattorneys.com
kholmes@tcflattorneys.com


Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203

                                           /s/ Erika R. Barnes
                                           Erika R. Barnes

219267827_16

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| UNCLE NEAREST, INC.; | ) | Case No. 3:26-bk-30470 |
| NEAREST GREEN DISTILLERY, INC.; | ) | Case No. 3:26-bk-30471 |
| UNCLE NEAREST REAL ESTATE | ) | Case No. 3:26-bk-30472 |
| HOLDINGS, LLC; | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Judge Suzanne Bauknight |

**ORDER DISMISSING BANKRUPTCY CASES OR, IN THE ALTERNATIVE,
APPOINTING PHILLIP G. YOUNG, JR. AS CHAPTER 11 TRUSTEE**

This matter came before the Court on the Motion of Farm Credit Mid-America, PCA

("FCMA" or the "Lender"), the senior secured creditor for Uncle Nearest, Inc. ("Uncle Nearest,

Inc."), Nearest Green Distillery, Inc. ("Nearest Green"), and Uncle Nearest Real Estate Holdings,

LLC ("RE Holdings") (Uncle Nearest, Inc., Nearest Green, and RE Holdings collectively, the

"Receivership Entities") to dismiss these three bankruptcy cases (the "Bankruptcy Cases") filed by the Receivership Entities.  Based upon the Motion, and for good cause shown,

It is FOUND that Fawn Weaver lacked the authority to file bankruptcy petitions on behalf of the Receivership Entities.

It is further FOUND that Fawn Weaver's filing of the chapter 11 cases (the "Chapter 11 Cases") were bad faith filings under 11 U.S.C. § 1112(b);

THEREFORE, it is ORDERED that these Bankruptcy Cases are hereby dismissed pursuant to 11 U.S.C. § 1112(b)(1).

IN THE ALTERNATIVE, the Court hereby orders that Phillip G. Young, Jr. is appointed as Chapter 11 trustee for the Chapter 11 Cases of the Receivership Entities.

IT IS SO ORDERED.

###

Tendered by:

 /s/Erika R. Barnes
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email:  ebarnes@stites.com

- and-

Demetra Liggins (*pro hac vice motion pending*)
Dairanetta S. Spain (TN Bar No. 039981)
McGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400

219267827_16

Houston, TX  77002
Telephone: (713) 353-6661
Email:  dliggins@mcguirewoods.com
      dspain@mcguirewoods.com

M. Alexandra Shipley (*pro hac vice motion pending*)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email:  ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Motion to

Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11

Trustee with Proposed Order was served on all parties entitled to service via this Court's ECF/CMF

system, including upon the following:

Lynn Tarpy
Kelli D. Holmes
Tarpy, Cox, Fleishman & Leveille, PLLC
Landmark Center North Tower
1111 N. Northshore Drive, Suite N-290
Knoxville, TN 37919
Ltarpy@tcflattorneys.com
kholmes@tcflattorneys.com

Office of the United States Trustee
800 Market Street
Suite 114
Knoxville, TN 37902

Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203

/s/ Erika R. Barnes
Erika R. Barnes

219267827_16