**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

In re

**UNCLE NEAREST, INC.**          **Case No. 3:26-bk-30470-SHB**

    **Debtor**                                **Chapter 11**

**DESIGNATION OF RECORD ON APPEAL**

Comes now the Debtor, Uncle Nearest, Inc., and hereby designates under Federal Rule of

Bankruptcy Procedure 8009 for the following documents to be included in the record of appeal:

1.      Order on Motion to Dismiss Case [Doc. No. 48];

2.      Transcript of the hearing held on March 19, 2026;

3.      Supplemental Memorandum Opinion on Motions to Dismiss [Doc. No. 72 "Findings of Fact and Conclusions of Law"];

4.      Notice of Appeal filed March 20, 2026 [Doc. No. 49];

5.      Second Amended Notice of Appeal filed April 2, 2026 [Doc. No. 80];

6.      Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative, to Recognize Receiver as Authorized Representative of the Debtors [Doc. No. 8];

7.      Motion to Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee [Doc. No. 26];

8.      All responses and replies related to the Motion to Dismiss;

9.      All exhibits admitted at the March 19, 2026 hearing;

10.     All affidavits and declarations submitted in connection with the Motion to Dismiss

11.     The docket sheet in this case;

12.     Any additional filings necessary to ensure a complete record of the proceedings below.

DESIGNATION OF TRANSCRIPT FOR APPELLATE PURPOSES

Pursuant to Federal Rule of Bankruptcy Procedure 8009(b), the Appellant has ordered the transcript of the hearing held on March 19, 2026. A copy of the transcript order will be filed separately pursuant to Rule 8009(b)(1)(A).

STATEMENT OF ISSUES ON APPEAL

The issues to be presented on appeal are:

1.     Whether the Bankruptcy Court erred in dismissing the Chapter 11 case on the basis that the Debtor lacked authority to file the petition.

2.     Whether the Bankruptcy Court erred in concluding that the Receivership Order divested the Debtor's officers and directors of authority to file a bankruptcy petition under applicable law.

3.     Whether the Bankruptcy Court failed to follow controlling Sixth Circuit precedent establishing that the existence of a receivership does not preclude a debtor from seeking bankruptcy relief.

4.     Whether the Bankruptcy Court improperly interpreted the Receivership Order as exclusively vesting bankruptcy authority in the Receiver absent a clear and specific declaration to that effect.

5.     Whether the Bankruptcy Court's dismissal of the case violated federal bankruptcy law and policy, including the Debtor's right to seek relief under Title 11.

6.       Whether the Bankruptcy Court's orders and rulings operate in violation of the United States Constitution, including principles governing the exercise of federal bankruptcy power.

7.       Whether the Bankruptcy Court abused its discretion, including by applying incorrect legal standards and making legal errors, in dismissing the case without permitting the administration of the bankruptcy estate or participation by creditors.

8.       Whether the Bankruptcy Court lacked jurisdiction to issue the Supplemental Memorandum Opinion after the Notice of Appeal was filed.

9.       Whether the Supplemental Memorandum Opinion is void ab initio and must be disregarded on appeal.

Respectfully submitted this 3rd day of April, 2026.

s/*Kelli D. Holmes*
Kelli D. Holmes (042256)
Lynn Tarpy (006017)
Attorney for the Debtor
Tarpy, Cox, Fleishman & Leveille, PLLC
1111 N. Northshore Drive, Suite N-290
Knoxville, Tennessee  37919
(865) 588-1096
kholmes@tcflattorneys.com
ltarpy@tcflattorneys.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Designation of Record of Appeal was served upon the below listed parties via the Court's electronic filing system this 3rd day of April, 2026.

| | |
|---|---|
| Party: | Phillip G. Young, Jr., Receiver |
| Attorney: | Justin T. Campbell, Esq. |
| | |
| Party: | Farm Credit Mid-America, PCA |
| Attorneys: | Erika R. Barnes |
| | Dairanetta S. Spain, Esq. |
| | M. Alexandra Shipley, Esq. |

_s/Kelli D. Holmes_
Kelli D. Holmes