**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **UNCLE NEAREST, INC.,** | ) | |
| | ) | |
| **Appellant,** | ) | **Case No. 3:26-CV-00135** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PHILLIP G. YOUNG, JR., et. al.** | ) | |
| | ) | |
| **Appellees.** | ) | |

---

**FARM CREDIT MID-AMERICA, PCA'S OPPOSITION TO APPELLANT'S
EMERGENCY MOTION TO EXPEDITE APPEAL PURSUANT TO FED. R. BANKR. P.
8013(B), AND IN THE ALTERNATIVE, FOR CERTIFICATION OF DIRECT APPEAL
TO THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 158(d)(2)**

---

Farm Credit Mid-America, PCA ("FCMA" or the "FCMA-Appellee") files this response

in opposition to the *Emergency Motion to Expedite Appeal Pursuant to Fed. R. Bankr. P. 8013(B),*

*and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C.*

*§ 158(d)(2)* filed on April 27, 2026 (the "Emergency Motion"),[1] purportedly on behalf of Uncle

Nearest, Inc. ("Uncle Nearest, Inc.," the "Appellant," or the "Movant").

## OPPOSITION SUMMARY

1.      There is no good reason to expedite this appeal.  Although purportedly filed by

Uncle Nearest, Inc., the Appellant is likely Fawn Weaver ("Ms. Weaver").  Ms. Weaver is Uncle

Nearest, Inc.'s chief executive officer who has been displaced by the appointment of Phillip G.

Young, Jr., appointed the receiver (the "Receiver") of Uncle Nearest, Inc. and certain of its

affiliated entities pursuant to the Order Appointing Receiver (the "Receivership Order"),[2] in a

---

[1] Dkt. No. 19.
[2] Order Appointing Receiver, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al*., (the "Receivership Proceeding"), Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 39.

221438948_11

separate, but relevant underlying receivership proceeding.

2. Movant seeks dramatic expedited relief of this appeal when the filing of the emergency motion is another attempt to end the receivership and regain control of Uncle Nearest, Inc. All of the issues in this appeal are the subject of ongoing litigation between the parties. Specifically, Ms. Weaver has already sought a motion for reconsideration of the Receivership Order, which is currently pending in this Court. Ms. Weaver has also filed an objection to the Receiver's motion to sell receivership assets, a home in Martha's Vineyard, and that motion is likewise pending before this Court. Between the two proceedings, some (if not all) of the issues relating to the filing of the bankruptcy petitions are under consideration. Accordingly, this appeal is unnecessary and the request for expedited consideration should be denied.

3. The Bankruptcy Court did not err in dismissing the unauthorized filing of the chapter 11 petitions on behalf of Uncle Nearest, Inc., Nearest Green Distillery, Inc. ("Nearest Green"), and Uncle Nearest Real Estate Holdings, LLC ("RE Holdings" and, collectively with Uncle Nearest, Inc. and Nearest Green, "Uncle Nearest" or the "Receivership Entities"). As the Bankruptcy Court found, Uncle Nearest has the ability to commence a bankruptcy case, however, Ms. Weaver did not (and does not) have the requisite authority to file bankruptcy petitions because the Receivership Order expressly places that authority with the Receiver.[3]

## BACKGROUND

4. On July 28, 2025, FCMA filed suit against the Receivership Entities, Ms. Weaver, and Keith Weaver ("Mr. Weaver" and collectively with Ms. Weaver, the "Weavers"), seeking to recover more than $108 million that the Receivership Entities owe to FCMA in outstanding loans and requesting the appointment of a receiver to stabilize operations and preserve its collateral

---

[3] Bankr. Hrg. Tr. 47:13-19.

221438948_11

securing the loans.[4] On August 22, 2025, this Court entered the Receivership Order appointing the Receiver to oversee the Receivership Entities and the other receivership assets described more fully therein.[5]

5. Currently pending before this Court are (a) the *Motion to Reconsider the Memorandum Opinion and Order* (the "Reconsideration Motion")[6] filed by the Weavers and Grant Sidney, Inc. ("Grant Sidney" and collectively with the Weavers, the "Weaver Parties") and (b) the *Motion for Clarification of Receivership Order* (the "Entity Clarification Motion")[7] filed by the Receiver.

