# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNCLE NEAREST, INC., | ) | |
| | ) | |
| Appellant, | ) | Case No. 3:26-cv-00135-CEA-DCP |
| | ) | |
| v. | ) | On Appeal from Case No. |
| | ) | 3:26-bk-30470-SHB |
| PHILLIP G. YOUNG, JR., in his | ) | |
| capacity as Receiver, et al. | ) | |
| | ) | |
| Appellees. | ) | |

### APPELLEE RECEIVER PHILLIP G. YOUNG, JR.'S RESPONSE TO APPELLANT'S EMERGENCY MOTION TO EXPEDITE APPEAL AND IN ALTERNATIVE FOR CERTIFICATION OF DIRECT APPEAL TO SIXTH CIRCUIT

Comes now, Appellee Phillip G. Young, Jr., Receiver (the "Receiver") and hereby files his response to the Appellant's *Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(B), and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit pursuant to 28 U.S.C. § 158(d)(2)* (the "Emergency Motion")[1]. The Receiver respectfully requests that this Court deny the Emergency Motion as it states no real or actual emergency, misstates the actual issue on appeal, and is prejudicial to the Appellees' response in this appeal. In support thereof, the Receiver represents as follows.

### BACKGROUND

1. On March 17, 2026, Fawn Weaver attempted to file Chapter 11 bankruptcy cases for three of the Receivership Entities with the U.S. Bankruptcy Court for the Eastern District of Tennessee (Knoxville). The Receiver immediately sought to dismiss those bankruptcy filings as the Receivership Order explicitly grants him exclusive authority to

---

[1] D.E. # 19

execute a bankruptcy petition. Creditor/Appellee Farm Credit Mid-America filed an additional Motion to Dismiss asserting similar arguments to that of the Receiver.

2. On March 19, 2026, the Bankruptcy Court granted the Receiver's Motion to Dismiss and FCMA's Motion to Dismiss, holding that Ms. Weaver lacked the authority to file the bankruptcy cases in light of the Order Appointing Receiver entered by this Court in the related Receivership Case.[2]

3. The purported Debtor [3] immediately filed a notice of appeal of the Bankruptcy Court's decision on March 20, 2026.

4. On April 27, 2026, more than five (5) weeks after the notice of appeal was filed, the Appellant filed the Emergency Motion seeking to expedite this appeal on a warp speed timeline, to require the parties to file their briefs concurrently and on a seven (7) days deadline, and to suggest this Court rule on the appeal within fourteen (14) days. As alternative relief, the Appellant requests that this Court directly certify this appeal to the Sixth Circuit Court of Appeals.

5. The Emergency Motion should be denied for multiple reasons: (1) the Emergency Motion's alleged "emergency" is nothing more than a repackaging of the same arguments that the Fawn and Keith Weaver have asserted in the Receivership Case[4] before this Court since early December 2025; (2) the Appellant's need for an immediate bankruptcy case contradicts Fawn Weaver's February 9, 2026 testimony before this Court; and (3) the Emergency Motion misconstrues the holding of the Bankruptcy Court and the

---

[2] 3:26-bk-30470-SHB D.E. # 48
[3] This Court has previously ruled that no one but the Receiver can speak on behalf of Uncle Nearest, Inc.; therefore, it is a procedural nullity that Fawn Weaver seeks to pursue this appeal on behalf of the Appellant.
[4] 4:25-cv-38, U.S. District Court, Eastern District of Tennessee (Winchester).

2

issue on appeal herein.  Furthermore, the Appellant has not made the necessary showing to warrant a direct appeal to the Court of Appeals.

**APPELLANT'S "EMERGENCY" DOES NOT SATISFY THE NECESSARY REQUIREMENTS TO EXPEDITE THIS APPEAL**

6.      Whether an appeal should be heard on an expedited basis is governed by Federal Rule of Bankruptcy Procedure 8013. The rule, in part, states that "A motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters."[5] Furthermore, an Emergency Motion, "must be accompanied by an affidavit setting forth the nature of the emergency"[6] and the emergency should only be sought when "irreparable harm would occur during the time needed to consider a response.[7]"

7.      Appellant asserts that the "emergency" for this motion is that the company is "suffering operation harm, primarily in retail sales losses, while the receiver is allowed to remain in control of operations"[8] The support for these allegations is a Declaration of Fawn Weaver filed with the Motion. This Declaration is the exact same declaration that Ms. Weaver filed with this Court in the Receivership Case on February 26, 2026.[9]  Indeed, the Appellant did not even bother to remove the prior Court stamp from the Declaration.

