| | |
|---|---|
| UNCLE NEAREST, INC. ) | |
| ) | |
| Appellant, ) | |
| ) | Case No. 3:26-cv-00135-CEA-DCP |
| v. ) | On Appeal from Case No. |
| ) | 3:26-bk-30470-SHB |
| PHILLIP G. YOUNG, JR., ) | |
| in his capacity as Receiver, et al., ) | |
| ) | |
| Appellees. ) | |
| ) | |

**DEBTOR'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, SET ASIDE THE
BANKRUPTCY COURT'S SUPPLEMENTAL MEMORANDUM OPINION
DKT. ENT. 72**

COMES NOW, the Appellant Uncle Nearest, Inc. (hereinafter the "Debtor"), by and through undersigned counsel of record, and respectfully moves this Court to strike or in the alternative set aside, the Bankruptcy Court's Supplemental Memorandum Opinion ( See, Dkt. Ent. 72), entered after the filing of the Notice of Appeal (See, Dkt. Ent. 71)[1]. The Debtor believes that a brief review of the procedural background that led to the filing of this Motion is necessary.

The Debtor states as follows:

## I.

## INTRODUCTION

1. The Debtor's Motion is filed to address a threshold jurisdictional issue that bears directly on the integrity of the appellate record in this cause.

---

[1] All docket entries referenced herein are to the Bankruptcy Court record. Said record was transferred to the District Court on April 29, 2026. (See, Dkt. Ent. 88).

1

2. Without explanation and after the Debtor filed its Notice of Appeal on March 20, 2026, the Bankruptcy Court entered a Supplemental Memorandum Opinion on March 23, 2026, styled as "Findings of Fact and Conclusions of Law." ( See, Dkt. Ent. 72).

3. The Court's opinion was not a clerical correction and in operation of law materially expanded upon and supplemented the reasoning underlying the original Order of Dismissal which was on appeal. (See, Dkt. Ent. 48).

4. The federal rules governing bankruptcy proceedings contemplate that once the Notice of Appeal is filed, jurisdiction over the matters on appeal transferred to the District Court. The Bankruptcy Court therefore lacked authority to issue a substantive opinion addressing the merits of the appealed order. (See, 28 U.S.C. § 158(a)(1) ).[2]

5. The Debtor respectfully requests that this Court follow the applicable rules by reviewing the relevant Orders, specifically the Supplemental Memorandum Opinion, and striking it from the Record, entirely. In the alternative, if this Court declines to strike the Supplemental Order, it should hold no weight for purposes of this appeal.

## II.

## LAW AND ARGUMENT

    i. *The Filing of the Notice of Appeal Divested the Bankruptcy Court of Jurisdiction Over Substantive Matters as Provided by 28 U.S.C. §158 (a)(1)*

---

[2] 28 U.S.C. §158 (a)(1) *Time to File*. An appeal under 28 U.S.C. §158(a)(1) or (2) from a bankruptcy court's judgment, order, or decree to a district court or a BAP may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002. See also, 2023 Amendment to the Rule Subdivision (a) is amended to conform to recent amendments to Fed. R. App. P. 3(c), which clarified that the designation of a particular interlocutory order in a notice of appeal does not prevent the appellate court from reviewing all orders that merged into the judgment or appealable order or decree. These amendments reflect that a notice of appeal is supposed to be a simple document that provides notice that a party is appealing and invokes the jurisdiction of the appellate court.

The filing of a notice of appeal is an event of jurisdictional significance that divests the lower court of jurisdiction over those aspects of the case involved in the appeal and transfers jurisdiction to the appellate court. The Supreme Court has recognized that:

> The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

See, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also*, *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981).

While a court may correct clerical errors, it may not issue substantive rulings expanding the reasoning of an order under review. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990). Actions exceeding that limited authority are void. *Keohane v. Swarco*, 320 F.2d 429, 432 (6th Cir. 1963). The filing of a notice of appeal transfers jurisdiction over the matters on appeal from the lower court to the appellate court. In the instant matter, following the filing of the Notice of Appeal, the Bankruptcy Court retained only limited authority to address collateral matters or to correct clerical errors. The Bankruptcy Court did not retain jurisdiction to issue new or expanded findings addressing the merits of the order under review and the Court should summarily either strike the Order or set it aside for the purpose of the appeal.

