# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | |
|---|---|
| UNCLE NEAREST, INC., | ) |
| | ) |
|     Appellant, | ) Case No. 3:26-cv-00135-CEA-DCP |
| | ) |
| v. | ) On Appeal from Case No. |
| | ) 3:26-bk-30470-SHB |
| PHILLIP G. YOUNG, JR., | ) |
| in his capacity as Receiver, et al., | ) |
| | ) |
|     Appellees. | ) |

## APPELLEE RECEIVER PHILLIP G. YOUNG, JR.'S RESPONSE TO APPELLANT'S MOTION TO STRIKE OR, IN THE ALTERNATIVE, SET ASIDE THE BANKRUPTCY COURT'S SUPPLEMENTAL MEMORANDUM OPINION

Comes now, Appellee Phillip G. Young, Jr., Receiver (the "Receiver") and hereby files his response to the Appellant's *Motion to Strike or, in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion* (the "Motion to Strike").[1] The Receiver respectfully requests that this Court deny the Motion to Strike. The Bankruptcy Court's Supplemental Memorandum Opinion adds no new cases, announces no new ground for dismissal, and in fact *narrows* the analysis from the bench by omitting the Bankruptcy Court's lengthy discussion of subject matter jurisdiction. It is precisely the kind of post-bench-ruling memorialization that the Sixth Circuit has expressly authorized as an action *in aid of the appeal*. In support thereof, the Receiver represents as follows.

## BACKGROUND

On March 17, 2026, Fawn Weaver attempted to file Chapter 11 bankruptcy cases for three of the Receivership Entities with the U.S. Bankruptcy Court for the Eastern District of Tennessee

---

[1] D.E. # 23.

(Knoxville). The Receiver and Creditor/Appellee Farm Credit Mid-America, PCA each filed motions to dismiss those filings as unauthorized. On March 19, 2026, the Bankruptcy Court conducted an emergency hearing on the motions to dismiss and delivered a detailed bench opinion spanning twenty-eight pages of transcript.[2] The bench opinion addressed (a) subject matter jurisdiction; (b) interpretation of the Receivership Order under Tennessee law; and (c) more than a dozen authorities bearing on the authority-to-file issue. The Bankruptcy Court held that Ms. Weaver lacked the authority to file the bankruptcy cases in light of the Order Appointing Receiver entered by this Court in the related Receivership Case, that the Receiver was the only individual who was authorized to file a bankruptcy on behalf of the entities, and that the Order Appointing Receiver did not preclude the entities from filing a bankruptcy case.

At the conclusion of the bench opinion, the Bankruptcy Court *expressly* reserved the right to make edits to the opinion if and when it was transcribed. The Court stated:

> I will not ask the court reporter to transcribe my opinion. If it is transcribed at the request of any party, I reserve the right to make any edits — and there will be a lot of them — as to format, style, grammar, or citation, in addition to the rights under Federal Rule of Bankruptcy Procedure 9024, which makes Federal Rule of Civil Procedure 60(a) applicable in bankruptcy proceedings.[3]

Later that day, the Bankruptcy Court entered a five-page Order of Dismissal which expressly incorporated by reference "the reasons and . . . the authority stated in detail by the Court at the March 19 hearing."[4] The Appellant filed its Notice of Appeal on March 20, 2026, within one business day of the bench ruling and entry of the Order of Dismissal.[5] On March 23, 2026, three business days after the bench ruling, the Bankruptcy Court entered the Supplemental Memorandum Opinion.[6] The Supplemental Memorandum Opinion expressly states that it is *not* a Rule 60(a) correction and that its purpose was "to clarify, but not alter, the decision by elaborating on the authorities relied on by the Court to find that Fawn Weaver lacked authority to file the

---

[2]A copy of the transcript of the March 19, 2026 hearing has been previously filed in this matter as part of the bankruptcy court record.
[3]Transcript of March 19, 2026 hearing, p. 47:20–48:1.
[4]3:26-bk-30470-SHB, D.E. # 48, p. 4.
[5]3:26-bk-30470-SHB, D.E. # 71.
[6]3:26-bk-30470-SHB, D.E. # 72.

bankruptcy petition in this case."[7] After entry of the Supplemental Memorandum Opinion, the Appellant filed an *Amended* Notice of Appeal designating both the Order of Dismissal and the Supplemental Memorandum Opinion. The Appellant cannot now credibly argue that the Supplemental Memorandum Opinion is a void document while simultaneously appealing it.

