**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| UNCLE NEAREST, INC. ) | |
| ) | |
| **Appellant,** ) | |
| ) | **Case No. 3:26-cv-00135-CEA-DCP** |
| v. ) | **On Appeal from Case No.** |
| ) | **3:26-bk-30470-SHB** |
| PHILLIP G. YOUNG, JR., ) | |
| in his capacity as Receiver, et al., ) | |
| ) | |
| **Appellees.** ) | |
| ) | |

**APPELLANT'S REPLY IN FURTHER SUPPORT OF MOTION TO STRIKE
SUPPLEMENTAL MEMORANDUM OPINION FROM APPELLATE RECORD**

COMES NOW, the Appellant, Uncle Nearest, Inc. (hereinafter the "Appellant" or "Debtor"), by and through undersigned counsel of record, and respectfully submits this Reply in Further Support of the Motion to Strike Supplemental Memorandum Opinion From Appellate Record.

In Reply to the Oppositions filed on the docket at entries 25 and 26 respectively, Debtor states as follows:

**I.**

**<u>INTRODUCTION</u>**

1. The Debtor's Motion presents a threshold jurisdictional issue bearing directly upon the integrity of the appellate record.

1

2.     Following entry of the Order on Motion to Dismiss Case (See, Dkt. Ent. 48)[1], Appellant timely filed its Notice of Appeal on March 20, 2026. (See, Dkt. Ent. 49).

3.     After appellate jurisdiction vested, the Bankruptcy Court entered its Supplemental Memorandum Opinion styled as "Findings of Fact and Conclusions of Law." (See, Dkt. Ent. 72).

4.     The Supplemental Memorandum Opinion expressly stated that it was "supplementing" and "elaborating on the authorities relied upon" by the Bankruptcy Court in support of the dismissal ruling.

5.     Controlling authority prohibits precisely that conduct. Once a notice of appeal is filed, the lower court may not "supplement its decision or otherwise alter the case while an appeal is pending." *Taylor v. Stevens*, 146 F.4th 480, 483 (6th Cir. 2025); *United States v. Harvey*, 996 F.3d 310, 312–13 (6th Cir. 2021); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012–13 (6th Cir. 2003).

6.     Because the Receiver's Opposition and the Bank's Opposition assert materially identical arguments and authorities, and were filed within minutes of one another, Appellant addresses the Receiver's Opposition as representative of both responses to avoid unnecessary duplication and conserve judicial resources.

7.     The Debtor respectfully requests that this Court strike the Supplemental Memorandum Opinion from the appellate record or, alternatively, hold that it carries no legal effect because it was entered without jurisdiction after the Notice of Appeal transferred jurisdiction to the appellate court.

---

[1] All docket entries referenced herein are to the Bankruptcy Court record.  Said record was transferred to the District Court on April 29, 2026. (See, Dkt. Ent. 88).

2

## <u>LAW AND ARGUMENT</u>

*i.      The Receiver Misstates the Governing Sixth Circuit Standard*

The Receiver's Opposition confirms precisely why the Supplemental Memorandum Opinion must be stricken. The Receiver concedes that the Bankruptcy Court issued a post-appeal "Supplemental Memorandum Opinion" that "supplement[ed]" and "elaborat[ed] on the authorities relied upon" after the Notice of Appeal transferred jurisdiction to the appellate court. That is precisely what controlling authority prohibits. *Taylor v. Stevens*, 146 F.4th 480 (6th Cir. 2025); *United States v. Harvey*, 996 F.3d 310 (6th Cir. 2021); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007 (6th Cir. 2003).

The Receiver attempts to characterize the Supplemental Memorandum Opinion as permissible "memorialization." But Sixth Circuit law narrowly limits memorialization to the prompt reduction of an oral ruling to writing. It does not permit a lower court to issue a later opinion that supplements, elaborates upon, reorganizes, fortifies, narrows, or reformulates legal reasoning after appellate jurisdiction has attached.

*Taylor* expressly recognized only a narrow exception allowing a court to issue "an opinion that memorializes" an earlier oral ruling "provided that the court does so promptly." 146 F.4th at 483. *Harvey* likewise limited the exception to "memorializ[ing] an oral ruling made days before." 996 F.3d at 312–13. Neither decision authorizes post-appeal substantive revision of the analytical framework presented to the appellate court.

To the contrary, *Taylor* held that a district court "cannot supplement its decision or otherwise alter the case while an appeal is pending," and declared such a post-appeal opinion "null and void." 146 F.4th at 483–84.

