UNCLE NEAREST, INC.                          )
                                             )
    Appellant,                           )
                                             )
                                             )    **Case No. 3:26-cv-00135-CEA-DCP**
v.                                           )      On Appeal from Case No.
                                             )      3:26-bk-30470-SHB
PHILLIP G. YOUNG, JR.,                       )
    in his capacity as Receiver, et al.,     )
                                             )
    Appellees.                           )
                                             )

## EMERGENCY MOTION TO PRESERVE THE STATUS QUO PENDING APPEAL

COMES NOW, the Appellant Uncle Nearest, Inc. (hereinafter the "Appellant"), by and through undersigned counsel of record, and respectfully submits this Emergency Motion to Preserve the Status Quo Pending Appeal.

The Appellant states as follows:

### I.

### INTRODUCTION

1. This Motion seeks narrow and temporary relief directed solely toward preserving orderly appellate review while related sale proceedings continue to advance.

2. This Motion does not seek adjudication of the underlying appeal, dissolution of the receivership, reversal of prior orders, or unwinding of any completed transactions.

3. Rather, the requested limited relief is intended solely to preserve the status quo while unresolved appellate proceedings mature toward substantive review.

4. A substantial procedural asymmetry has now emerged.

1

5. Sale-related proceedings are progressing toward potential consummation on established procedural timelines, while the appellate process has not yet substantively commenced.

6. A hearing concerning approval of the Martha's Vineyard property sale is presently scheduled for June 11, 2026.

7. Publication procedures and overbid activity are already underway.

8. The Receiver has further informed employees that at least one bona fide offer involving the full enterprise may be presented to the Court within the coming weeks.

9. At the same time:

(a) no appellate briefing schedule has been entered;

(b) the pending motion to expedite remains unresolved;

(c) substantive appellate review has not commenced; and

(d) the procedural posture of the appeal remains unresolved.

10. The relevant procedural acceleration is not limited to the June 11 hearing date itself. Multiple antecedent sale procedures are already underway and progressing toward practical implementation in advance of the scheduled hearing.

11. Absent limited temporary relief, sale-related activity may substantially advance before appellate proceedings mature sufficiently to permit orderly review.

12. The requested limited relief would preserve procedural flexibility while unresolved appellate proceedings continue toward substantive consideration.

13. The Supreme Court has repeatedly recognized that temporary relief preserving the status quo serves the essential function of protecting the integrity of appellate review while unresolved proceedings remain pending.

2

14. In *Nken v. Holder*, the Supreme Court explained:

A stay 'simply suspends judicial alteration of the status quo.'
*Nken v. Holder*, 556 U.S. 418, 429 (2009)

15. The Supreme Court further emphasized that interim relief serves to preserve the reviewing court's ability to render meaningful judgment following appellate consideration.

16. That concern carries particular significance where ongoing transactional activity may substantially outpace unresolved appellate proceedings before appellate review is procedurally organized.

17. The requested limited relief serves precisely that limited purpose. It would preserve procedural flexibility while appellate proceedings continue toward substantive review.

**II.**

**THE REQUESTED RELIEF IS NARROW, TEMPORARY, AND DIRECTED SOLELY**

**TOWARD PRESERVING ORDERLY APPELLATE REVIEW**

18. The Appellant does not seek merits adjudication through this Motion.

19. The Appellant does not ask this Court to:

(a) resolve the underlying appeal;

(b) dissolve the receivership;

(c) reverse prior orders;

(d) unwind completed transactions; or

(e) permanently prohibit future sale proceedings.

20. Instead, the requested relief is narrowly directed toward preserving the status quo for a limited period while unresolved appellate proceedings become procedurally organized.

3

21. The requested relief therefore serves a procedural and institutional function rather than a merits-adjudicative one.

22. Federal courts possess longstanding equitable authority to preserve the status quo pending appellate review where necessary to maintain the practical availability of meaningful review.

23. The Supreme Court has long recognized that "after appeal the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court." *Newton v. Consol. Gas Co. of N.Y.*, 258 U.S. 165, 177 (1922) (citing *Hovey v. McDonald*, 109 U.S. 150 (1883)).

24. More recently, in *Nken v. Holder*, the Supreme Court explained that "[t]he authority to hold an order in abeyance pending review allows an appellate court to act responsibly." 556 U.S. 418, 427 (2009).

