# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNCLE NEAREST, INC., | ) | |
| | ) | |
| **Appellant,** | ) | Case No. 3:26-cv-00135-CEA-DCP |
| | ) | |
| v. | ) | On Appeal from Case No. |
| | ) | 3:26-bk-30470-SHB |
| PHILLIP G. YOUNG, JR., in his | ) | |
| capacity as Receiver, et al. | ) | |
| | ) | |
| **Appellees.** | ) | |

## APPELLEE RECEIVER PHILLIP G. YOUNG, JR.'S MOTION TO DISMISS APPEAL

Comes now, Appellee Phillip G. Young, Jr., Receiver (the "Receiver") and moves this Court to dismiss the appeal filed by Uncle Nearest, Inc.[1] (the "Appellant") pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support thereof, the Receiver represents as follows:

1. On March 19, 2026, the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") entered an Order granting two motions to dismiss the bankruptcy case (the "Order"). *See* Bankruptcy Docket No. 48.

2. On March 20, 2026, the Appellant filed its Notice of Appeal (the "Notice of Appeal"). *See* Bankruptcy Docket No. 49.

3. On April 29, 2026, the Clerk of the Bankruptcy Court filed the Transmittal of Record on Appeal to the United States District Court (Docket No. 20) (the "Transmittal").

---

[1] For clarity, and as the Bankruptcy Court properly found, only the Receiver has authority to act on behalf of Uncle Nearest, Inc. Therefore, it is a procedural anomaly that Uncle Nearest, Inc. is listed as the Appellant herein.

4.      Bankruptcy Rule 8018 governs the timing of filing briefs in a bankruptcy appeal.  More specifically, Bankruptcy Rule 8018(a)(1) provides:  "The appellant *must* serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically" (emphasis added).

5.      Applying Bankruptcy Rule 8018 to this matter, the Appellant's brief was due on May 29, 2026.  It was not filed by that date.  Instead of filing the appellant brief, as required by Bankruptcy Rule 8018, the Appellant spent the intervening weeks filing a host of other pleadings, including:  Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(b), and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C. § 158(d)(2) (Docket No. 19); Debtor's Motion to Strike or, in the Alternative, Set Aside the Bankruptcy Court's Supplement Memorandum Opinion (Docket No. 23); Emergency Motion to Preserve the Status Quo Pending Appeal (Docket No. 28); and a new appeal in a related case (*see* Case No. 4:25-cv-00038, Docket No. 200).

6.      Bankruptcy Rule 8018(a)(4) contains the consequences for failure to timely file an appeal brief:  "If an appellant fails to file a brief on time or within an extended time under (a)(3), the district court or BAP may – on its own after notice or on the appellee's motion – dismiss the appeal."

7.      Pursuant to Bankruptcy Rule 8018, this Court should affirm the decision of the Bankruptcy Court and dismiss this appeal for Appellant's failure to abide by the timelines established by the Bankruptcy Rules.[2]

---

[2] In this case, dismissal of the appeal at this juncture is not a draconian result.  The appeal, on its face, lacks merit.  This appeal was filed despite a lengthy, and well-authored, memorandum by the Bankruptcy Court which cited over a dozen cases that mandate the result reached by the Bankruptcy Court.

2

WHEREFORE, the Receiver respectfully requests that the Court affirm the decision of the Bankruptcy Court, dismiss this appeal, with any costs taxed to the Appellant, and grant all other related and necessary relief.

Dated this 1st day of June, 2026.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell, Tn. Bar No. 31056
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
Voice: (615) 465-6015
Fax: (615) 807-3048
Justin@thompsonburton.com

*Counsel for Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's ECF system and served via United States Mail and electronic mail on the following parties:

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson and Johnson PC
1407 Union Ave., Suite 1002
Memphis, TN 38104
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

/s/ Justin T. Campbell
Justin T. Campbell