**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| UNCLE NEAREST, INC. | ) |
| | ) |
|     Appellant, | ) |
| | )   **Case No. 3:26-cv-00135-CEA-DCP** |
| v. | )    On Appeal from Case No. |
| | )    3:26-bk-30470-SHB |
| PHILLIP G. YOUNG, JR., | ) |
|     in his capacity as Receiver, et al., | ) |
| | ) |
|     Appellees. | ) |
| | ) |

**MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF**
**NUNC PRO TUNC TO JUNE 1, 2026**

COMES NOW THE APPELLANT, by and through undersigned counsel, respectfully moves for an order extending the time to file Appellant's opening brief in this bankruptcy appeal, pursuant to Fed. R. Bankr. P. 8018(a)(1) and Fed. R. Bankr. P. 9006(b)(1). In support, Appellant states as follows:

1. This is an appeal from the Bankruptcy Court's Order Dismissing the Chapter 11 case entered on March 19, 2026.

2. The record on appeal was transmitted/docketed on 4/29/2026. While Appellant's opening brief would ordinarily be due thirty days after transmission of the record pursuant to Fed. R. Bankr. P. 8018(a)(1), Appellant previously filed its Emergency Motion to Expedite Appeal and Alternative Motion for Direct Certification (ECF No. 19), which remains pending before the Court. That motion specifically requested expedited review and court-directed management of the appellate schedule.

1

3. Appellant respectfully requests an extension of one day, up to and including June 1, 2026, to file the opening brief.

4. Good cause exists for the requested extension because Appellant filed a pending Motion to Expedite Appeal and Alternative Motion for Direct Certification before the Rule 8018 briefing period began, specifically requesting expedited review and court-directed management of the appellate schedule. The requested extension is minimal, sought in good faith, and not intended to delay these proceedings. The Court had not ruled on that motion before the Receiver filed his Motion to Dismiss Appeal.

5. Alternatively, Appellant respectfully requests relief on the basis of excusable neglect under Fed. R. Bankr. P. 9006(b)(1) and the equitable factors recognized in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

6. In the Sixth Circuit, to determine whether to grant an extension, the courts consider: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late filing party acted in good faith. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). Each factor favors the requested extension. First, there is no prejudice to any party from a one-day extension. Indeed, the Receiver has identified no prejudice arising from the brief being filed on June 1, 2026. Second, the delay is minimal and has no meaningful impact on these proceedings, particularly where multiple motions remain pending before the Court. Third, the circumstances surrounding the requested extension arose while Appellant's Motion to Expedite Appeal remained pending and unresolved. Throughout that period, Appellant continued actively prosecuting the appeal, including briefing multiple substantive motions and ultimately filing its Opening Brief on June 1,

2026. Finally, Appellant acted in good faith, as evidenced by its prior Motion to Expedite Appeal, its continued prosecution of the appeal, and its filing of the Opening Brief on June 1, 2026. Under these circumstances, the equitable factors recognized in Pioneer and Nafziger strongly support the requested relief.

7. Counsel for Appellant has attempted to confer with counsel for Appellees regarding the relief requested herein but did not receive a response prior to filing this Motion.

WHEREFORE, Appellant respectfully requests that the Court enter an order extending the deadline to file Appellant's opening brief to June 1, 2026, and grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**JOHNSON & JOHNSON, P.C.**

*/s/ Curtis D. Johnson*
Curtis Johnson  (TN BPR No. 015518)
Florence Johnson (TN BPR No. 015499)
1407 Union Avenue, Suite 1002
Memphis, TN 38104
Telephone: (901) 725-7520
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

*Counsel for Appellant, Uncle Nearest, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2026 a copy of the foregoing was served via this Court's CM/ECF system on all counsel and parties consenting to receive electronic service.

*/s/ Curtis D. Johnson*
Curtis Johnson

3