## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

UNCLE NEAREST, INC.,                      )
                                          )
          *Appellant*,                    )
                                          )          Case No. 3:26-cv-135
v.                                        )
                                          )          Judge Atchley
                                          )
PHILLIP YOUNG, *et al.*,                  )          Magistrate Judge Poplin
                                          )
          *Appellees*.                    )

## ORDER

Before the Court is Appellant's "Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(b), and in the Alternative, For Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C. § 158(d)(2)" [Doc. 19]. For the following reasons, the Motion [Doc. 19] will be **DENIED**.

### I.     BACKGROUND

To fully understand the circumstances giving rise to this bankruptcy appeal, one must first understand the basics of another case also pending in this Court: *Farm Credit Mid-America, PCA v. Uncle Nearest, Inc.*, 4:25-cv-38.[1] Farm Credit Mid-America, PCA filed suit against Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC (collectively "Uncle Nearest"), Fawn Weaver, and Keith Weaver in July of last year, generally alleging they had breached a loan agreement with Farm Credit. 4:25-cv-38, Doc. 1. Alongside its complaint, Farm Credit filed a motion asking the Court to appoint a receiver over Uncle Nearest

---

[1] "'Federal courts may take judicial notice of proceedings in other courts of record.'" *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

and other associated entities and property during the course of the 4:25-cv-38 litigation. 4:25-cv-38, Doc. 3. The Court granted this motion on August 22, 2025, and appointed Phillip G. Young, Jr. of Thompson Burton, PLLC (hereinafter the "Receiver") to the position. 4:25-cv-38, Doc. 39.

On December 23, 2025, Fawn Weaver, Keith Weaver, and Grant Sidney, Inc. moved to terminate the receivership, arguing, among other things, that the receivership was harming Uncle Nearest. 4:25-cv-38, Doc. 91. While the Court was considering both this motion and a separate motion by the Receiver to expand the receivership's scope, Fawn Weaver filed a chapter 11 petition on behalf of Uncle Nearest, Inc. in the United States Bankruptcy Court for the Eastern District of Tennessee. [Doc. 20-1].

The Receiver and Farm Credit each promptly moved to dismiss the petition, arguing, among other things, that Fawn Weaver lacked authority to file it. [*See* Docs. 20-2, 20-3]. The Bankruptcy Court agreed and dismissed the petition from the bench. [Doc. 24-3; *see also* Doc. 20-4]. This appeal followed. [*See* Doc. 1]. Now, Appellant asks the Court to expedite consideration of this appeal on an emergency basis or, in the alternative, certify this matter for a direct appeal to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 158(d)(2).[2] [Doc. 19]. Both Farm Credit and the Receiver have responded in opposition to the Motion, [Docs. 21, 22], and Appellant has filed a reply [Doc. 24]. Accordingly, the Motion is ripe for review.

II.     **STANDARDS OF REVIEW**

   **A.  Standard for Expediting a Bankruptcy Appeal on an Emergency Basis**

"For an appeal to be considered on an emergency, expedited basis, the Appellants must (i)

---

[2] The Motion requests, among other things, that the Court order the parties to submit their briefs simultaneously and within seven days of receipt of the record. [Doc. 19 at 6]. These specific requests are now moot. [*See* Doc. 20 (noting that the record was filed on April 29, 2026); Doc. 30 (Appellant's opening brief)]. But Appellant's general request for expedited review and its request for certification of a direct appeal remain ripe for adjudication.

show justification for considering the appeal ahead of other matters, and (ii) demonstrate immediate or irreparable harm that would occur in the absence of expediting the appeal." *Cap. Mgmt., L.P. v. TPC Grp. Inc.* (*In re TPC Grp. Inc.*), No. Chapter 11, 2022 U.S. Dist. LEXIS 132266, at *42-43 (D. Del. July 26, 2022) (internal quotation marks omitted); *see also* FED. R. BANKR. P. 8013(a)(2)(B) ("A motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters.") & 8013(d)(1). Additionally, some courts look to 28 U.S.C. § 1657(a) for guidance when determining whether a bankruptcy appeal should be expedited on an emergency basis. *See In re Bechard*, No. 19-2025 (RAM), 2019 U.S. Dist. LEXIS 206812, at *3–4 (D.P.R. Nov. 27, 2019). Section 1657(a) provides that courts should "expedite the consideration of any action…if good cause is therefor shown." 28 U.S.C. § 1657(a). "Good cause" is shown under Section 1657(a) "if a right under the Constitution of the United States or a Federal Statute…would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.*

