| | | |
|---|---|---|
| UNCLE NEAREST, INC., | ) | |
| | ) | |
| Appellant, | ) | Case No. 3:26-CV-00135 |
| | ) | |
| v. | ) | |
| PHILLIP G. YOUNG, JR., *et al.*, | ) | |
| | ) | |
| Appellees. | ) | |

---

### FARM CREDIT MID-AMERICA, PCA'S OPPOSITION TO APPELLANT'S EMERGENCY MOTION TO PRESERVE THE STATUS QUO PENDING APPEAL

---

Farm Credit Mid-America, PCA ("FCMA" or "FCMA-Appellee") files this response[1] in opposition to the *Emergency Motion to Preserve the Status Quo Pending Appeal* filed on May 26, 2026 (the "Status Quo Motion"),[2] purportedly on behalf of Uncle Nearest, Inc. ("Uncle Nearest, Inc.", the "Appellant", or the "Movant").

### OPPOSITION SUMMARY

1.      The Appellant's request to preserve the status quo pending appeal suffers from several defects.[3] The Status Quo Motion is yet another unsuccessful attempt to obstruct the

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed in the Order Appointing Receiver, *Farm Credit Mid-America, PCA, v. Uncle Nearest, Inc., et al.*, (the "Receivership Proceeding"), Case No. 25-cv-00038 (E.D. Tenn. 2025), Dkt. No. 39.

[2] *Uncle Nearest, Inc v. Young, et al.*, Case No. 3:26-cv-00135 (E.D. Tenn. 2026), Dkt. No. 28, *Nearest Green Distillery, Inc., v. Young, et al.*, Case No. 3:26-cv-00136 (E.D. Tenn. 2026), Dkt. No. 26, *Nearest Real Estate Holdings, LLC*, v. *Young, et al.*, Case No. 3:26-cv-00137 (E.D. Tenn. 2026), Dkt. No. 24.

[3] One defect is that the Appellant wrongly states that no briefing schedule has been established in this appeal. *See* Dkt. No. 28 ¶9(a). That is incorrect. Federal Rule of Bankruptcy Procedure 8018 establishes the appellate briefing schedule. Under Federal Rule of Bankruptcy Procedure 8018 (a)(1), "*[u]nless the district court . . . by order in a particular case excuses the filing of briefs or sets a different time*" . . . "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically." Fed. R. Bankr. P. 8018(a)(1) (emphasis added). Thereafter, "[t]he appellee must serve and file a brief within 30 days after the appellant's brief is served." Fed. R. Bankr. P. 8018(a)(2). On April 29, 2026, the bankruptcy court clerk filed a notice of the *Transmission of Bankruptcy Appeal Record* in each of the underlying bankruptcy proceedings. *In re Uncle Nearest, Inc.*, Dkt. No. 88; *In re Nearest Green Distillery, Inc.*, Dkt. No. 65; *In re Uncle Nearest Real Estate Holdings,*

1

receivership proceedings. This appeal stems from the unauthorized bankruptcy petitions filed on behalf of the Receivership Entities (as defined below). The Appellant now requests that this Court halt all sale-related transactions in the Receivership Proceeding pending the outcome of this appeal.

2. The relief sought in this separate but related case would, as a practical matter, constrain, delay, or otherwise affect the Receiver's exclusive authority over the Receivership Assets or the administration of the estate. The Appellant also filed the Status Quo Motion in the wrong case and the relief sought should have been requested from this Court sitting its capacity as the presiding court over the Receivership Proceeding, not in the instant bankruptcy appeal. Further, the Appellant has failed to satisfy the standard for an injunction and has not complied with Federal Rule of Bankruptcy Procedure 8013(d).

3. The central dispute in *this* appeal is whether Ms. Weaver had the authority to file bankruptcy petitions on behalf of the Receivership Entities. The outcome of that decision does not affect the sale of the Receivership Assets. In fact, the Receivership Order specifically authorizes the Receiver to enter into purchase and sale agreements and to sell Receivership Assets.[4] Having failed to justify sufficient reasons to preserve the status quo in the Receivership Proceeding pending this bankruptcy appeal, the Appellant's Status Quo Motion should be denied.

