| | | |
|---|---|---|
| UNCLE NEAREST, INC., | ) | |
| | ) | |
| *Appellant*, | ) | |
| | ) | Case No. 3:26-cv-135 |
| v. | ) | |
| | ) | Judge Atchley |
| | ) | |
| PHILLIP YOUNG, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| *Appellees*. | ) | |

## ORDER

Before the Court is Appellant's "Emergency Motion to Preserve the Status Quo Pending Appeal" [Doc. 28]. For the following reasons, the Motion [Doc. 28] will be **DENIED**.

## I.      BACKGROUND

Uncle Nearest, Inc., Nearest Green Distillery, Inc., Uncle Nearest Real Estate Holdings, LLC, and other associated entities and property are currently under the control of a court-appointed receiver (the "Receiver"). *See Farm Credit Mid-America, PCA v. Uncle Nearest, Inc.*, 4:25-cv-38, Docs. 39, 198 (E.D. Tenn.).[1] On February 25, 2026, the Receiver asked the Court in 4:25-cv-38 to approve a proposed sale of certain property in the receivership estate: real property located at 471 West Tisbury Road (f/k/a 10 Codman Spring Road), Edgartown, Massachusetts and all personal property located therein. 4:25-cv-38, Doc. 147. This motion is set to be heard on June 11, 2026. 4:25-cv-38, Doc. 197.

Appellant does not want this hearing or other sale-related proceedings to go forward in 4:25-cv-38. Through the "Emergency Motion to Preserve the Status Quo Pending Appeal,"

---

[1] "'Federal courts may take judicial notice of proceedings in other courts of record.'" *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)).

Appellant asks the Court to "preserv[e] the…status quo" in 4:25-cv-38 by, among other things, "temporarily continuing the June 11, 2026 sale hearing, or alternatively temporarily withholding effectiveness of any order authorizing consummation of the proposed Martha's Vineyard property sale or any broader receiver sale transaction involving substantial enterprise assets pending further procedural development of the appellate proceedings[.]" [Doc. 28 at 7–8].[2]

The Receiver and Farm Credit Mid-America, PCA, both appellees in this action, oppose the Motion. [Docs. 33, 34]. Appellant did not reply to these responses in opposition, and the time for doing so has passed. FED. R. BANKR. P. 8013(a)(3)(B). Accordingly, the Motion is ripe for review.

## II.     LAW AND ANALYSIS

Appellant asks the Court to continue a hearing and/or otherwise prevent the sale of receivership property in a separate case, namely 4:25-cv-38. Appellant cites *Nken v. Holder*, 556 U.S. 418 (2009), *Newton v. Consolidated Gas Company of New York*, 258 U.S. 165 (1922), and Federal Rule of Civil Procedure 62 in support of the Motion. But none of them permit the Court to stay proceedings or otherwise prevent the sale of receivership property in a separate case like 4:25-cv-38. Accordingly, the Motion must be denied.

Starting with *Nken v. Holder*, the Supreme Court there noted that appellate courts have the

---

[2] Appellant also asks the Court to preserve the status quo by (i) "preserving procedural flexibility pending further development and organization of the related appellate proceedings" and (ii) "maintaining orderly appellate review while the pending motion to expedite and appellate sequencing remain unresolved[.]" [Doc. 28 at 8]. The latter of these requests is moot as the Court has since denied Appellant's motion to expedite, [*see* Doc. 32], and the parties' merits briefing is underway. As for the former, it is unclear how Appellant wants the Court to "preserv[e] procedural flexibility" apart from staying, continuing, or otherwise halting sale-related proceedings in 4:25-cv-38. Accordingly, the remainder of this Order focuses on Appellant's request that the Court preserve the status quo by continuing the June 11, 2026, hearing in 4:25-cv-38 or otherwise 'withholding effectiveness of any order authorizing consummation" of a proposed sale.

power to hold a lower court's order in abeyance pending appellate review. *See* 556 U.S. at 421, 426–27. But this does not mean that any appellate court can stay the application of any lower court order. Rather, the power to stay discussed in *Nken* is limited to the power to stay orders in the case on appeal. *See id.* at 426 (discussing "[a]n appellate court's power to hold an order in abeyance while it assesses the legality of the order"). And here, Appellant does not ask the Court to stay any order entered by the Bankruptcy Court below. Instead, Appellant asks the Court to stay proceedings in a separate Eastern District of Tennessee case. [*See generally* Doc. 28]. *Nken* does not grant the Court such power.

Turning to *Newton v. Consolidated Gas Company of New York*, it similarly does not grant the Court the power to stay proceedings in 4:25-cv-38 or otherwise prevent the sale of receivership property. Appellant cites *Newton* for the proposition that "'after appeal the trial court may, if the purposes of justice require, preserve the status quo until decision by the appellate court.'" [Doc. 28 at ¶ 23 (quoting *Newton*, 258 U.S. at 177)]. This statement of law does not help Appellant because in the context of this bankruptcy appeal, this Court is not the "trial court" that may preserve the status quo by preventing the sale of receivership property. Rather, that title belongs to the Court in 4:25-cv-38, and any request for a stay based on *Newton* should be brought by an appropriate party in those proceedings.

Looking finally at Federal Rule of Civil Procedure 62, it addresses stays, including the power of both trial courts and appellate courts to stay proceedings pending appellate review. *See generally* FED. R. CIV. P. 62. But it does so in the context of the trial court that enters the order subject to appeal and the appellate court hearing that specific appeal. Nothing in Rule 62's text or the accompanying Advisory Committee Notes even remotely suggests the Rule authorizes a district court overseeing a bankruptcy appeal to stay proceedings or otherwise interfere with a

3

separate ongoing civil action in the same district. Consequently, the Court finds that Rule 62, like *Nken* and *Newton*, does not give the Court the power to grant the Motion.

## III.     CONCLUSION

For the foregoing reasons, Appellant's "Emergency Motion to Preserve the Status Quo Pending Appeal" [Doc. 28] is **DENIED**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**