6. On March 17, 2026, as the parties awaited this Court's ruling on the Reconsideration Motion and Entity Clarification Motion, Ms. Weaver filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") on behalf of Uncle Nearest, Inc.,[8] Nearest Green[9] and RE Holdings,"[10] purporting to commence chapter 11 cases for each of them.

7. On March 18, 2026, the Receiver filed an *Expedited Motion to Dismiss Bankruptcy Cases or, in the alternative to Recognize Receiver as Authorized Representative of the Debtors* (the "Receiver's Dismissal Motion"[11] in the Bankruptcy Court.  On March 19, 2026, FCMA filed *a Motion to Dismiss, or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee*[12] ("FCMA's Dismissal Motion") and together with the Receiver's Dismissal Motion, the "Dismissal

---

[4] Verified Complaint and Request for Appointment of Receiver, *Receivership Proceeding*, Dkt. No. 1.
[5] *Id.*
[6] Motion to Reconsider the Memorandum Opinion and Order [Dkt. 32] and Order Appointing Receiver [Dkt. 39] and to Stay Access to Proprietary Information, *Receivership Proceeding*, Dkt. No. 91.
[7] Motion for Clarification of Receivership Order, *Receivership Proceeding*, Dkt. No. 41.
8 *In re Uncle Nearest, Inc.*, Case No. 3:26-bk-30470 (Bnkr. E.D. Tenn. 2026).
[9] *In re Nearest Green Distillery, Inc.*, Case No. 3:26-bk-30471 (Bnkr. E.D. Tenn. 2026).
[10] *In re Uncle Nearest Real Estate Holdings, LLC*, Case No. 3:26-bk-30472 (Bnkr. E.D. Tenn. 2026).
[11] *In re Uncle Nearest, Inc.*, Dkt. No. 9.
[12] *In re Uncle Nearest, Inc.*, Dkt. No. 26.

221438948_11

Motions").

8.      After conducting a hearing on both dismissal motions, the Bankruptcy Court concluded that the Receivership Order authorized only the Receiver to commence bankruptcy cases and dismissed each of the bankruptcy petitions on the grounds that Ms. Weaver lacked the authority to file the bankruptcy petitions on behalf of the Receivership Entities.[13]

9.      On March 20, 2026, Ms. Weaver, purportedly on behalf of Uncle Nearest, Inc., Nearest Green, and RE Holdings, appealed the Bankruptcy Court's order dismissing the Chapter 11 cases.[14]

10.     On April 29, 2026, the bankruptcy court clerk filed a notice of the *Transmission of Bankruptcy Appeal Record*[15] in each of the underlying bankruptcy proceedings.

## ARGUMENT

### A.  Movant has failed to demonstrate "Good Cause" to expedite this appeal.

11.     Under Federal Rule of Bankruptcy Procedure Rule 8013, a party who files a motion to expedite an appeal "must explain what justifies considering the appeal ahead of other matters."[16] "Similarly, 28 USC § 1657(a) states that 'the court shall expedite the consideration of any action . . . if good cause therefor is shown.'"[17] 28 USC § 1657(a) provides that "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in

---

[13] *In re Uncle Nearest, Inc.*, Dkt. No. 72.

[14] *In re Uncle Nearest, Inc.*, Dkt. No. 51; *In re Nearest Green Distillery, Inc.*, Dkt. No. 58; *In re Uncle Nearest Real Estate Holdings, LLC*, Dkt. No. 50.

[15] *In re Uncle Nearest, Inc.*, Dkt. No. 88; *In re Nearest Green Distillery, Inc.*, Dkt. No. 65; *In re Uncle Nearest Real Estate Holdings, LLC*, Dkt. No. 65.

[16] Fed. R. Bankr. P. 8013(a)(2)(B).

[17] *In re Franchise Grp., Inc.*, No. 24-12480-LSS, 2025 WL 1276986, at *1 (D. Del. Mar. 5, 2025); *see also In re Bechard*, No. CV 19-2025 (RAM), 2019 WL 6359145, at *2 (D.P.R. Nov. 27, 2019) (quoting 28 USCS § 1657(a)).