8.      This is just a rehash of the Motion to Reconsider the Receivership filed in December, 2025,[10] and an attempt to force this Court to grant the relief sought in the Motion to Reconsider in a different forum.  In other words, this "emergency" has existed for more than four months.

---

[5] Fed. R. Bankr. P. 8013(a)(2)(B)
[6] Fed. R. Bankr. P. 8013(d)(2)(a)
[7] Fed. R. Bankr. P. 8013(d)(1)
[8] Emergency Motion to Expedite Appeal, pg. 10.
[9] 4:25-cv-38, D.E. 151. The front page of the Declaration appears to not be included in this filing, but was including in the February 26, 2026 filing.
[10] 4:25-cv-38, D.E. 91.

9.     The very fact that the Appellant cannot provide an updated Declaration of Fawn Weaver should clearly illustrate to the Court that is just another run at the same laundry list of complaints against the Receiver. The allegations in that Declaration did not constitute an emergency in December 2025 or in February of this year, and they do not constitute a current emergency either.

10.     The Emergency Motion provides no new concerns, issues, or actual emergencies that haven't already been before this Court on multiple occasions.[11]

11.     Because the Emergency Motion demonstrates no real or actual emergency, Appellant's request for an expedited appeal schedule should be denied.

## THE EMERGENCY MOTION CONTRADICTS THE TESTIMONY OF FAWN WEAVER

12.     Appellant's sudden, urgent need for filing a Chapter 11 petition is directly contradicted by the February 9, 2026, testimony of the individual who signed the unauthorized petition, Fawn Weaver.

13.     At the hearing before this Court on the Motion for Reconsideration of the Receivership Order, Ms. Weaver testified that counsel had previously recommended a Chapter 11 filing, but that she "did not consider it" because the equity would be "wiped out."[12]

14.     A Chapter 11 filing would still "wipe out" the shareholders.  If she was not willing to pursue bankruptcy relief for Uncle Nearest, Inc. before, why now is a filing so urgent?  Ms. Weaver has testified that she would take no action that would adversely impact

---

[11] Because the Receiver has responded to these same allegations on multiple occasions before this Court (in the Receivership Case), the Receiver will not rehash his own responses to those allegations.

[12] 4:25-cv-38, Transcript of February 9, 2026 Hearing, p. 257:7-17

4

the shareholders (including herself and her family members) of Uncle Nearest, Inc.; therefore, it appears likely that the bankruptcy case that she now attempts to resurrect is little more than a delay tactic.

## APPELLANT MISUNDERSTANDS THE BANKRUPTCY ORDER WHICH IT IS APPEALLING

15.     The Appellant asserts to this Court that somehow its constitutional or federal rights are being infringed by the dismissal of the unauthorized bankruptcy filing. Appellant accuses the Bankruptcy Court of interpreting the Receivership Order as precluding Uncle Nearest, Inc. from filing a bankruptcy case. That simply is not the case. The Appellant is either attempting to mislead this Court or it simply does not understand the Bankruptcy Court's ruling.

16.     Judge Bauknight's opinion in the Bankruptcy Case was abundantly clear that the Receivership Order did not preclude Uncle Nearest, Inc. from filing for bankruptcy protection.[13]

17.     Rather, the Bankruptcy Court found that the Receivership Order vested the Receiver with the exclusive authority to authorize and file a bankruptcy case on behalf of Uncle Nearest, Inc.[14] The Bankruptcy Court found that the Receivership Order divested Fawn Weaver of any right or authority to sign and authorize a bankruptcy filing.[15] In other words, the Receivership Order did not forbid Uncle Nearest, Inc. from filing for bankruptcy protection, but rather dictated *who* had the authority to make that decision on behalf of the company.