ii.      *The Supplemental Memorandum Opinion Is Substantive, Not Clerical*

The Supplemental Memorandum Opinion is styled as "Findings of Fact and Conclusions of Law," and it contains detailed legal analysis addressing the basis for dismissal. It was not entered to correct a clerical mistake, omission, or oversight. Instead, the Order appears to

3

provide a substantive explanation and expansion of the Court's reasoning after the appeal had already been initiated and as such, it falls outside the narrow category of permissible post-appeal actions. For instance, the Supplemental Order contains findings of fact and conclusions of law that the original dismissal did not address during the expedited hearing and dismissal from the bench. The five page Order Directing Dismissal of the Debtor's filing, rules as follows:

> Because Ms. Weaver had no authority to file the Voluntary Petition on March 17, 2026, and for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing, the Court directs the following:
>
> 1. The Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative to Recognize Receiver as Authorized Representative of the Debtors filed by Mr. Young on March 18, 2026 [Doc. 8], is GRANTED in part.
>
> 2. The Motion to Dismiss Bankruptcy Cases or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee filed by Farm Credit on March 19, 2026 [Doc. 26], is GRANTED in part. 3. This Chapter 11 bankruptcy case is DISMISSED

(See, Dkt. Ent. 48).

Thereafter, the Supplemental Order entered after the appeal contains approximately double the pages of the original and includes extensive findings of fact and conclusions of law. A cursory side by side review demonstrates that the Supplemental Order does not merely correct an error or omission; it seeks to justify the original ruling of March 19, 2026, and, as such, constitutes an improper post appellate ruling.

    iii.    *Allowing Post-Appeal Substantive Reasoning Undermines the Appellate Process*

This Court should not allow the Bankruptcy Court to *sua sponte* supplement its reasoning *after* an appeal. The Supplemental Order appears to supplement and expand upon the original Order of

4

Dismissal filed on March 19, 2026. The Debtor believes the original Order was deficient and did not comport with what is required in a dismissal proceeding. Our Sixth Circuit, in 1990, opined on the proper posture of the Bankruptcy Court when an appeal is taken that goes to the District Court for review. In the matter of *Olle vs Henry and Wright*, 910 F. 2d 357 ( 6th Cir. 1990) held that subsequent Order entered by the Bankruptcy Court substantially altering the rights of the parties could **only** be made within the operation of Fed. R. Civ. Pro. 60(b)(6).[3]

The case at bar does not contain any Motion made to correct clerical errors or mistakes. The Supplemental Order materially and adversely affected the right of the Debtor in a manner that this Appellate Court must reject. The appellate process requires a fixed record, not one that can be reshaped after an appeal has already been taken. To allow the Supplemental Order to stand would undermine the integrity of the appellate process and would allow the record to be reshaped in response to the appeal itself, rather than limiting review to the decision as it existed at the time jurisdiction transferred. The movant Debtor respectfully asks this Court to adhere to the precedent cited and strike the Supplemental Order as requested.

### III.

### <u>CONCLUSION</u>

WHEREFORE, Appellant Debtor, Uncle Nearest, Inc., by and through its counsel of record respectfully requests that this Court enter an Order granting the Motion to Strike or, in the

---

[3] See, *Olle vs. Henry and Wright*, 910 F. 3d. 357, fn. 5; "Although Rule 60(a) clerical mistakes need not be made by the clerk, they must be in the nature of recitation of amanuensis mistakes that a clerk might make. They are not errors of substantive judgment. *Trahan v. First National Bank of Ruston,* 720 F.2d 832 (5th Cir.1983); *Dura-Wood Treating Co. v. Century Forest Industries, Inc*., 694 F.2d 112, 114 (5th Cir.1982); *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976). The mistake in the present case affects the substantive rights of the parties. It is not clerical, and if it in fact occurred, it is one of mistake, inadvertence, surprise, or excusable neglect governed by Rule 60(b)(1) and barred by the Rule 60(b) one-year statute of limitations."

Alternative, setting aside the Supplemental Memorandum Opinion and awarding such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis D. Johnson, Jr.*
Curtis Johnson  (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Appellant, Uncle Nearest, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on today May 7, 2026, a copy of the foregoing was served via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

*/s/ Curtis D. Johnson, Jr.*
Curtis D. Johnson, Jr.

6