The Motion to Strike should be denied for three independent reasons: (1) the Supplemental Memorandum Opinion adds nothing new — it cites no new cases, announces no new ground for dismissal, and in fact narrows the bench ruling's analytical scope; (2) under controlling Sixth Circuit authority, a written memorialization of an oral ruling soon after delivery is an action *in aid of the appeal* and not a jurisdictionally barred substantive expansion; and (3) the Appellant's reliance on Rule 60(a) cases is misplaced because the Supplemental Memorandum Opinion expressly disclaims being a Rule 60(a) correction.

### THE SUPPLEMENTAL MEMORANDUM OPINION ADDS NO NEW CASES AND NARROWS, RATHER THAN EXPANDS, THE BENCH RULING

The Appellant's entire Motion rests on the assertion that the Supplemental Memorandum Opinion "materially expanded upon and supplemented the reasoning underlying the original Order of Dismissal which was on appeal."[8] That assertion is demonstrably incorrect. A side-by-side review of the bench opinion (Tr. 21–48), the Order of Dismissal, and the Supplemental Memorandum Opinion shows that the Bankruptcy Court did not expand a single thing.

**Not a single new case appears in the Supplemental Memorandum Opinion.** Every authority discussed in the Supplemental Memorandum Opinion was discussed at the March 19 hearing on the record. The cases include *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024); *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914); *Citizens & Northern Bank v. Pembrook Pines Mass Media*, 2012 WL 1119755 (W.D.N.Y. 2012); *Struthers Furnace Co. v. Grant*, 30 F.2d 576 (6th Cir. 1929); *In re Stewart*, 2025 WL 715494 (Bankr. N.D. Ohio 2025); *In re Chicago South Loop Hotel Owner, LLC*, 2026 WL 690868 (Bankr. N.D. Ill. 2026); *In re Whittaker Clark & Daniels Inc.*, 152 F.4th 432 (3d Cir. 2025); *El Torero Licores v. Raile (In re Licores)*, 2013 WL 6834609 (C.D. Cal. 2013); *Adams v. Marwil (In re Bayou Grp., LLC)*, 564

---

[7]3:26-bk-30470-SHB, D.E. # 72, p. 3 & n.2.
[8]Motion to Strike, ¶ 3.

F.3d 541 (2d Cir. 2009); *Sino Clean Energy, Inc. v. Seiden*, 901 F.3d 1139 (9th Cir. 2018); *In re Lexington Hospitality Group, LLC*, 577 B.R. 676 (Bankr. E.D. Ky. 2017); *Jordan v. Independent Energy Corp.*, 446 F. Supp. 516 (N.D. Tex. 1978); and *Price v. Gurney*, 324 U.S. 100 (1945). Every one of those cases was discussed by the Bankruptcy Court *from the bench*, on the record, before the Notice of Appeal was filed.

**If anything, the Supplemental Memorandum Opinion *removes* analysis that appeared in the bench opinion.** The bench opinion contained an extensive subject matter jurisdiction discussion (Tr. 22–31) citing *In re The Phoenix Fund LLC*, 2026 WL 693114 (Bankr. D.P.R. 2026); *Talon Diversified Holds. Inc. v. Forsythe (In re Parks Diversified, L.P.)*, 2026 WL 588285 (9th Cir. 2026); *Tennial v. REI Nation, LLC (In re Tennial)*, 978 F.3d 1022 (6th Cir. 2020); *New Haven Radio, Inc. v. Meister (In re Marin-Trigona)*, 760 F.2d 1334 (2d Cir. 1985); and the Supreme Court's clear-statement jurisprudence (*Steel Co.*, *Kontrick*, *Arbaugh*, *Henderson*, *Boechler*, and *Wilkins*, among others). *None* of those authorities appear in the Supplemental Memorandum Opinion. The Supplemental Memorandum Opinion also drops the bench ruling's discussion of *In re Roxwell Performance Drilling, LLC*, 2013 WL 6799118 (Bankr. N.D. Tex. 2013), entirely. A document that *removes* case discussion cannot fairly be described as one that "materially expanded" the underlying reasoning. The Appellant's characterization is wrong.