Likewise, *Ced's Inc. v. U.S. E.P.A.*, 745 F.2d 1092 (7th Cir. 1984), expressly relied upon in *Inland Bulk*, confirms that even additional conclusions of law alone, without new facts, exceed jurisdiction once a notice of appeal has been filed. *In re Picht*, 403 B.R. 707 (B.A.P. 10th Cir. 2009), likewise rejected the precise practice employed here: issuance of a post-appeal supplemental memorandum opinion intended to elaborate upon an earlier ruling after the appeal had commenced.

ii.    *The Receiver's Own Characterization of the Supplemental Memorandum Opinion Defeats the "Memorialization" Argument*

The Receiver asserts that the Supplemental Memorandum Opinion was "[p]recisely the kind of post-bench-ruling memorialization that the Sixth Circuit has expressly authorized as an action in aid of the appeal." [2]

But the Receiver's own characterization defeats that argument.

The Bankruptcy Court expressly stated that the Supplemental Memorandum Opinion was "supplementing" and "elaborating on the authorities relied upon by the Court." Those are substantive acts of legal revision, not clerical memorialization.

The Receiver further concedes that the Supplemental Memorandum Opinion:

- removed authorities discussed at the bench,

- narrowed portions of the earlier analysis,

- reformulated aspects of the ruling,

- and omitted discussions previously included in the oral findings. [3]

Those concessions alone establish that the later opinion did not merely preserve the earlier ruling verbatim. A true memorialization reproduces an earlier ruling, it does not selectively remove

---

[2] See, Dkt. Ent.25, PG. ID. 729.
[3] See, Dkt. Ent. 25, PG. ID. 731.

4

authorities, narrow discussions, reorganize reasoning, or reformulate the analytical structure of the decision after appellate jurisdiction has vested.

Appellant argues that this distinction is critical because the governing authorities do not limit impermissible supplementation to situations involving entirely "new" analysis. *Harvey* invalidated a later opinion that merely provided a "fuller explanation" for an earlier ruling. 996 F.3d at 312–13. *Ced's* likewise vacated a supplemental memorandum opinion supplying "additional grounds in support of" the original order even though the material "took the form entirely of conclusions of law" and involved "no new findings of fact." 745 F.2d at 1095.

As *Ced's* explained, parties are entitled to "a stable set of conclusions of law" once appellate jurisdiction attaches. Id. at 1096. The Sixth Circuit expressly adopted that reasoning in *Inland Bulk*. 332 F.3d at 1012–13.

The Receiver's own admissions confirm that the Supplemental Memorandum Opinion materially altered the analytical presentation of the dismissal ruling after jurisdiction transferred to the appellate court. Under *Taylor*, *Harvey*, *Inland Bulk*, *Ced's*, and *Picht*, that exceeds the Bankruptcy Court's jurisdiction.

iii.     *The Receiver's Argument That the Supplemental Memorandum Opinion Did Not*
         *"Expand" the Ruling Fails Under Controlling Law*

The Receiver argues that:

> "A side-by-side review of the bench opinion (Tr. 21–48), the Order of Dismissal, and the Supplemental Memorandum Opinion shows that the Bankruptcy Court did not expand a single thing."[4]

But whether the Supplemental Memorandum Opinion "expanded" the ruling is not the governing test.

---

[4] *Id.*

The controlling cases do not ask whether the later opinion became longer, added additional pages, or changed the ultimate outcome. The question is whether the lower court altered the analytical framework of the appealed ruling after appellate jurisdiction transferred.

The Receiver's own briefing confirms that it did. Elsewhere, the Receiver admits that the Supplemental Memorandum Opinion:

- "narrows rather than expands the bench ruling's analytical scope,"

- "removes analysis that appeared in the bench opinion,"

- omits authorities discussed at the bench,

- and reformulates portions of the earlier analysis.

Those concessions establish that the Supplemental Memorandum Opinion did not merely preserve the earlier ruling. It altered the analytical presentation of the dismissal after appellate jurisdiction had vested.

Under *Taylor*, *Harvey*, *Inland Bulk*, *Ced's*, and *Picht*, that exceeds the lower court's jurisdiction regardless of whether the later opinion purported to "expand" the ruling.

iv.     *Removing, Narrowing, or Reformulating Analysis Still Constitutes Post-Appeal Alteration of the Appellate Target*

Finally, the Receiver argues:

"If anything, the Supplemental Memorandum Opinion removes analysis that appeared in the bench opinion. The bench opinion contained an extensive subject matter jurisdiction discussion . . . None of those authorities appear in the Supplemental Memorandum Opinion."