25. The Supreme Court further recognized that appellate review "cannot always be done quickly enough to afford relief to the party aggrieved by the order under review." Id.

26. The Supreme Court accordingly explained that "[a] stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." Id. at 429.

27. These principles carry particular significance where ongoing transactional activity is actively progressing toward practical implementation while appellate proceedings remain procedurally undeveloped. The requested relief is directed precisely toward preserving that limited procedural window.

4

28. The need for interim preservation relief is no longer theoretical. Sale-related procedures are actively progressing now on established timelines leading toward the June 11, 2026 hearing.

29. Publication procedures are underway, overbid activity is ongoing, and the remaining procedural steps necessary for consummation of a sale will occur substantially in advance of the hearing itself.

30. By contrast, the appellate process remains materially earlier in posture. The pending motion to expedite remains unresolved, no appellate briefing schedule has been entered, and substantive appellate sequencing has not yet occurred.

31. Under these circumstances, limited interim preservation relief is necessary to maintain orderly appellate review before ongoing transactional developments materially outpace the procedural progression of appellate review.

32. Once sale-related procedures substantially advance, restoring prior procedural conditions may become increasingly difficult as a practical matter before appellate review is organized and completed.

33. The requested relief is temporary, procedural, and reversible in nature, and is directed solely toward preserving procedural flexibility while unresolved appellate proceedings continue toward substantive review.

## THE REQUESTED RELIEF PRESERVES THE PRE-CONSUMMATION STATUS QUO WITHOUT DISRUPTING OPERATIONAL ADMINISTRATION OF THE RECEIVERSHIP

34. The requested relief does not seek to dissolve the receivership, unwind completed transactions, or interfere with the Receiver's ongoing operational administration of the receivership estate.

35. The requested relief would not prohibit:

(a) continued administration of receivership assets;

(b) marketing activity;

(c) overbid procedures;

(d) negotiations with prospective purchasers; or

(e) other ordinary operational activity within the receivership proceedings.

36. Instead, the requested relief is narrowly directed toward preserving the pre-consummation procedural posture before irreversible transactional steps occur.

37. Federal Rule of Civil Procedure 62 expressly recognizes both that receivership proceedings are not automatically stayed pending appeal and that the Court retains authority to "suspend, modify, restore, or grant an injunction" while appellate proceedings remain pending. Fed. R. Civ. P. 62(c)-(d).

38. The requested relief falls comfortably within that limited preservation authority.

39. The Court is not being asked to reconsider or reverse the receivership structure itself. The Court is instead being asked to preserve the status quo long enough for unresolved

6

appellate proceedings to become sufficiently organized for orderly review before consummation occurs.

40. Once consummation occurs, however, restoring prior procedural conditions may become increasingly difficult as a practical matter.

41. The requested relief therefore preserves appellate reviewability without materially disrupting the ongoing administration of the receivership estate.

42. Limited interim preservation relief is therefore necessary to preserve procedural flexibility while unresolved appellate proceedings continue toward substantive review.

## IV.

## **CONCLUSION**

This Court has previously quoted Shakespeare's observation that "brevity is the soul of wit" in encouraging concise motion practice. Consistent with that guidance, the Appellant has attempted to present this Motion narrowly and procedurally, focused solely on preserving orderly appellate review while related sale proceedings continue advancing.

The urgency of the requested relief arises not from any request for premature merits adjudication, but from the present procedural asymmetry between actively advancing sale-related activity and unresolved appellate proceedings that have not yet substantively commenced.

Under these circumstances, limited temporary preservation relief is necessary to maintain procedural flexibility and preserve the practical availability of orderly appellate review while related proceedings continue toward substantive resolution.

WHEREFORE, the Appellant respectfully requests that this Court enter limited temporary relief preserving the pre-consummation status quo by:

(a) temporarily continuing the June 11, 2026 sale hearing, or alternatively temporarily withholding effectiveness of any order authorizing consummation of the proposed Martha's Vineyard property sale or any broader receiver sale transaction involving substantial enterprise assets pending further procedural development of the appellate proceedings;

(b) preserving procedural flexibility pending further development and organization of the related appellate proceedings;

(c) maintaining orderly appellate review while the pending motion to expedite and appellate sequencing remain unresolved; and

(d) granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis D. Johnson*
Curtis Johnson  (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Appellant, Uncle Nearest, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 26, 2026, a copy of the foregoing was served via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

*/s/ Curtis D. Johnson*
Curtis Johnson

8