### B.  Standard for Certifying a Direct Appeal to the Court of Appeals

Federal Rule of Bankruptcy Procedure 8006 provides that a party seeking the certification of a bankruptcy court's order to a court of appeals for direct review under 28 U.S.C. § 158(d)(2) must, among other things, state "the reasons why a direct appeal should be allowed, including which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies[.]" FED. R. BANKR. P. 8006(f)(2)(D). Said differently, a party seeking a direct appeal to a court of appeals must state:

(i)      the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii)      the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

28 U.S.C. § 158(d)(2)(A)(i)–(iii). If a party fails to state which of the three foregoing circumstances applies to their request for a direct appeal, their motion for certification of a direct appeal must be denied. *See Moyer v. Dutkiewicz* (*In re Dutkiewicz*), 403 B.R. 472, 475 (B.A.P. 6th Cir. 2009); FED. R. BANKR. P. 8006(f)(2)(D).

### III. ANALYSIS

#### A. Appellant has failed to show that its appeal should be considered on an emergency, expedited basis.

Appellant argues expedited review of this appeal is warranted because (1) the Bankruptcy Court's Order dismissing the chapter 11 petition denied it its constitutional right to bankruptcy relief in contravention of controlling precedent, [*see* Doc. 19 at 7–9; Doc. 24 at 3], and (2) the continuation of the receivership is causing irreparable harm to Uncle Nearest, [*see* Doc. 19 at 10–11; Doc. 24 at 3–6]. These arguments are insufficient to justify expediting this appeal.

*First*, Appellant's argument that the Bankruptcy Court violated controlling precedent by dismissing its chapter 11 petition presupposes that Appellant's interpretation of the law is correct. But the interplay between federal equity receiverships and bankruptcy proceedings is more nuanced than Appellant acknowledges, and Appellant's success on appeal is not a foregone conclusion. Thus, Appellant can argue, at most, that its appeal should be expedited because it could prevail on appeal. Any appellant could make this argument, and the Court does not find it to be an adequate justification for expediting appellate review in this case. *See* FED. R. BANKR. P. 8013(a)(2)(B) ("A motion to expedite an appeal must explain what justifies considering the appeal ahead of other matters."); *see also* 28 U.S.C. § 1657(a).

*Second*, the Court recently denied the motion seeking to terminate the receivership in 4:25-cv-38, finding, among other things, that the receivership is more beneficial to Uncle Nearest than

it is harmful. *See* 4:25-cv-38, Doc. 198. The Court takes judicial notice of this finding and sees no reason to reach a different conclusion here. *See supra* note 1. Accordingly, the Court finds that, contrary to Appellant's position, the receivership is not causing irreparable harm to Uncle Nearest. This means Appellant lacks a necessary requirement for emergency, expedited review of its appeal. *See Cap. In re TPC Grp. Inc.*, 2022 U.S. Dist. LEXIS 132266, at \*42–43; FED. R. BANKR. P. 8013(d)(1).

Considering the foregoing, the Court will deny Appellant's request that its appeal be heard on an emergency, expedited basis.

### B. Appellant has failed to articulate why this matter should be certified for direct appeal.

Appellant argues in the alternative that the Court should certify this matter under 28 U.S.C. § 158(d)(2)(A) for direct appeal to the Sixth Circuit. [Doc. 19 at 12]. Appellant, however, never states "which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies" to its request. FED. R. BANKR. P. 8006(f)(2)(D). Instead, it merely asserts—without citation to any supporting authority—that "certification may be appropriate where a lower court's ruling departs from controlling authority and presents a pure question of law." [Doc. 19 at 12]. This is insufficient. As the Court has previously noted, a motion for certification of a direct appeal must state "which circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)–(iii) applies" to the request. FED. R. BANKR. P. 8006(f)(2)(D). If a motion fails to identify the applicable statutory circumstance, then it must be denied. *See In re Dutkiewicz*, 403 B.R. at 475. Accordingly, the Court will not certify this matter for direct appeal.

### IV.    CONCLUSION

For the foregoing reasons, Appellant's "Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(b), and in the Alternative, For Certification of Direct Appeal to the Sixth Circuit

Pursuant to 28 U.S.C. § 158(d)(2)" [Doc. 19] is **DENIED**.

Additionally, the Court hereby **NOTIFIES** the parties that it will address Appellant's "Motion to Strike or, in the Alternative Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72" [Doc. 23], the Receiver's "Motion to Dismiss Appeal" [Doc. 29], and Appellant's "Motion to Extend Time to File Appellant's Brief Nunc Pro Tunc to June 1, 2026" [Doc. 31] alongside the merits of the appeal.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**