## BACKGROUND

*The Receivership Reconsideration Appeal*

4. In August 2025, Phillip G. Young, Jr., was appointed the receiver (the "Receiver") of Uncle Nearest, Inc. and certain of its affiliated entities pursuant to the Order Appointing

---

*LLC*, Dkt. No. 65. Therefore, there is a briefing schedule set and the Appellant's brief in this appeal was due by May 29, 2026. Appellant, however, missed this requirement and filed its brief late.
[4] Receivership Order, ¶ 10(j).

Receiver (the "Receivership Order").[5]  Thereafter, Ms. Weaver, Keith Weaver ("Mr. Weaver" and collectively with Ms. Weaver, the "Weavers"), and Grant Sidney, Inc. ("Grant Sidney" and collectively with the Weavers, the "Weaver Parties") filed a *Motion to Reconsider the Memorandum Opinion and Order* (the "Reconsideration Motion")[6] in the Receivership Proceeding.  On May 26, 2026, the same day the Appellant filed the Status Quo Motion, this Court also entered an order denying the Reconsideration Motion.[7]  The Weaver Parties appealed seeking review of this Court's denial of the Reconsideration Motion.[8]

*The Instant Appeal of the Bankruptcy Dismissal Order*

5.      With full knowledge of the Receivership Proceeding and the Receiver's authority granted under the Receivership Order to carry out the orderly administration and preservation of the receivership estate, Ms. Weaver filed chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") on behalf of Uncle Nearest, Inc.,[9] Nearest Green Distillery, Inc. (the "Distillery")[10] and Uncle Nearest Real Estate Holdings, LLC ("RE Holdings"[11] and, collectively with Uncle Nearest, Inc. and the Distillery, "Uncle Nearest" or the "Receivership Entities"), purporting to commence chapter 11 cases for each of them.  The instant bankruptcy appeal—the subject of this litigation—seeks reversal of the dismissal of the chapter 11 bankruptcy petitions.[12]

*The Martha's Vineyard Property Sale Motion*

---

[5] *Receivership Order*, Receivership Proceeding, Dkt. No. 39.
[6] *Motion to Reconsider the Memorandum Opinion and Order [Dkt. 32] and Order Appointing Receiver [Dkt. 39] and to Stay Access to Proprietary Information*, Receivership Proceeding, Dkt. No. 91.
[7] Receivership Proceeding, Dkt. No. 198.
[8] *Notice of Appeal*, Receivership Proceeding, Dkt. No. 200.
[9] *In re Uncle Nearest, Inc.*, Case No. 3:26-bk-30470 (Bankr. E.D. Tenn. 2026).
[10] *In re Nearest Green Distillery, Inc.*, Case No. 3:26-bk-30471 (Bankr. E.D. Tenn. 2026).
[11] *In re Uncle Nearest Real Estate Holdings, LLC*, Case No. 3:26-bk-30472 (Bankr. E.D. Tenn. 2026).
[12] *In re Uncle Nearest, Inc.*, Dkt. No. 48; *In re Nearest Green Distillery, Inc.*, Dkt. No. 37; *In re Uncle Nearest Real Estate Holdings, LLC*, Dkt. No. 37.

222808195_10

6. On February 25, 2026, the Receiver filed an *Expedited Motion to Sell Real and Personal Property in Martha's Vineyard*[13] requesting that the Court approve the sale of real and personal property located at 10 Codman Spring Road, Edgartown, Massachusetts (the "Martha's Vineyard Property"), pursuant to his powers to sell Receivership Assets under the Receivership Order (the "Martha's Vineyard Property Sale Motion"). A hearing is currently scheduled for June 11, 2026.

7. As of the date of this filing, the Appellant has not withdrawn the Status Quo Motion even though the relief requested therein is similar to that sought in the Reconsideration Motion. The only difference is that the Appellant now asks this Court to pause any sale of assets in the Receivership Proceeding pending the outcome of this appeal rather than asking this Court to end the receivership. This Court has spoken and determined that "it is necessary for Uncle Nearest to remain in receivership."[14] With the Court having ruled that the receivership should continue, any pending request that would alter the status quo of the receivership or suspend the Receiver's authority to consummate sale transactions in the Receivership Proceeding is moot.