4

221438948_11

a factual context that indicates that a request for expedited consideration has merit."

12.     As justification for an expedited appeal, Movant asserts that: "the Bankruptcy Court's ruling directly contravenes controlling Sixth Circuit [a]uthority and presents a question of law of exceptional importance: *whether a receivership can lawfully deprive a Debtor of its right to relief under the Bankruptcy Act*."[18]  The Bankruptcy Court, however, found that Uncle Nearest had not been deprived of its right to commence a bankruptcy case.[19]  Rather, the Court determined that the Receivership Order deprived *Ms. Weaver* of the authority to file bankruptcy on behalf of the Receivership Entities because that right belonged to the Receiver.[20]

13.     Before the Bankruptcy Court, Ms. Weaver's counsel acknowledged that the Receivership Order did not divest Uncle Nearest, or the Receivership Entities themselves, of their ability to file for bankruptcy.[21]  At the hearing on the Dismissal Motions, counsel for Ms. Weaver stated that the case turned on "whether the receivership order . . . expressly divested the debtors of authority to file bankruptcy"[22]  and went on to answer in the negative that "[o]f course, it's the debtor's position that it did not."[23]

14.     Contrary to Movant's current assertion that the Bankruptcy Court's ruling contravenes Sixth Circuit authority and deprives the debtor of filing a bankruptcy petition, that assertion misconstrues the Receivership Order and the Bankruptcy Court's ruling.  Nothing in the Receivership Order deprives or prohibits any Receivership Entity from filing a bankruptcy petition.  Rather, the Receivership order vests the power to commence a case with the Receiver. Moreover, the Receiver's counsel indicated that he intends to file chapter 11 petitions for some (if

---

[18] Dkt. No. 19 at 7 (emphasis added).
[19] Bankr. Hrg. Tr. 42:16-18.
[20] Bankr. Hrg. Tr. 47:13-19.
[21] Bankr. Hrg. Tr.13:22-23.
[22] Bankr. Hrg. Tr.13:22-23.
[23] Bankr. Hrg. Tr.13:23-24.

221438948_11

not all) of the Receivership Entities.[24]  Consequently, the Emergency Motion fails to "indicate[] that a request for expedited consideration has merit."[25]

**B.  The Justifications Relied Upon in Movant's Emergency Motion Present No Issues or Requested Relief Not Already Pending Before This Court.**

15.     Further, the justifications relied upon in Movant's Emergency Motion present no issues or requested relief not currently pending before this Court, thereby failing to demonstrate any necessity to consider this appeal expeditiously.  Courts have denied motions to expedite an appeal where a party fails to show the appeal "requires expedited consideration,"[26] or simply where an expedited motion "fails to point to any facts that justify . . . 'considering [its] appeal ahead of other matters' much less any immediate or 'irreparable harm' that is required for its appeal to be considered on an emergency, expedited basis."[27]

16.     The same issues being considered in the receivership proceeding are now couched as posing irreparable harm due to the dismissal of the bankruptcy proceeding.  Here, the dissatisfaction with the Receiver's performance is a grievance already aired and complained of in the Reconsideration Motion.  The expedited motion to sell the Martha's Vineyard property is currently before this Court in the receivership proceeding.  Where the Weaver Parties have repeatedly pointed to declining company sales according to Nielsen data and reputational brand damage in the Reconsideration Motion context, Movant now claims those issues pose irreparable harm in the bankruptcy context purportedly necessitating expedited consideration.  The only

---

[24] Bankr. Hrg. Tr. 10:12-18.

[25] 28 USC § 1657(a).

[26] *In re Abitibibowater, Inc.*, No. 09-11296 (KJC), 2010 WL 723020, at *1 (D. Del. Mar. 2, 2010).

[27] *Knox v. Lion Hendrix Cayman Ltd. (In re John Varvatos Enters.)*, No. 20-937 (UNA), 2020 U.S. Dist. LEXIS 123445, at *5-6 (D. Del. July 14, 2020) (citing Fed. R. Bankr. P. 8013(a)(2)(B); 8013(d)(1) (acknowledging that an emergency expedited motion is made "because irreparable harm would occur during the time needed to consider a response"); *see also In re Premier Operations*, 293 B.R. 334, 335 (S.D.N.Y. 2003) ("[A] party [may] obtain expedited consideration in a bankruptcy proceeding if it can show by affidavit that to avoid irreparable harm, relief is needed in less time than would normally be required to appeal a bankruptcy court's decision." (internal quotation marks and citation omitted)).