---

[13] 3:26-bk-30470-SHB  D.E. # 48, pg. 4.
[14] *Id.*
[15] *Id.*

18. Appellant should be aware of this distinction. Appellant's own counsel conceded this point at the Bankruptcy Court hearing on the Motion to Dismiss. In an exchange with the Bankruptcy Court, Appellant's counsel acknowledges that Fawn Weaver did not have the authority to authorize the bankruptcy petitions.[16]

19. This is a significant and important distinction. Uncle Nearest, Inc. has not been stripped of any of its constitutional or other federal rights. It has not been deprived the right to file a bankruptcy case. The Receivership Order merely dictated who could make that decision. As such, Appellant cannot show that good cause exists to expedite this appeal.

## A DIRECT APPEAL TO THE SIXTH CIRCUIT IS UNWARRANTED

20. Pursuant to 28 U.S.C. § 158(d)(2)(A), an appeal may proceed directly to a Circuit Court of Appeals if the District Court finds:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

28 U.S.C. § 158(d)(2)(A).

21. None of these conditions are met in this case. First, there are controlling decisions that directly deal with the question at issue here, i.e. who has authority to sign a

---

[16] 3:26-bk-30470, Transcript, March 19, 2026 hearing, 14-15:11-25. A copy of the Transcript is attached as Exhibit A.

petition on behalf of debtors such as Uncle Nearest, Inc. In its memorandum opinions and in its oral ruling, the Bankruptcy Court cited more than ten cases, including controlling Sixth Circuit opinions, that directly support the outcome of the Bankruptcy Court.

22. Second, as demonstrated by the cases cited by the Bankruptcy Court, there are no conflicting decisions which the Sixth Circuit Court of Appeals must resolve.

23. Third, a direct appeal to the Sixth Circuit Court of Appeals will not materially advance the progress of the case. The case has been dismissed by the Bankruptcy Court and need not be revived.

24. Finally, even if this Court were to grant the Appellant's request for a direct appeal, there is no guarantee that the Sixth Circuit Court of Appeals would accept that appeal. In fact, given the well-established case law that exists on this issue, it is highly unlikely that the Circuit Court would permit the direct appeal.

25. Nothing about this matter on appeal is unique or exceptional. In fact, the only thing that makes this question even *appear* justiciable by an appeals court is the Appellant's misunderstanding of the issue on appeal; again, the Bankruptcy Court did not forbid Uncle Nearest, Inc. from filing bankruptcy, it merely interpreted an order that specified who could sign the petition on behalf of Uncle Nearest, Inc.

## CONCLUSION

26. Appellant's Motion to Expedite is at least the fourth pleading to be filed in this Court in the last five (5) months alleging certain "emergencies." In fact, the Declaration provided herein was an ECF copy of an affidavit filed in February. The Appellant has provided no good cause or justification for the need to expedite this appeal.

7

27.    Additionally, Appellant cannot show that it was deprived of any constitutional or federal right by the Receivership Order or Bankruptcy Court's ruling. Again, this does not provide Appellant with any justification to expedite this appeal.

28.    Given that the Motion to Expedite has no merit, the Receiver respectfully requests that this Court deny it and allow the appeal to move forward as outlined in the Federal Rules of Bankruptcy Procedure.

Dated this 4th of May, 2026.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail, this 4th day of May, 2026, on the following parties:

Curtis Johnson
Florence Johnson
JOHNSON & JOHNSON, P.C.
1407 Union Avenue, Suite 1002
Memphis, TN 38104
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

Erika R. Barnes
Stites & Harbison, PLLC
Suntrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2449
ebarnes@stites.com

Demetra Liggins
Dairanetta S. Spain
McGuireWoods, LLP
Texas Tower
845 Texas Avenue, Suite 2400
Houston, TX 77002
dliggins@mcguirewoods.com
dspain@mcquirewoods.com

Mary Alexandra Shipley
McGuireWoods, LLP
77 W. Wacker Drive
Suite 4100
Chicago, IL 60601
ashipley@mcguirewoods.com

/s/ Justin T. Campbell
Justin T. Campbell