**The holdings are identical.** From the bench, the Bankruptcy Court held that "the receivership order provides the sole authority to Mr. Young" and that "Ms. Weaver did not have authority, as she was divested of any authority except ordinary course marketing and managing the brand," so "there is cause for dismissal because there is a lack of authority for the petitions as they were filed."[9] The Supplemental Memorandum Opinion holds, identically, that "Ms. Weaver lacked authority to file the bankruptcy petition in this case" and "the Court was required to dismiss it for cause under § 1112(b)."[10] Same holding. Same outcome. Same dismissal.

---

[9]Transcript of March 19, 2026 hearing, p. 47:13–19.
[10]3:26-bk-30470-SHB, D.E. # 72, p. 12.

## THE SUPPLEMENTAL MEMORANDUM OPINION IS A PERMISSIBLE MEMORIALIZATION OF THE BENCH RULING UNDER SIXTH CIRCUIT AUTHORITY

The Appellant correctly cites the general divestiture rule of *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). What the Motion conveniently omits, however, is the equally settled corollary: the trial court retains "limited jurisdiction to take actions in aid of the appeal," and the Sixth Circuit has expressly held that this limited jurisdiction includes the memorialization of a bench ruling soon after it is delivered. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). The Sixth Circuit drew the controlling distinction in *Inland Bulk*:

> Several appellate courts have allowed district courts to use this exception to memorialize oral opinions soon after a decision was rendered; that action has been considered one "in aid of the appeal." However, appellate courts have generally prevented trial courts from developing supplemental findings after the notice of appeal has been filed . . . . "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal."

*Id* (citations omitted). That distinction defeats the Motion to Strike. The Supplemental Memorandum Opinion is a memorialization, not an alteration (as discussed above). It was entered *four days* after the bench ruling — by any measure, "soon after a decision was rendered." *Id.*

The Bankruptcy Court itself signaled at the time of the bench ruling that exactly such a written counterpart was forthcoming. The Court *expressly* reserved the right to make edits as to "format, style, grammar, or citation" if a transcript was prepared.[11] The Supplemental Memorandum Opinion is the written counterpart of that contemplated clean-up. The opinion itself confirms it: it states that its purpose was "to clarify, but not alter, the decision"[12] and that it "is not a correction of the Court's decision issued from the bench or the dismissal order entered on March 19, 2026."[13] That is the textbook *Inland Bulk* memorialization.

---

[11]Transcript of March 19, 2026 hearing, p. 47:22–25.
[12]3:26-bk-30470-SHB, D.E. # 72, p. 3.
[13]3:26-bk-30470-SHB, D.E. # 72, p. 3 n.2.

The Bankruptcy Court was further entitled to deliver its findings of fact and conclusions of law orally on the record. Federal Rule of Civil Procedure 52(a)(1), made applicable by Federal Rule of Bankruptcy Procedure 7052, provides that findings and conclusions "may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1). The twenty-eight pages of bench opinion *are* the operative findings and conclusions in this case. The Order of Dismissal expressly so states.[14] The Supplemental Memorandum Opinion did not, and could not, "develop" findings that already existed. It restated them in writing.

### THE APPELLANT'S RELIANCE ON OLLE AND IN RE WALTER IS MISPLACED

The Appellant's two principal authorities — *Olle v. Henry & Wright Corp.*, 910 F.2d 357 (6th Cir. 1990), and *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434 (6th Cir. 2002) — are inapposite. Both are Rule 60(a) cases addressing attempts to use that rule to make *substantive changes* to a final judgment. The Sixth Circuit held that Rule 60(a) authorizes only the correction of clerical mistakes and may not be used to alter substantive judgment. *Olle*, 910 F.2d at 364; *In re Walter*, 282 F.3d at 440. Furthermore, the additional orders at issue in *Olle* and *In re Walter* were entered over a year after the initial order. The Supplemental Memorandum Opinion was entered three (3) business days after the bench ruling, not a year.