The Receiver then concludes:

"A document that removes case discussion cannot fairly be described as one that 'materially expanded' the underlying reasoning."

That argument misunderstands the governing standard.

6

The jurisdictional defect identified in *Taylor*, *Harvey*, *Inland Bulk*, and *Ced's* is not limited to situations where a later opinion becomes longer or adds entirely new authorities. The defect arises whenever the lower court alters, supplements, reorganizes, fortifies, narrows, reformulates, or otherwise changes the analytical presentation of the appealed ruling after jurisdiction has transferred.

Indeed, the Receiver's own argument confirms that the Supplemental Memorandum Opinion materially changed the analytical structure of the dismissal ruling. According to the Receiver, the later opinion:

- removed entire subject matter jurisdiction discussions,

- omitted authorities discussed at the bench,

- abandoned portions of the earlier analysis, and

- narrowed the analytical scope of the ruling.

That is not ministerial memorialization. It is substantive reworking of the appellate target after the Notice of Appeal vested jurisdiction in the appellate court.

Moreover, the Receiver's argument directly conflicts with the principle articulated in *Ced's* and adopted by the Sixth Circuit in *Inland Bulk*: parties are entitled to "a stable set of conclusions of law on which they can rely in preparing their briefs." *Inland Bulk*, 332 F.3d at 1012–13 (quoting *Ced's*, 745 F.2d at 1096). Appellants cannot meaningfully prepare appellate briefing if the lower court is simultaneously deleting authorities, narrowing discussions, reorganizing reasoning, and reformulating the legal basis of dismissal after the appeal has commenced.

The Receiver's position would improperly permit a lower court to continually refine or streamline its reasoning after appellate jurisdiction attaches so long as the court claims the later opinion merely "removes" analysis instead of adding it. The Receiver's argument is not consistent

7

with the case law under *Taylor*, *Harvey*, *Inland Bulk*, *Ced's*, and *Picht*, the lower court loses

jurisdiction to alter the analytical framework of the appealed ruling once the notice of appeal is

filed.

    v.       *The Receiver's Rule 60(a) Argument Undermines His Position*

    The Receiver argues that:

> "The Appellant's two principal authorities — *Olle v. Henry & Wright Corp.*, 910 F.2d 357 (6th Cir. 1990), and *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434 (6th Cir. 2002) — are inapposite."

The Receiver further argues:

> "The Sixth Circuit held that Rule 60(a) authorizes only the correction of clerical mistakes and may not be used to alter substantive judgment."

This argument serves to reinforce the Appellant's position. The Bankruptcy Court expressly

invoked Rule 9024 and Rule 60(a) while simultaneously reserving the right to make "a lot" of edits

"as to format, style, grammar, or citation." But Rule 60(a) is strictly limited to clerical corrections.

As the Receiver acknowledges, *Olle* and *In re Walter* hold that Rule 60(a) "may not be used to

alter substantive judgment." That principle directly undermines the Receiver's attempt to

characterize the Supplemental Memorandum Opinion as a permissible post-appeal filing.

    Rule 60(a) expressly states:

> But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.[5]

---

[5] Fed. R. Civ. P. 60(a), incorporated into bankruptcy proceedings through Fed. R. Bankr. P. 9024, strictly limits post-appeal corrections to clerical mistakes and expressly requires appellate leave once an appeal is pending. The Rule provides in full: 'The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.' The Receiver expressly invoked Rule 9024 and Rule 60(a) while simultaneously asserting that the Supplemental Memorandum Opinion was not a Rule 60(a) correction. Either way, the Receiver's position fails. If the Supplemental Memorandum Opinion constituted a

Thus, even clerical corrections require appellate leave once appellate jurisdiction attaches. No such leave was sought or obtained here.

The Receiver also argues:

> "Those cases would matter only if the Supplemental Memorandum Opinion altered the Order of Dismissal by adding a new ground for dismissal, modifying the disposition, or expanding the relief granted. It did none of those things."

But controlling authority imposes no such limitation. *Taylor* held that a district court loses jurisdiction once it "supplement[s] its decision or otherwise alter[s] the case while an appeal is pending." 146 F.4th at 483. *Harvey* invalidated a later opinion that merely provided a "fuller explanation" supporting an earlier order. 996 F.3d at 312–13. *Ced's* vacated a supplemental memorandum opinion consisting entirely of "additional grounds in support of" the original order even though there were "no new findings of fact." 745 F.2d at 1095.