## OPPOSITION

### A. The Appellant filed the Status Quo Motion in the Wrong Case.

8. The Receivership Proceeding is not the subject of this litigation. This litigation relates to the Bankruptcy Court's dismissal of the bankruptcy petitions Ms. Weaver filed. Accordingly, a request for relief concerning that proceeding should be filed on the docket in the Receivership Proceeding. The Sixth Circuit has long held that an application to stay receivership proceedings in one court because of proceedings pending in another court "should first be

---

[13] Receivership Proceeding, Dkt. No. 147.
[14] *Order*, Receivership Proceeding, Dkt. 198 at 5 (denying the Weaver Parties' Reconsideration Motion and expanding the receivership estate to include Grant Sidney).

presented to" the court presiding over those receivership proceedings.[15] Here, the Appellant's request is procedurally confusing. It filed the Status Quo Motion in this appeal case not in the Receivership Proceeding where the Martha's Vineyard Property Sale Motion is pending and the Receiver is in the process of negotiating various sale transactions of Receivership Assets, as he is entitled to do under the Receivership Order. Likewise, if the Appellant intended to stay the Bankruptcy Court's order dismissing the unauthorized bankruptcy petitions, it did not file this motion in the original Bankruptcy Court as required by the Federal Rules of Bankruptcy Procedure. The Appellant cites no authority permitting the Status Quo Motion, which requests relief to pause sales transactions in an entirely separate proceeding, to be filed in this appeal of the order dismissing the bankruptcy petitions. Accordingly, because the Appellant incorrectly filed the Status Quo Motion in this appeal case, this Court should dismiss the Status Quo Motion on the grounds that it was filed in the wrong case.

**B. The Appellant Fails to Satisfy the Sixth Circuit Standard for a Limited Stay to Preserve the Status Quo.**

9. Under Federal Rule of Civil Procedure 62(c), an interlocutory order or final judgment in an action for a receivership is not stayed, even if an appeal is filed. Federal Rule of Civil Procedure 62(d) gives a court the discretion to suspend, modify, restore, or grant an injunction pending an appeal from an interlocutory order or a final judgment relating to an injunction. As the moving party, the Appellant has the burden to show they are entitled to such a stay pending appeal.[16]

10. The traditional factors for a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will

---

[15] *Ohio Motor Car Co. v. Eiseman Magneto Co.*, 230 F. 370, 377 (1916).
[16] *See Serv. Emps. Int'l Union Loc. 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012).

222808195_10

be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[17]  The Supreme Court has recognized the first two factors as "the most critical."[18]  These factors are not strict requirements to be satisfied individually, but interrelated considerations to be balanced as a whole.[19]  For a court to adequately consider the factors, "the movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist."[20]  Here, the Appellant fails to address the traditional four-factor framework entirely.  The Status Quo Motion does not acknowledge the applicable standard, let alone provide the required analysis.  The relief sought constitutes a stay request, and the Appellant must satisfy each of the applicable factors.  The Appellant fails to do so.

11.     First, the Appellant has not made any showing that they are likely to succeed on the merits.  The Sixth Circuit Court of Appeals uses a "stricter standard" in analyzing this factor.[21]  Specifically, there must be "a strong or substantial likelihood or probability of success on the merits."[22]  Here, Appellant states that the requested relief "serves a procedural and institutional function rather than a merits-adjudicative one."[23]  As such, the Appellant ignored this factor altogether.  The facts and the overwhelming majority of the caselaw supports the Bankruptcy Court's ruling that the Receiver is the only party with the right to file a bankruptcy case on behalf

---

[17] *Nken v. Holder*, 556 U.S. 418, 425-36 (2009) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)).
[18] *Id*. at 434.
[19] *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).
[20] *Id*. at 154.
[21] *In re Thomas*, 565 B.R. 856, 865 (Bankr. W.D. Tenn. 2017).
[22] *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 264 (6th Cir. 1977).
[23] Dkt. No. 28 ¶ 21.