221438948_11

difference is that the issues complained of are being presented in a different forum.  All of the facts clearly demonstrate a veiled attempt at yet another effort to end the receivership.

17.     Movant has failed to demonstrate any facts that justify considering this appeal ahead of other appeals nor has there been a showing of any immediate or "irreparable harm" requiring this appeal to be considered on an emergency, expedited basis.  Because, Movant has failed to articulate a justifiable basis for granting the Emergency Motion and fast-tracking this appeal, the Emergency Motion should be denied.

**C.**  **Movant Failed to Meet the Requirements for the Request for Certification to the Sixth Circuit.**

18.     Pursuant to Federal Rule of Bankruptcy Procedure 8006(f)(2), a request for certification of a bankruptcy court's order must include "the reasons why a direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) applies.[28] Under 28 U.S.C. § 158(d)(2)(A), a court before which a matter is pending should certify a party's request for direct appeal to the Court of Appeals if:

> (i) the. . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the ... order ... involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which the appeal is taken.[29]

19.     Movant fails to identify which of the three statutory factors warrants a certification for direct appeal.  Instead, Movant relies on the standard that "certification may be appropriate

---

[28] *See, e.g., In re Dutkiewicz*, 403 B.R. 472, 475 (denying debtor's motion for certification in part for failing to explain why circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists).
[29] *Id*. at 474 (quoting 28 U.S.C. § 158(d)(2)(A)).

221438948_11

where a lower court's ruling departs from controlling authority and presents a pure question of law."[30]  Setting aside this failure to comply with the rules, none of the three statutory factors for certifying a direct appeal is satisfied here.

20.     First, this appeal does not present a question of law as to which there is no controlling decision, or involves a matter of public importance.[31]  Rather, as the lower court observed in its *Supplemental Memorandum Opinion on Motions to Dismiss*, the authority Ms. Weaver herself selected states that "[t]he governing caselaw seems quite clear that a state court cannot take away a company's authority to file bankruptcy and place it solely with the receiver without, at a bare minimum, expressly stating that intention."[32]  As the lower court noted, the Receivership Order "is anything but 'plain vanilla,'" and the district court exclusively vested in the Receiver all the powers of officers, directors, members, and/or managers of Uncle Nearest, Inc. and expressly authorized the Receiver to file a bankruptcy petition.[33]

21.     Second, the appeal does not involve a matter of public importance.  The relief sought is limited to the parties before the Court and implicates no broader public concern.[34]  Second, the order does not "involve[ ] a question of law requiring resolution of conflicting decisions."[35]  This factor hinges on whether other courts within the Sixth Circuit have reached the same legal question and reached opposite conclusions.[36]  Movant has not identified any split of authority on the question of whether an individual expressly divested of corporate power by a

---

[30] Dkt. No. 19 at 12.

[31] 28 U.S.C. § 158(d)(2)(A)(i).

[32] *In re Uncle Nearest, Inc.*, Dkt. No. 72 at 4 (citing *In re 530 Donelson, LLC*, 660 B.R. 887, 892 (Bankr. M.D. Tenn. 2024)).

[33] *In re Uncle Nearest, Inc.*, Dkt. No. 72 at 4.

[34] *Cf. In re City of Detroit, Mich.*, 504 B.R. 191, 197 (Bankr. E.D. Mich. 2013) (finding issue of whether Detroit was legally permitted to adjust debts was matter of important to "each of its 700,000 residents, to the State of Michigan, and to the nation.); see also

[35] 28 U.S.C. § 158(d)(2)(A)(ii).

[36] *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Tucker*, No. CV 08-199-DLB, 2009 WL 10701598 at *2 (E.D. Ky. May 19, 2009) (recognizing split within Sixth Circuit on interpretation of statute favored certification).