Those cases would matter only if the Supplemental Memorandum Opinion *altered* the Order of Dismissal by adding a new ground for dismissal, modifying the disposition, or expanding the relief granted. It did none of those things. The Supplemental Memorandum Opinion did not amend or modify the Order of Dismissal at all; the Order of Dismissal remains as it was entered on March 19, 2026, dismissing this Chapter 11 case. The Supplemental Memorandum Opinion expressly states that it does not invoke Rule 60(a) and is not a correction.[15] *Olle* and *In re Walter*, both Rule 60(a) cases, therefore have no application here. The correct framework is *Inland Bulk*,

---

[14] 3:26-bk-30470-SHB, D.E. # 48, p. 4 ("for the reasons and in consideration of the authority stated in detail by the Court at the March 19 hearing").

[15] 3:26-bk-30470-SHB, D.E. # 72, p. 3 n.2.

which authorizes a trial court to memorialize a bench ruling without invoking Rule 60(a) at all.[16] The Bankruptcy Court took precisely that path.

## THE APPELLANT'S OWN CONDUCT DEFEATS THE MOTION

Two procedural facts undercut the Appellant's position. First, the Appellant filed its Notice of Appeal on March 20, 2026, within hours of the bench ruling. The Appellant cannot fairly complain that the Bankruptcy Court did not produce a polished written opinion before the appeal was filed when the Appellant itself filed the appeal before any reasonable opportunity for that to occur. The Appellant's own manufactured urgency, not any error by the Bankruptcy Court, created the very sequence of events that the Motion now criticizes.

Second, after the Supplemental Memorandum Opinion was entered, the Appellant filed an Amended Notice of Appeal designating *both* the Order of Dismissal *and* the Supplemental Memorandum Opinion. That conduct is fundamentally inconsistent with the Appellant's present position that the Supplemental Memorandum Opinion is a jurisdictionally void document that should be stricken from the record. If the Appellant genuinely believed the Supplemental Memorandum Opinion was a nullity, there would have been no reason to amend the Notice of Appeal to encompass it. The Amended Notice of Appeal reflects the Appellant's recognition that the Supplemental Memorandum Opinion is part of the same dismissal decision and properly part of the appellate record.

## CONCLUSION

The Supplemental Memorandum Opinion adds no new case authority, announces no new ground for dismissal, narrows rather than expands the bench ruling's analytical scope, expressly disclaims being a Rule 60(a) correction, and was anticipated by the Bankruptcy Court at the time of the bench ruling. Under *Inland Bulk*, that is a permissible memorialization of an oral ruling in aid of the appeal, not a post-appeal substantive expansion. The Appellant's reliance on *Olle* and *In re Walter* is misplaced because those cases address Rule 60(a) substantive alterations, which is not what occurred here.

---

[16] *Inland Bulk*, 332 F.3d at 1013

WHEREFORE, the Receiver respectfully requests that this Court enter an Order denying the Appellant's Motion to Strike, and granting such other relief as the Court deems just and proper.

Dated this 12th day of May, 2026.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax:    (615) 807-3048
Justin@thompsonburton.com
*Counsel for Receiver*

<div align="center">**CERTIFICATE OF SERVICE**</div>

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail, this 12th day of May, 2026, on the following parties:

Curtis Johnson
Florence Johnson
JOHNSON & JOHNSON, P.C.
1407 Union Avenue, Suite 1002
Memphis, TN 38104
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

Demetra Liggins
Dairanetta S. Spain
McGuireWoods, LLP
Texas Tower
845 Texas Avenue, Suite 2400
Houston, TX 77002
dliggins@mcguirewoods.com
dspain@mcguirewoods.com

Erika R. Barnes
Stites & Harbison, PLLC
Suntrust Plaza
401 Commerce Street, Suite 800
Nashville, TN 37219-2449
ebarnes@stites.com

Mary Alexandra Shipley
McGuireWoods, LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
ashipley@mcguirewoods.com

/s/ Justin T. Campbell
Justin T. Campbell