None of those decisions turned on whether the later opinion changed the ultimate outcome or granted different relief. The Receiver's proposed rule would permit a court to issue post-appeal opinions reworking, fortifying, reorganizing, or elaborating upon its reasoning so long as the disposition remained unchanged. That is precisely the practice rejected in *Taylor*, *Harvey*, *Inland Bulk*, *Ced's*, and *Picht*.

> vi.      *The Receiver's Argument That the Bench Ruling Alone Controls Does Not Cure the Jurisdictional Defect*

The Receiver argues:

> "The twenty-eight pages of bench opinion are the operative findings and conclusions in this case. The Order of Dismissal expressly so states. The

---

clerical correction, appellate leave was required. If it did not, then the opinion necessarily must satisfy the Sixth Circuit's narrow 'in aid of appeal' doctrine, which prohibits post-appeal substantive supplementation. *Taylor v. Stevens*, 146 F.4th 480 (6th Cir. 2025); *United States v. Harvey*, 996 F.3d 310 (6th Cir. 2021)."

> Supplemental Memorandum Opinion did not, and could not, 'develop' findings that already existed. It restated them in writing."

That argument fails.

First, the existence of an earlier oral ruling does not authorize a later written opinion after appellate jurisdiction has attached. *Taylor* and *Harvey* recognize only a narrow memorialization exception. The later opinion must merely memorialize the earlier ruling and may not materially revise, supplement, reorganize, or elaborate upon the analytical basis of the decision. *Taylor*, 146 F.4th at 483–84; *Harvey*, 996 F.3d at 312–13.

Second, the Receiver's own briefing confirms that the Supplemental Memorandum Opinion did more than "restate" the bench ruling. The Receiver repeatedly argues that the later opinion "narrows" the earlier analysis, "removes" portions of the bench discussion, and reformulates the authorities relied upon. Those are substantive analytical changes, not mere transcription.

Third, the Receiver's position conflicts directly with the principle articulated in *Inland Bulk* and *Ced's* that litigants are entitled to "a stable set of conclusions of law on which they can rely in preparing their briefs." *Inland Bulk*, 332 F.3d at 1012–13 (quoting *Ced's*, 745 F.2d at 1096). If a court may reorganize, streamline, remove, or reformulate its reasoning after the notice of appeal is filed, then the appellate target is no longer stable. That is precisely the problem those cases sought to prevent.

The Receiver also relies on the fact that the Order of Dismissal referenced the bench ruling. But *Harvey* rejected the same concept. There, the district court had already issued its ruling, yet later attempted to provide a fuller written explanation "in support of" the earlier decision after the appeal had been filed. The Sixth Circuit nevertheless held that the district court "was without jurisdiction to file the opinion altogether." 996 F.3d at 312.

Likewise here, once the Notice of Appeal transferred jurisdiction, the Bankruptcy Court could not issue a later written opinion "supplementing" and "elaborating on the authorities relied upon" merely because some version of the analysis had previously been discussed orally from the bench.

*vii.*   *The Receiver's "Manufactured Urgency" Argument Misstates the Record*

The Receiver argues:

> "The Appellant filed its Notice of Appeal on March 20, 2026, within hours of the bench ruling. The Appellant cannot fairly complain that the Bankruptcy Court did not produce a polished written opinion before the appeal was filed when the Appellant itself filed the appeal before any reasonable opportunity for that to occur."

The Receiver further argues:

> "The Appellant's own manufactured urgency, not any error by the Bankruptcy Court, created the very sequence of events that the Motion now criticizes."

That characterization is demonstrably inaccurate.

The expedited sequence was initiated by the Receiver, not the Appellant. The Receiver filed an emergency motion seeking expedited relief within hours of the Chapter 11 filing. The following day, the Receiver filed the Motion to Dismiss. Within approximately eighteen hours, the Bankruptcy Court conducted the emergency hearing and dismissed the case from the bench. Within hours thereafter, the Bankruptcy Court entered the Order of Dismissal. Only after that sequence of emergency filings, hearings, rulings, and entry of dismissal did Appellant file its Notice of Appeal on March 20, 2026.

Appellant did exactly what appellate procedure required: timely preserve appellate rights after entry of the dismissal order. The Receiver cites no authority suggesting that a party forfeits jurisdictional protections by filing a timely notice of appeal.

11

More importantly, the Sixth Circuit does not condition jurisdictional transfer on whether the lower court subjectively had "enough time" to prepare a more detailed opinion before the notice of appeal was filed. Once the notice of appeal is filed, jurisdiction transfers. *Taylor*, 146 F.4th at 483; *Harvey*, 996 F.3d at 312; *Inland Bulk*, 332 F.3d at 1012–13. At that point, the lower court may not "supplement its decision or otherwise alter the case while an appeal is pending." *Taylor*, 146 F.4th at 483.