of the Receivership Entities.[24]  Moreover, this Court has concluded that the "Appellant's success on appeal is not a foregone conclusion."[25]

12.     Second, the Appellant will not be irreparably injured absent a stay.  In evaluating the irreparable harm factor, courts consider the following factors:

> (1) the substantiality of the injury alleged;
>
> (2) the likelihood of its occurrence; and
>
> (3) the adequacy of the proof provided.[26]

13.     Moreover, "the harm alleged must be both certain and immediate, rather than speculative or theoretical."[27]  A movant seeking to establish the likelihood of irreparable injury must offer evidence that the harm has already occurred or is likely to occur again.[28]  Here, the Appellant fails to meet its burden of alleging any cognizable irreparable harm.  The Appellant's argument rests entirely on the notion that "restoring prior procedural conditions may become increasingly difficult as a practical matter" if the Martha's Vineyard Property sale goes forward.[29]  This argument does not qualify as irreparable harm.  It in no way demonstrates that "the harm alleged is certain and immediate" nor does the Appellant provide evidence that the harm is likely to occur again.  In fact, no harm will occur to the Appellant if the sale is approved because the receivership estate will benefit from the proceeds generated from the sale.

14.     Third, issuance of a stay will have severe consequences for other parties interested in the proceeding.  The Appellant's request directly impacts the sale itself.  The Martha's Vineyard

---

[24] *See generally* Hrg. Tr. 34-47 and *In re Uncle Nearest, Inc.*, Dkt. No. 72 at 8-12; *In re Nearest Green Distillery, Inc.*, Dkt. No. 54 at 8-12; *In re Uncle Nearest Real Estate Holdings, LLC*, Dkt. No. 54 at 8-12 (each citing cases aligning with the Bankruptcy Court's ruling).
[25] Dkt. No. 32 at 4.
[26] *Michigan Coal.*, 945 F.2d at 154.
[27] *Id*.
[28] *Id*.
[29] Dkt. No. 28 ¶ 32, pg. 4.

222808195_10

Property sale affects Planet Home Lending, LLC, as it will receive proceeds from the sale and will therefore release its lien of receivership property. Likewise, the sale proceeds will help the Receiver generate funds to operate and maintain the receivership estate. Furthermore, delaying the sale of the Martha's Vineyard Property would prolong the receivership estate's carrying costs for the maintenance of the property. Specifically, the Receiver has stated that "[t]hroughout the pendency of this receivership, the Martha's Vineyard Property has created monthly expenses for the estate while generating no revenue."[30] While Appellant attempts to characterize the relief sought as "limited" and "temporary,"[31] the practical effect would be to freeze the Receiver's ability to consummate asset sales at a critical juncture. Moreover, the Appellant seeks not only to stay the sale of the Martha's Vineyard Property, but also to "temporarily withhold[] effectiveness" of "any broader receiver sale transaction involving substantial enterprise assets pending further procedural development of the appellate proceedings."[32] In essence, the Appellant requests that the Receiver pause a key tool at his disposal to administer the receivership estate. As the Sixth Circuit has noted, a receiver's role is to "safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets."[33] The relief the Appellant seeks is ultimately highly disruptive to the receivership. Contrary to the Appellant's desire to prohibit the sale by filing the Status Quo Motion, "the best interests of the

---

[30] Receivership Proceeding, Dkt. No. 147 ¶ 7.
[31] Dkt. No. 28 at 7.
[32] *Id*. at 7-8.
[33] *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

222808195_10

estate will be conserved"[34] by the Martha's Vineyard Property sale. As such, this factor heavily weighs in favor of denying the stay.