221438948_11

federal receivership order authorizing a receiver to initiate a bankruptcy proceeding may nonetheless file a bankruptcy petition on behalf of the receivership entity.

22.    Third, Movant cannot demonstrate that an immediate appeal "may materially advance the progress of the case or proceeding in which the appeal is taken."[37] The mere argument that an appeal would be faster because it would bypass the district court is insufficient. This bare assertion of efficiency as a justification "can be made in every case where there is an appeal involving a final judgment of the Bankruptcy Court."[38] Accepting such reasoning would effectively nullify the district court's important appellate role in bankruptcy cases.[39]

23.    Movant has failed to satisfy any of the three statutory prerequisites for certification of direct appeal in accordance with 28 U.S.C. § 158(d)(2)(A). Therefore, Movant's request for certification should be denied.

### D. Many Exhibits Relied Upon are Outside of the Bankruptcy Court Record and Therefore, not Properly before this Court.

24.    "Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance. The rule does not permit items to be added to the record on appeal to the district court if they were not part of the record before the bankruptcy court."[40] Courts have held that "[t]he record on appeal should contain all items considered by the bankruptcy court in reaching a

---

[37] 28 U.S.C. § 158(d)(2)(A)(iii).

[38] *In re Johns-Manville Corp.*, 449 B.R. 31, 34 (S.D.N.Y. 2011); *see also id.* at 449 B.R. 31 (finding order could not be certified for direct appeal on theory appeal would materially advance litigation progress where order was not interlocutory and only argument was that appeal would be quicker if heard by one court).

[39] *See, e.g., In re Davis*, 512 F.3d 856, 858 (6th Cir. 2008) (finding "the need for a coherent body of case law suggests that in many cases, 'percolation through the district court would cast more light on the issues and facilitate a wise and well-informed decision.'") (*citing Weber v. U.S. Trustee*, 484 F.3d 154, 161 (2d Cir.2007)).

[40] *In re Nat'l Century Fin. Enters., Inc.*, 334 B.R. 907, 917 (Bankr. S.D. Ohio 2005) (quoting *Zer–Ilan v. Frankford (In re CPDC, Inc.),* 337 F.3d 436, 443 (5th Cir.2003) (citations omitted)).

221438948_11

decision. . . . Conversely, if an item was not considered by the court, it should be stricken from the record on appeal."[41]

25. The Bankruptcy Court transmitted the record on April 29, 2026. The Nielsen Retail Scan Data,[42] Fawn Weaver's affidavit,[43] and the corporate resolution of Uncle Nearest, Inc.,[44] purportedly authorizing the bankruptcy filing, are not included in the bankruptcy record on appeal. In fact, the Bankruptcy Court reasoned that Ms. Weaver lacked the authority to file a bankruptcy petition on behalf of Uncle Nearest, Inc. because "she[] provided no evidence of corporate resolution."[45] Therefore, they are not properly before this Court and should be stricken.

## **CONCLUSION**

For the foregoing reasons, FCMA requests that this Court should deny the Emergency Motion and for such other and further relief that this Court may deem proper.

Respectfully submitted,

 /s/ *Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email:  ebarnes@stites.com

 - and-

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981) (admitted *pro hac vice*)
McGUIREWOODS LLP
Texas Tower

---

[41] *In re Nat'l Century Fin. Enters., Inc.*, 334 B.R. 907, 917 (Bankr. S.D. Ohio 2005) (citing *In re Ames Dep't Stores, Inc.*, 320 B.R. 518, 521 (Bankr. S.D.N.Y. 2005) (quoting *Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.),* 100 B.R. 152, 154 (Bankr. D. Conn. 1989).
[42] Dkt. No. 19-1.
[43] Dkt. No. 19-6.
[44] Dkt. No. 19-9.
[45] Bankr. Hrg. Tr. 21:22-23.

221438948_11

845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2026, a true and correct copy of the foregoing was served

on all parties entitled to service via this Court's ECF/CMF system, including upon the following:

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson and Johnson PC
1407 Union Ave., Suite 1002
Memphis, TN 38104
901-725-7520
Fax: 901-725-7570
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com
justin@thompsonburton.com

/s/ *Erika R. Barnes*
Erika R. Barnes

11