> viii. *Designating the Supplemental Memorandum Opinion in the Amended Notice of Appeal Does Not Validate It*

The Receiver also argues that after the Supplemental Memorandum Opinion was entered, the Appellant:

"…filed an Amended Notice of Appeal designating both the Order of Dismissal and the Supplemental Memorandum Opinion."

The Receiver then contends:

"The Appellant cannot now credibly argue that the Supplemental Memorandum Opinion is a void document while simultaneously appealing it."

This argument misstates basic appellate procedure. Appellant amended the Notice of Appeal because the Supplemental Memorandum Opinion had been entered into the record and could affect the appellate proceedings. Preserving appellate rights as to a challenged order does not concede the validity of that order. Litigants routinely designate allegedly void, improper, or jurisdictionally defective orders in notices of appeal to ensure appellate review and vacatur.

Indeed, *Taylor* itself demonstrates the flaw in the Receiver's argument. There, the Sixth Circuit reviewed the post-appeal "clarifying order" only to hold that the district court "lacked

12

jurisdiction to issue" it and that the order was "null and void." 146 F.4th at 484. Appellate review did not validate the order. The same principle applies here.

ix.     *Disclaiming Rule 60(a) Does Not Save the Supplemental Memorandum Opinion*

The Receiver argues:

> "The Appellant's reliance on Rule 60(a) cases is misplaced because the Supplemental Memorandum Opinion expressly disclaims being a Rule 60(a) correction."

But that disclaimer does not solve the jurisdictional problem. It deepens it.

If the Supplemental Memorandum Opinion was truly limited to clerical corrections, then Rule 60(a) would apply and appellate leave would have been required once the appeal was pending. Fed. R. Civ. P. 60(a) expressly states:

> "But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

No such leave was sought or obtained.

If, on the other hand, the Supplemental Memorandum Opinion was not a Rule 60(a) correction, then it must stand or fall under the Sixth Circuit's narrow "in aid of appeal" doctrine. But under *Taylor*, *Harvey*, and *Inland Bulk*, that doctrine permits only the prompt memorialization of an oral ruling. It does not permit a court to issue a later written opinion that "supplement[s]," "elaborate[s]," reorganizes, narrows, or reformulates the analytical basis of the appealed ruling.

The Receiver cannot escape the jurisdictional defect simply by disclaiming Rule 60(a). The issue is not the label attached to the Supplemental Memorandum Opinion. The issue is what the Bankruptcy Court actually did after appellate jurisdiction attached.

Here, the Bankruptcy Court expressly stated that it was "supplementing" and "elaborating on the authorities relied upon by the Court." The Receiver further concedes that the Supplemental Memorandum Opinion removed portions of the bench analysis and narrowed the analytical scope

13

of the ruling. Those are substantive analytical modifications to the appellate target. Under *Taylor*, *Harvey*, *Inland Bulk*, *Ced's*, and *Picht*, such post-appeal supplementation exceeds the lower court's jurisdiction regardless of how the filing is labeled.

## III.

## CONCLUSION

The Receiver's Opposition ultimately confirms the precise jurisdictional defect identified in *Taylor v. Stevens*, 146 F.4th 480 (6th Cir. 2025), *United States v. Harvey*, 996 F.3d 310 (6th Cir. 2021), *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007 (6th Cir. 2003), *Ced's Inc. v. U.S. E.P.A.*, 745 F.2d 1092 (7th Cir. 1984), and *In re Picht*, 403 B.R. 707 (B.A.P. 10th Cir. 2009). After appellate jurisdiction vested, the Bankruptcy Court issued a later written opinion that expressly "supplement[ed]" and "elaborat[ed]" upon the authorities underlying the dismissal ruling while simultaneously removing, narrowing, reorganizing, and reformulating the analytical framework of the earlier ruling. That is not permissible memorialization. It is post-appeal substantive alteration of the appellate target.

Under controlling authority, the Bankruptcy Court lacked jurisdiction to issue the Supplemental Memorandum Opinion, and the opinion is therefore null and void.

WHEREFORE, Appellant respectfully requests that this Court grant the Motion to Strike and strike the Supplemental Memorandum Opinion from the appellate record, together with such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Florence M. Johnson*
Curtis Johnson  (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Appellant, Uncle Nearest, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May 21, 2026, a copy of the foregoing was served

via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

*/s/ Florence M. Johnson*
Florence M. Johnson

15