15. Fourth, the public interest weighs against granting the stay. While the goals of receiverships include the efficient administration of receivership estates and the prompt resolution of proceedings that affect creditors and other stakeholders, these are often private parties. The Appellant fails to show how the outcome of the bankruptcy has any effect on the public.[35] The (1) failure to show that the Appellant is likely to succeed on the merits, (2) absence of a demonstration of irreparable harm, and (3) Appellant's failure to show that the harm alleged is both certain and immediate all weigh in favor of denying the stay. On balance, the factors weigh in favor of denying the stay to preserve the status quo. Even if the Court disagrees and imposes a stay pending appeal, the Appellant should be required to post a bond.[36]

## C. The Appellant's Status Quo Motion Disturbs the Receivership Estate and Violates the Receivership Order

16. The Receivership Proceeding has been pending for nearly a year. Instead of being able to focus solely on the administration of the receivership estate, the Receiver has had to divide his focus to various litigation and appeals. This very request to "preserve the status quo pending appeal" in effect operates to pause the Martha's Vineyard Property sale and the Receiver's efforts to consummate a sale of Uncle Nearest's assets is a disruption of the receivership estate in violation of the Receivership Order.

17. The Receivership Order contains a broad non-disturbance injunction in Paragraph

---

[34] *Huntington Nat'l Bank v. Sheridan Propco LLC*, No. 2:23-CV-11458-TGB-DRG, 2026 WL 458605, at *13 (E.D. Mich. Feb. 18, 2026) (finding that in reviewing a proposed motion to sell receivership property the circumstances demonstrated continued high costs of maintaining the property weighed in favor of approving the sale so as to conserve the best interests of the estate).

[35] *In re Thomas*, 565 B.R. at 869.

[36] *Tri Cnty. Wholesale Distributors, Inc. v. Labatt USA Operating Co., LLC*, 311 F.R.D. 166, 174, 177 (S.D. Ohio 2015) (holding that requiring posting of bond upon the imposition of a stay pending appeal was appropriate).

222808195_10

12 and provides in relevant part that "[a]ll persons or entities . . . with actual or constructive notice of this Order, are enjoined and restrained from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate."[37]  The Appellant's actions continue to disturb and interfere with the Receivership Assets.  All of this relentless litigation has diminished assets available for the benefit of the creditors.

### D.  The Emergency Status Quo Motion Does Not Comply with Rule 8013.

18.  An emergency motion filed under Federal Rule of Bankruptcy Procedure 8013(d) must, among other requirements, "be accompanied by an affidavit setting forth the nature of the emergency" and "state whether all grounds for it were previously submitted to the bankruptcy court and, if not, why the motion should not be remanded."  The Appellant did not file an affidavit explaining the nature of the emergency.  Nor has the Appellant stated that the request to preserve the status quo was raised before the Bankruptcy Court nor could the Appellant do so, because the Bankruptcy Court would not have jurisdiction to grant a motion in an action over which it is not presiding and ultimately lacks jurisdiction.  Accordingly, the Status Quo Motion should not be considered on an expedited basis.

### Reservation of Rights

19.  FCMA reserves the right to amend or supplement this response before or at any hearing on the Status Quo Motion.  FCMA further reserves its rights to seek an award from the Appellant of all reasonable costs, expenses and attorneys' fees that FCMA has incurred, including fees and costs associated with the preparation of this response to the Status Quo Motion, as new information develops.  FCMA further reserves all of its rights and remedies against the Appellant

---

[37] Receivership Order ¶ 12.

222808195_10

under applicable law.

## CONCLUSION

For the foregoing reasons, FCMA requests that the Status Quo Motion be denied and for

such other and further relief that this Court may deem proper.

Respectfully submitted,


 /s/  Erika R. Barnes
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email:  ebarnes@stites.com


  - and-

Demetra Liggins (admitted *pro hac vice*)
Dairanetta S. Spain (TN Bar No. 039981) (admitted
*pro hac vice*)
McGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX  77002
Telephone: (713) 353-6661
Email:  dliggins@mcguirewoods.com
         dspain@mcguirewoods.com

M. Alexandra Shipley (admitted *pro hac vice*)
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email:  ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

11

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on  June 2, 2026, a true and correct copy of the foregoing was served

on all parties entitled to service via this Court's ECF/CMF system, including upon the following:

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson and Johnson PC
1407 Union Ave., Suite 1002
Memphis, TN 38104
901-725-7520
Fax: 901-725-7570
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com
justin@thompsonburton.com

/s/ Erika R. Barnes
Erika R. Barnes

12