# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### Case Nos. 26-cv-00135, 26-cv-00136, 26-cv-00137

| | |
|---|---|
| UNCLE NEAREST, INC.; NEAREST GREEN DISTILLERY, INC.; UNCLE NEAREST REAL ESTATE HOLDINGS, LLC; <br><br> Appellants, <br><br> v. <br><br> PHILLIP G. YOUNG, JR., *et al.*, <br><br> Appellees. | On Appeal from United States Bankruptcy Court for the Eastern District of Tennessee <br><br> Case No. 3:26-bk-30470 <br> Case No. 3:26-bk-30471 <br> Case No. 3:26-bk-30472 |

## BRIEF OF FARM CREDIT MID-AMERICA, PCA-APPELLEE

Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

Demetra Liggins
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
       dspain@mcguirewoods.com

M. Alexandra Shipley
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to the Federal Rules of Bankruptcy Procedure 8012 and 8014(a)(1),

Farm Credit Mid-America, PCA makes the following disclosure:

1) Farm Credit Mid-America, PCA is a Production Credit Association chartered by the Farm Credit Administration under the Farm Credit Act of 1971, as amended. Farm Credit Mid-America, PCA's principal office is located at 12501 Lakefront Place, Louisville, Kentucky 40299.

2) No publicly held entity directly owns 10% or more of Farm Credit Mid-America, PCA.


Dated: June 29, 2026                    */s/ Erika R. Barnes*
                                         Erika R. Barnes

222898822_24

# TABLE OF CONTENTS

STATEMENT OF THE ISSUES .................................................................................1

I.  Whether the Bankruptcy Court properly dismissed the Chapter 11 Cases after finding that Ms. Weaver lacked authority to file the petitions.  (It did.) .................................................................................1

II. Whether the Bankruptcy Court properly concluded that the Receivership Order divested Ms. Weaver of the authority to file the bankruptcy cases on behalf of the Receivership Entities.  (It did.)................1

III. Whether the Bankruptcy Court properly interpreted the Receivership Order as exclusively vesting the authority to commence a bankruptcy proceeding on the Receivership Entities' behalf in the Receiver.  (It did.) ...................................................................................................1

STATEMENT OF THE CASE ..................................................................................2

SUMMARY OF THE ARGUMENT .........................................................................7

STANDARD OF REVIEW .......................................................................................8

ARGUMENT ............................................................................................................9

I.  The Appellants, Ms. Weaver and any other Officers, Directors, Members, and/or Managers of Uncle Nearest, Lack Standing to Appeal the Dismissal of the Bankruptcy Cases ..........................................................9

II. The Bankruptcy Court Properly Interpreted the Receivership Order to Exclusively Vest the Receiver with the Power to File a Bankruptcy Case on Behalf of the Receivership Entities ..............................................15

III. The Bankruptcy Court Properly Dismissed the Bankruptcy Cases Because Ms. Weaver Lacked Authority to Commence the Bankruptcy Proceedings on Behalf of the Receivership Entities.....................................16

    A. Ms. Weaver Did Not Have Authority to File the Bankruptcy Cases Under Applicable State Law ……………………………………………...16
    B. Ms. Weaver Failed to File Valid Corporate Resolutions ………………20

IV. The Bankruptcy Court Did Not Abuse its Discretion in Dismissing the Bankruptcy Cases Filed on Behalf of the Receivership Entities Because the Receiver Did Not Commence the Cases.................................................23

V.  The Receivership Entities Have Authority to File Bankruptcy Cases ..............................................................................................24

VI. The Supplemental Opinion Should Not Be Stricken ..................................... 27

  A. The Supplemental Opinion Aids in the Appeal and Does Not Alter the Bankruptcy Court's Judgment ........................................... 27

  B. Appellants Waived the Opportunity to Object to the Supplemental Opinion ................................................................................ 31

VII. The Appellants' Brief Suffers from Several Procedural Defects ................. 31

CONCLUSION ....................................................................................................... 33

CERTIFICATE OF COMPLIANCE ...................................................................... 35

CERTIFICATE OF SERVICE ............................................................................... 36

**Cases**                                                              **Page(s)**

*In re 530 Donelson, LLC*,
    660 B.R. 887 (Bankr. M.D. Tenn. 2024)......................................................22, 25

*In re Anderson*,
    397 B.R. 365 (B.A.P. 6th Cir. 2008) ............................................................1, 9

*Brady v. McAllister (In re Brady)*,
    101 F.3d 1165 (6th Cir. 1996) ...................................................1, 9, 15, 16

*In re Chicago South Loop Hotel Owner, LLC*,
    No. 25-12829, 2026 WL 690868 (Bankr. N.D. Ill. Mar. 10, 2026) ...................19

*Chitex Commc'n v. Kramer*,
    168 B.R. 587 (S.D. Tex. 1994) ...................................................................19

*Cochran v. Birkel*,
    651 F.2d 1219 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152 (1982) .................28

*In re ComScape Telecomms., Inc.*,
    423 B.R. 816 (Bankr. S.D. Ohio 2010) .....................................17, 19, 20, 21, 23

*In re Davis*,
    160 B.R. 577 (Bankr. E.D. Tenn. 1993)......................................................28

*In re De Camp Glass Casket Co.*,
    272 F. 558 (6th Cir. 1921) ......................................................................17

*In re DSC, Ltd.*,
    486 F.3d 940 (6th Cir. 2007) ...................................................................1, 9

*El Torero Licores v. Raile (In re El Torero Licores)*,
    No. SACV 13-00875-VAP, 2013 WL 6834609 (C.D. Cal. Dec. 20,
    2013) .............................................................................................25, 27

*In re Farner, Boring & Tunneling, Inc.*,
    26 B.R. 29 (Bankr. E.D. Tenn. 1982).........................................................20

*Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.*,
    77 F.3d 880 (6th Cir. 1996) ....................................................................9, 10

*In re Giggles Rest., Inc.,*
103 B.R. 549 (Bankr. D.N.J. 1989) ........................................................................20

*Greer v. Strange Honey Farm, LLC,*
114 F.4th 605 (6th Cir. 2024) .........................................................................28, 29

*Griggs v. Provident Consumer Discount Co.,*
459 U.S. 56 (1982)...............................................................................................28

*Inland Bulk Transfer Co. v. Cummins Engine Co.,*
332 F.3d 1007 (6th Cir. 2003) .......................................................................28, 29

*Kauffman v. Dreyfus Fund, Inc.,*
434 F.2d 727 (3d Cir. 1970) ................................................................................13

*Kaye v. Agripool, SRL (In re Murray, Inc.),*
392 B.R. 288 (B.A.P. 6th Cir. 2008) ......................................................................9

*Khan v. Regions Bank (In re Khan),*
No. 3:12-cv-00025, 2012 WL 5381444 (E.D. Tenn. Oct. 31, 2012) .................10

*Mayor of Balt. v. West Virginia* (*In re Eagle-Picher Indus., Inc.*),
285 F.3d 522 (6th Cir. 2002) .................................................................................9

*Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group,*
*Inc.),*
100 B.R. 152 (Bankr. D. Conn.1989) ..................................................................28

*Moran v. LTV Steel Co. (In re LTV Steel Co.),*
560 F.3d 449 (6th Cir. 2009) ...............................................................................10

*Muffler v. Petticrew Real Est. Co.,*
132 F.2d 479 (6th Cir. 1942) ...............................................................................25

*In re Nat'l Century Fin. Enters., Inc.,*
334 B.R. 907 (Bankr. S.D. Ohio 2005) ..........................................................28, 29

*In re Ohio Execution Protocol Litig.,*
No. 2:11-CV-1016, 2019 WL 12056283 (S.D. Ohio Dec. 30, 2019) ...............31

*Oil & Gas Ins. Co. v. Illinois,*
9 F.3d 771 (9th Cir. 1993) ...................................................................................15

*Olle v. Henry & Wright,*
910 F.2d 357 (6th Cir. 1990) ....................................................................30

*In re Orchard at Hansen Park, LLC,*
347 B.R. 822 (Bankr. N.D. Tex. 2006)........................................................19

*Price v. Gurney,*
324 U.S. 100 (1945)........................................................16, 17, 18, 23, 27

*In re Revco D.S., Inc.,*
898 F.2d 498 (6th Cir. 1990) ....................................................................10

*In re Sino Clean Energy, Inc.,*
901 F.3d 1130 (9th Cir. 2018) .......................................................11, 21, 24

*Struthers Furnace Co. v. Grant,*
30 F.2d 576 (6th Cir. 1929) ...............................................................25, 26

*In re Stubbs,*
565 B.R. 115 (B.A.P. 6th Cir. 2017) .............................................................9

*In re Sunningdale Country Club,*
351 F.2d 139 (6th Cir. 1965) ....................................................................10

*Taylor v. Stevens,*
146 F.4th 480 (6th Cir. 2025) ...................................................................29

*Timothy Barton, President v. Thomas,*
No. 4:24-CV-00863-P, 2025 WL 391387 (N.D. Tex. Feb. 4, 2025),
*aff'd sub nom., Matter of BM318, L.L.C.,* No. 25-10367, 2025 WL
2028396 (5th Cir. July 21, 2025)................................................................12

*Treinish v. Norwest Bank Minn., N.A. (In re Periandri),*
266 B.R. 651 (B.A.P. 6th Cir. 2001) .............................................................9

*Union Planters Nat'l Bank v. Hunters Horn Assocs. (In re Hunters
Horn Assocs.),*
158 B.R. 729 (Bankr. M.D. Tenn. 1993)......................................................16

*United States v. Carman,*
933 F.3d 614 (6th Cir. 2019) ....................................................................29

*United States v. Harvey*,
996 F.3d 310 (6th Cir. 2021) ...................................................................29

*In re Walter*,
282 F.3d 434 (6th Cir. 2002) ...................................................................31

*WC 1st & Trinity GP, LLC v. Milligan*,
No. 1-20-CV-995-LY, 2021 WL 6750934 (W.D. Tex. Mar. 18,
2021) .......................................................................................15, 19, 23

*Winget v. JP Morgan Chase Bank, N.A.*,
537 F.3d 565 (6th Cir. 2008) ...................................................1, 9, 15, 16

*In re Yaryan Naval Stores Co.*,
214 F. 563 (6th Cir. 1914) .................................................................22, 26

## Statutes

11 U.S.C. § 1112 ....................................................................................19, 23

Del. Code Ann. tit. 1 § 141 ...........................................................................18

Tenn. Code Ann. § 48-249-401 .....................................................................17

## Other Authorities

Fed. R. Bankr. P.

8003..........................................................................................................32

8014..........................................................................................................33

8015..........................................................................................................35

8018....................................................................................................31, 32

Fed. R. Civ. P.

60......................................................................................................30, 31

72..............................................................................................................31

# STATEMENT OF THE ISSUES

I.      Whether the Bankruptcy Court properly dismissed the Chapter 11 Cases after finding that Ms. Weaver lacked authority to file the petitions.  (It did.)

The Bankruptcy Court's (as defined below) dismissal of the unauthorized bankruptcy cases filed by Fawn Weaver ("Ms. Weaver") on behalf of the Receivership Entities (as defined below) is reviewed for an abuse of discretion.  *In re Anderson*, 397 B.R. 365, 365 (B.A.P. 6th Cir. 2008); *In re DSC, Ltd.*, 486 F.3d 940, 944 (6th Cir. 2007) ("Dismissal of a bankruptcy case is reviewed for abuse of discretion.").

II.     Whether the Bankruptcy Court properly concluded that the Receivership Order divested Ms. Weaver of the authority to file the bankruptcy cases on behalf of the Receivership Entities.  (It did.)

The Bankruptcy Court's determination that the Receivership Order (as defined below) divested Ms. Weaver of the authority to file the bankruptcy cases on behalf of the Receivership Entities is a legal conclusion reviewed *de novo*.  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) (citing *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1168 (6th Cir. 1996)).

III.    Whether the Bankruptcy Court properly interpreted the Receivership Order as exclusively vesting the authority to commence a bankruptcy proceeding on the Receivership Entities' behalf in the Receiver.  (It did.)

The Bankruptcy Court's interpretation of the Receivership Order is a question of law reviewed *de novo*.  *Winget*, 537 F.3d at 572 (citing *In re Brady*, 101 F.3d at 1168).

222898822_24

On July 28, 2025, Farm Credit Mid-America, PCA ("FCMA" or "FCMA-Appellee") filed suit in the United States District Court for the Eastern District of Tennessee (the "District Court") against Uncle Nearest, Inc. ("Uncle Nearest, Inc."), Nearest Green Distillery, Inc. ("Nearest Green"), Uncle Nearest Real Estate Holdings, LLC ("RE Holdings" and, collectively with Uncle Nearest, Inc. and Nearest Green, "Uncle Nearest", the "Receivership Entities", or the "Appellants"),[1] Ms. Weaver, and Keith Weaver ("Mr. Weaver" and together with Ms. Weaver, the "Weavers") seeking to recover more than $108 million in outstanding loans and simultaneously requested appointment of a receiver to administer the Receivership Entities and preserve its collateral securing the loans.

On August 22, 2025, the District Court entered the Order Appointing Receiver (the "Receivership Order") appointing Phillip G. Young, Jr. ("Young" or the "Receiver") to oversee the Receivership Entities and the other receivership assets described more fully therein. *In re Uncle Nearest, Inc.*, Case No. 3:26-bk-30470 (Bankr. E.D. Tenn.), R. 8-1 (attaching the Receivership Order as Exhibit 1); *In re Nearest Green*, Case No. 3:26-bk-30471 (Bankr. E.D. Tenn.), R. 8-1 (same); *In re RE Holdings*, Case No. 3:26-bk-30472 (Bankr. E.D. Tenn.), R. 8-1 (same). The

---

[1] FCMA is contemporaneously filing this brief in each of the three related appeals arising from the dismissal of the Chapter 11 cases because the issues and substantive facts across the cases are identical.

Receivership Order, among other things:

- Exclusively vested the Receiver with "all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities." Receivership Order ¶ 9.

- Authorized the Receiver to "take complete and exclusive control, possession and/or custody" of all receivership assets, which include "all of Uncle Nearest's assets" and all other "Collateral" under the "Loan Documents." Receivership Order ¶¶ 2, 10.a.

- Specified that "[The Weavers] may continue to market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision," but retained no other corporate authority for Ms. Weaver. Receivership Order ¶ 10.b.

- Authorized the Receiver "to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." Receivership Order ¶ 10.q.

- Enjoined Uncle Nearest, the Subject Entities, and each of their officers, directors, employees, and agents from "[s]elling, transferring, assigning, encumbering, disposing of, or otherwise impairing any Receivership Asset without express written authorization from the Receiver," "[i]nterfering with,

3

obstructing, or preventing in any way, the Receiver's actions" and from "[i]nterfering in any other way with the Receiver, directly or indirectly." Receivership Order ¶ 11.a, c-d.

On March 17, 2026, without the Receiver's knowledge or authorization, Ms. Weaver filed Chapter 11 bankruptcy cases in the United States Bankruptcy Court for the Eastern District of Tennessee (the "Bankruptcy Court") on behalf of the Receivership Entities, attempting to commence a Chapter 11 case for each of the Receivership Entities. *In re Uncle Nearest, Inc.*, R. 1; *In re Nearest Green*, R. 1; *In re RE Holdings*, R. 1. Ms. Weaver did not file any corporate resolutions authorizing the bankruptcy filings. When the Bankruptcy Court later inquired at the Dismissal Hearing (as defined below) why no corporate resolutions were filed, Appellants' counsel conceded Ms. Weaver did not have authority to hold a valid board meeting or file valid corporate resolutions. Hr'g Tr., 14:11-15:4.

On March 18, 2026, Young filed the *Receiver's Expedited Motion to Dismiss Bankruptcy Cases or, in the Alternative to Recognize Receiver as Authorized Representative of the Debtors* (the "Receiver's Dismissal Motion") in the Bankruptcy Court. *In re Uncle Nearest, Inc.*, R. 8; *In re Nearest Green*, R. 8; *In re RE Holdings*, R. 8. That same day, Appellants filed the *Debtor's Response in Opposition to Receiver's Expedited Motion to Dismiss or, in the Alternative, to Recognize Receiver as Authorized Representative*. *In re Uncle Nearest, Inc.*, R. 16;

*In re Nearest Green*, R. 12; *In re RE Holdings*, R. 19.  On March 19, 2026, FCMA filed the *Motion to Dismiss Bankruptcy Cases, or, in the Alternative, Appoint Phillip G. Young, Jr. as Chapter 11 Trustee* ("FCMA's Dismissal Motion" and together with the Receiver's Dismissal Motion, the "Dismissal Motions").  *In re Uncle Nearest, Inc.*, R. 26; *In re Nearest Green*, R. 25; *In re RE Holdings*, R. 25.

On March 19, 2026, the Bankruptcy Court held an expedited hearing on the Dismissal Motions (the "Dismissal Hearing").  At the Dismissal Hearing, the Bankruptcy Court delivered a bench ruling (the "Bench Ruling") dismissing the bankruptcy cases.  The Bankruptcy Court held that Ms. Weaver lacked authority to file the bankruptcy cases in light of the Receivership Order, that the Receiver was the only individual authorized to file for bankruptcy on behalf of the Receivership Entities, and that the Receivership Order did not preclude the Receivership Entities from filing for bankruptcy—it merely vested that right exclusively in the Receiver. The Bankruptcy Court expressly reserved the right to edit the Bench Ruling, if and when a transcript was requested, noting significant edits would likely be necessary. Hr'g Tr., 47:20–48:1.  Following the Bench Ruling, the Bankruptcy Court issued a written order (the "Dismissal Order") memorializing the dismissal of the bankruptcy cases.  *In re Uncle Nearest, Inc.*, R. 48; *In re Nearest Green*, R. 37; *In re RE Holdings*, R. 37.  On March 20, 2026, Ms. Weaver filed a Notice of Appeal within

222898822_24

one business day after the Bench Ruling and Dismissal Order.  *In re Uncle Nearest, Inc.*, R. 49; *In re Nearest Green*, R. 38; *In re RE Holdings*, R. 38.

On March 23, 2026, the Bankruptcy Court entered a supplemental opinion (the "Supplemental Opinion") explaining that it supplemented the Bench Ruling "to clarify, but not alter, the decision by elaborating on the authorities relied on by the Court to find that Fawn Weaver lacked authority to file the bankruptcy petition in this case." *In re Uncle Nearest, Inc.*, R. 72 at 3; *In re Nearest Green*, R. 54 at 3; *In re RE Holdings*, R. 54 at 3.  The Supplemental Opinion further stated that it "[was] not a correction of the Court's decision issued from the bench or the dismissal order entered on March 19, 2026." *In re Uncle Nearest, Inc.*, R. 72 at 3 n.2; *In re Nearest Green*, R. 54 at 3 n.2; *In re RE Holdings*, R. 54 at 3 n.2.

On April 3, 2026, the Appellants filed the *Designation of Record on Appeal*. *In re Uncle Nearest, Inc.*, R. 83; *In re Nearest Green*, R. 60; *In re RE Holdings*, R. 60.  On April 5, 2026, Appellants filed the *Amended Statement of Issues*.  *In re Uncle Nearest, Inc.*, R. 85; *In re Nearest Green*, R. 62; *In re RE Holdings*, R. 62.  On April 16, 2026, the Receiver filed his *Designation of Additional Items to be in Record on Appeal*.  *In re Uncle Nearest, Inc.*, R. 86; *In re Nearest Green*, R. 63; *In re RE Holdings*, R. 63.  On April 17, 2026, FCMA filed its *Designation of Record on Appeal*.  *In re Uncle Nearest, Inc.*, R. 87; *In re Nearest Green*, R. 64; *In re RE Holdings*, R. 64.  The Appellants and FCMA each designated the Supplemental

Opinion to be included in the record on appeal. *In re Uncle Nearest, Inc.*, R. 84 & R. 87; *In re Nearest Green*, R. 61 & R. 64; *In re RE Holdings*, R. 61 & R. 64. Additionally, the Appellants designated as an issue whether the Bankruptcy Court lacked jurisdiction to enter the Supplemental Opinion to be included in the record on appeal after the initial Notice of Appeal was filed. *In re Uncle Nearest, Inc.*, R. 85; *In re Nearest Green*, R. 62; *In re RE Holdings*, R. 62.

On April 29, 2026, the Bankruptcy Court clerk filed the *Notice of the Transmission of Bankruptcy Appeal Record* in each of the underlying bankruptcy proceedings. *In re Uncle Nearest, Inc.*, R. 88; *In re Nearest Green*, R. 65; *In re RE Holdings*, R. 65. On May 7, 2026, the Appellants filed the *Debtor's Motion to Strike or, in the Alternative, Set Aside the Bankruptcy Court's Supplemental Memorandum Opinion Dkt. Ent. 72* (the "Motion to Strike"). *Uncle Nearest, Inc. v. Young, et al.* Case No. 26-cv-00135 (E.D. Tenn.), Dkt. No. 23; *Nearest Green Distillery, Inc. v. Young, et al.,* Case No. 26-cv-00136 (E.D. Tenn.), Dkt. No. 22; *Uncle Nearest Real Estate Holdings, LLC v. Young, et al.*, Case No. 26-cv-00137 (E.D. Tenn.), Dkt. No. 20. The Appellants' brief was due on May 29, 2026. The Appellants filed their brief late, on June 1, 2026 (the "Appellants' Brief").

## SUMMARY OF THE ARGUMENT

This appeal begins and ends with whether Ms. Weaver had the authority to file bankruptcy cases on behalf of the Receivership Entities. She did not. Under the

Receivership Order, the Receiver has the exclusive authority to commence any proceeding under title 11 of the United States Code (the "Bankruptcy Code") on behalf of the Receivership Entities.

It is settled law in this Circuit that a receivership order can displace a company's officers and vest all the powers and authorities once possessed by those officers with a receiver, including the authority to file a bankruptcy petition on behalf of the company. The Receivership Order makes clear that the Uncle Nearest officers are displaced and all managerial, operational or other decision-making authority for the Receivership Entities, including the authority to file for bankruptcy, belongs to the Receiver and him alone. Accordingly, this Court should affirm the Bankruptcy Court's dismissal of Ms. Weaver's unauthorized bankruptcy filings purportedly on behalf of the Receivership Entities.

Ms. Weaver also lacks standing to bring this appeal. Even if Ms. Weaver had standing to appeal, she lacked the requisite corporate authority to file bankruptcy cases on behalf of the Receivership Entities or even initiate the instant appeals. Because only the Receiver may file bankruptcy cases on behalf of the Receivership Entities, and he did not, the Bankruptcy Court properly dismissed the bankruptcy cases.

## **STANDARD OF REVIEW**

Relevant here, a bankruptcy court's dismissal of a bankruptcy case is reviewed

for an abuse of discretion.  *In re Anderson*, 397 B.R. at 365; *In re DSC, Ltd.*, 486 F.3d at 944 ("Dismissal of a bankruptcy case is reviewed for abuse of discretion."). "An abuse of discretion is defined as a definite and firm conviction that the [trial court] committed a clear error of judgment," *Mayor of Balt. v. West Virginia* (*In re Eagle-Picher Indus., Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (citation modified), and "occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008).

A bankruptcy court's interpretation of a district court's order is a question of law reviewed *de novo*.  *Winget*, 537 F.3d at 572 (citing *In re Brady*, 101 F.3d at 1168).  "*De novo* means that the appellate court determines the law independently of the trial court's determination." *In re Stubbs*, 565 B.R. 115, 120 (B.A.P. 6th Cir. 2017) (quoting *Treinish v. Norwest Bank Minn., N.A.* (*In re Periandri*), 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations and quotation marks omitted)).

## <u>ARGUMENT</u>

I.  **The Appellants, Ms. Weaver and any other Officers, Directors, Members, and/or Managers of Uncle Nearest, Lack Standing to Appeal the Dismissal of the Bankruptcy Cases.**

In determining whether an appellant has standing to appeal from a bankruptcy court's order, courts in the Sixth Circuit look to the "person aggrieved" doctrine. *See Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.*, 77 F.3d 880, 882 (6th Cir. 1996).  The

9

"person aggrieved" doctrine is "more limited" than Article III standing. *Moran v. LTV Steel Co. (In re LTV Steel Co.)*, 560 F.3d 449, 453 (6th Cir. 2009) (citations omitted). Under this doctrine, the appellant "must have been directly and adversely affected pecuniarily by the order." *Fid. Bank*, 77 F.3d at 882. The "person aggrieved" doctrine limits standing to persons with a "financial stake" in the court's order. *In re Revco D.S., Inc.*, 898 F.2d 498, 499 (6th Cir. 1990). Specifically, an appellant has standing to appeal "[o]nly when the order directly diminishes a person's property, increases his burdens, or impairs his rights." *Fid. Bank*, 77 F.3d at 882; *see also Khan v. Regions Bank (In re Khan)*, No. 3:12-cv-00025, 2012 WL 5381444, at *1 (E.D. Tenn. Oct. 31, 2012). In determining whether a party is a "person aggrieved," the district judge hearing the appeal may rely on "practical common sense." *In re Khan*, 2012 WL 5381444, at *1 (citing *In re Sunningdale Country Club*, 351 F.2d 139, 143 (6th Cir. 1965)).

Only the Receiver, and not Ms. Weaver, has the power to act on behalf of the Receivership Entities. However, Ms. Weaver—and not the Receiver—filed the bankruptcy cases on behalf of the Receivership Entities. Although the Appellants are the Receivership Entities, Ms. Weaver filed the appeal—not the person with authority to act on their behalf. Ms. Weaver fails to satisfy the requirements for standing to appeal the Dismissal Order under the "person aggrieved" doctrine because she has no financial stake, or any legitimate stake in the Dismissal Order.

Ms. Weaver has not had any control over the Receivership Entities since August 22, 2025, when the District Court entered the Receivership Order and displaced management. Pursuant to the Receivership Order, the Receiver was "exclusively vested with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities." Receivership Order ¶ 9. Such exclusive vesting of such powers, as the Bankruptcy Court recognized, "by definition, effected a divesting of such powers in anyone but the receiver." *In re Uncle Nearest, Inc.*, R. 72 at 5; *In re Nearest Green*, R. 54 at 5; *In re RE Holdings*, R. 54 at 5. The Receivership Order further specified that "Fawn Weaver and Keith Weaver may continue to market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision." As such, the Receivership Order clearly provided that the Weavers retained no other corporate authority. Receivership Order ¶ 10.b. Finally, the Receivership Order authorized the Receiver "to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." Receivership Order ¶ 10.q. Thus, Ms. Weaver did not, and could not, exercise any corporate authority over the Receivership Entities to have either filed the bankruptcy petitions or initiate these appeals. *See In re Sino Clean Energy, Inc.*, 901 F.3d 1130, 1141-42 (9th Cir. 2018) (finding former directors of receivership entity lacked authority to file bankruptcy

11

petition on entity's behalf where receivership order removed them as directors).  An individual who no longer controls an entity prior to a bankruptcy filing is simply not a "person aggrieved."  *See, e.g.*, *BM318, LLC c/o Timothy Barton, President v. Thomas*, No. 4:24-CV-00863-P, 2025 WL 391387, at \*2 (N.D. Tex. Feb. 4, 2025), *aff'd sub nom.*, *Matter of BM318, L.L.C.*, No. 25-10367, 2025 WL 2028396 (5th Cir. July 21, 2025) (dismissing appeal of bankruptcy court order where president of entity in receivership was "no longer in control" of entity and "personal stake" in outcome rested with receiver, not president).

The Dismissal Order does not directly diminish Ms. Weaver's property, increase her burdens, or impair her rights.  First, the Dismissal Order does not diminish Ms. Weaver's property.  Simply put, Ms. Weaver has no cognizable property interest in the Receivership Entities that could be diminished by the Dismissal Order.  The Receivership Order divested Ms. Weaver of all control over the Receivership Entities' assets when it exclusively vested the Receiver with the authority to "take complete and exclusive control, possession and/or custody" of the receivership assets.  Receivership Order ¶ 10.a.  The receivership assets encompass "all of [the Receivership Entities'] assets, including proceeds, wherever located," and include all real and personal property, accounts receivable, bank accounts, intellectual property, litigation claims, and interests in the subject entities.  Receivership Order ¶ 2.  Moreover, the Receiver retains "sole and exclusive

12

possession" of the receivership assets until the earlier of further order of the District Court, disposition of the receivership assets by the Receiver, or disposition of the receivership assets by sale or by judicial or nonjudicial foreclosure by the Receiver. Receivership Order ¶ 10.d. These conditions have not been met, and the Receiver still retains sole and exclusive possession of the receivership assets.

Furthermore, Ms. Weaver cannot claim that her equity interest in the Receivership Entities is sufficient to assert a cognizable property interest or diminishment thereof. *See BM318, L.L.C.*, 2025 WL 2028396, at *2 (stating that "multiple courts have rejected the notion that alleging a diminishment in value of equity interests is sufficient to establish standing."); *see also Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when . . . the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares."). Therefore, because Ms. Weaver had no property interest in any of the Receivership Entities at the time the bankruptcy cases were filed, the Dismissal Order did not (nor could not) diminish Ms. Weaver's property.

Second, the Dismissal Order does not increase Ms. Weaver's burdens. The Dismissal Order merely restores the status quo ante the bankruptcy filing, by returning Uncle Nearest to the Receivership Proceeding already in place before Ms.

222898822_24

Weaver filed the unauthorized bankruptcy petitions. The Receivership Order already enjoined Uncle Nearest's officers, directors, and agents from "[i]nterfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order" and from "[i]nterfering in any other way with the Receiver, directly or indirectly." Receivership Order ¶ 11c-d. The Dismissal Order does not impose any new obligations or restrictions upon Ms. Weaver that did not already exist pursuant to the Receivership Order. As such, Ms. Weaver's obligations with respect to the receivership remain unchanged regardless of whether the bankruptcy case proceeds or is dismissed.

Third, the Dismissal Order does not impair Ms. Weaver's rights. Any rights Ms. Weaver once held as an officer, director, or manager of Uncle Nearest were extinguished by the Receivership Order. Pursuant to the Receivership Order, Ms. Weaver has only limited ability to "market Uncle Nearest products and manage the Uncle Nearest brand, subject to the Receiver's supervision." Receivership Order ¶ 10.b. The Dismissal Order has no effect whatsoever on Ms. Weaver's limited marketing role. Furthermore, as discussed above, Ms. Weaver's equity interest in the Receivership Entities does not constitute the direct kind of impairment of rights required. Therefore, because Ms. Weaver retains no corporate governance rights that could be impaired by the Dismissal Order, Ms. Weaver cannot satisfy the "person aggrieved" standard for standing. Accordingly, this Court should dismiss

222898822_24

the appeals on the grounds that Ms. Weaver lacks standing to appeal from the dismissals.

**II.    The Bankruptcy Court Properly Interpreted the Receivership Order to Exclusively Vest the Receiver with the Power to File a Bankruptcy Case on Behalf of the Receivership Entities.**

The Bankruptcy Court's interpretation of the Receivership Order is a question of law reviewed *de novo*. *Winget*, 537 F.3d at 572 (citing *In re Brady*, 101 F.3d at 1168). A receivership order that suspends the authority of directors, officers and managers of a company can displace management and give the authority to act on behalf of a company and file a bankruptcy petition to a receiver. *WC 1st & Trinity GP, LLC v. Milligan*, No. 1-20-CV-995-LY, 2021 WL 6750934, at * 3 (W.D. Tex. Mar. 18, 2021) (affirming a motion to dismiss bankruptcy case where state court order gave receiver sole authority to file bankruptcy); *Oil & Gas Ins. Co. v. Illinois*, 9 F.3d 771, 773 (9th Cir. 1993) (finding where court order gave rehabilitator "all the powers of the directors, officers, and managers of [d]efendant, whose authorities are hereby suspended," action of former president's filing for bankruptcy was "null and void").

The Bankruptcy Court noted that the Receivership Order "unequivocally divests anyone except the receiver by exclusively vesting in the receiver all rights of governance of the receivership entities." Hr'g Tr., 31:18-25 and 32:1-12 (referencing the Receivership Order). Interpreting the Receivership Order, the

Bankruptcy Court determined that "Mr. Young is the sole and exclusive authority for these debtors and has the sole and exclusive authority to file a bankruptcy petition." Hr'g Tr., 39:5-7. Appellants have failed to show that the Bankruptcy Court erred in finding that the Receivership Order vested the authority to file for bankruptcy on behalf of the Receivership Entities in the Receiver. Therefore, this Court should affirm the Bankruptcy Court's finding that only the Receiver could file the bankruptcy cases.

**III. The Bankruptcy Court Properly Dismissed the Bankruptcy Cases Because Ms. Weaver Lacked Authority to Commence the Bankruptcy Proceedings on Behalf of the Receivership Entities.**

The Bankruptcy Court correctly determined that Ms. Weaver lacked any authority to file a bankruptcy petition on behalf of the Receivership Entities because the Receivership Order granted the Receiver sole authority to file for bankruptcy and divested Ms. Weaver (and all other members of the board of directors) of any authority to act as a director. The Bankruptcy Court's finding that the Receivership Order divested Ms. Weaver of authority to file the bankruptcy cases on behalf of the Receivership Entities is a legal conclusion that is reviewed *de novo*. *Winget*, 537 at 572 (citing *In re Brady*, 101 F.3d at 1168).

    A. <u>Ms. Weaver Did Not Have Authority to File the Bankruptcy Cases Under Applicable State Law.</u>

Authority to file a bankruptcy petition is governed by state law. *Price v. Gurney*, 324 U.S. 100, 106 (1945); *see also Union Planters Nat'l Bank v. Hunters*

*Horn Assocs. (In re Hunters Horn Assocs.)*, 158 B.R. 729, 730 (Bankr. M.D. Tenn. 1993) ("The general rule has emerged that authority to bind an entity to a voluntary petition in bankruptcy is determined by state law.").  Under *Price*, only those who have the power of management may initiate a bankruptcy proceeding on behalf of an entity.  *Price*, 324 U.S. at 104 (stating that "the initiation of the proceedings, like the run of corporate activities, is left to the corporation itself, i. e. to those who have the power of management.").  Specifically, courts look to the law of the state of the entity's incorporation.  *See, e.g.*, *In re ComScape Telecomms., Inc.*, 423 B.R. 816, 831–32 (Bankr. S.D. Ohio 2010) (looking to debtors' states of incorporation to determine governing law); *see also In re De Camp Glass Casket Co.*, 272 F. 558, 561 (6th Cir. 1921) (holding that authority to file a voluntary bankruptcy petition on behalf of a corporation depends on the laws of the state in which such corporation is organized, subject to the corporation's constituent documents).  As the Bankruptcy Court stated, Ms. Weaver lacked authority under state law to file the bankruptcy cases.  Hr'g Tr. 36:4-8.

Here, the state laws of incorporation of each of the Receivership Entities support finding that Ms. Weaver lacked the authority to file the applicable bankruptcy cases.  RE Holdings is incorporated under the laws of Tennessee.  Pursuant to Tennessee Code Annotated § 48-249-401(a)(1), "[e]ach member has equal rights in the management and conduct of the LLC's business."  Nearest Green

and Uncle Nearest, Inc., are both incorporated under the laws of Delaware.  Pursuant to Delaware Code Annotated tit. 1 § 141, "[t]he business and affairs of every corporation organized under this chapter shall be managed by or under the direction of a board of directors, except as may be otherwise provided in this chapter or in its certificate of incorporation."  Under both Tennessee and Delaware law, the authority to manage corporate affairs is vested in the board of directors or members, as applicable.  But here, the Receivership Order exclusively vested all board-level and member authority in the Receiver.  Receivership Order ¶ 9.  As such, Ms. Weaver could not exercise any corporate authority on behalf of the Receivership Entities. The Receivership Order divested Ms. Weaver and all other officers, directors, members, and managers of their corporate powers by exclusively vesting the Receiver with "all the powers of officers, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the Subject Entities."  Receivership Order ¶ 9. Ms. Weaver therefore lacked the corporate authority necessary under state law to file a bankruptcy petition on behalf of any of the Receivership Entities.

Bankruptcy filings that are not properly authorized must be dismissed.  Under *Price*, "[i]f the District Court finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition."   324 U.S. at 106.  This rule has

been applied consistently to require dismissal for cause under 11 U.S.C. § 1112(b) when the person signing the petition lacks the authority to do so. *See In re ComScape Telecomms., Inc*, 423 B.R. at 829 ("It is well established that lack of authority to commence a bankruptcy case constitutes cause for dismissal.") (citations omitted); *In re Orchard at Hansen Park, LLC*, 347 B.R. 822, 827 (Bankr. N.D. Tex. 2006) (dismissing case as improperly filed where operating agreement required consent of all members for filing and was not given, despite fact that "case crie[d] out for bankruptcy relief"); *In re Chicago South Loop Hotel Owner, LLC*, No. 25-12829, 2026 WL 690868, at *3-4 (Bankr. N.D. Ill. Mar. 10, 2026) (dismissing bankruptcy case for cause under § 1112(b) because person who signed petition lacked authority to do so).

Courts have found that officers of entities under the supervision of a receiver may be prohibited from filing a bankruptcy petition on behalf of such entities. *See, e.g.*, *Chitex Commc'n  v. Kramer*, 168 B.R. 587, 590 (S.D. Tex. 1994) (dismissing chapter 11 petition filed by president of corporation in receivership because only receiver had authority to file); *see also Milligan*, 2021 WL 6750934, at *2 (finding individual lacked authority to file where receivership order stripped general partners of management power and barred all agents of limited partnerships from exercising control over receivership assets).  Likewise, as discussed at length, the Receivership Order exclusively vested the Receiver with all the powers of officers, directors,

222898822_24

members, and managers of Uncle Nearest and the Subject Entities. Receivership Order ¶ 9. Ms. Weaver's unilateral decision to file a purported bankruptcy petition in defiance of the Receivership Order was unauthorized as a matter of law.

B. Ms. Weaver Failed to File Valid Corporate Resolutions.

Even assuming *in arguendo* that the Receivership Order did not prohibit Ms. Weaver from filing, Ms. Weaver still improperly filed the petition without any board resolutions approving the filing. The proper authorization of an entity's bankruptcy filing requires a valid board of directors meeting and valid corporate resolutions. "[I]t is clear that any corporate resolution which authorizes the filing of a voluntary bankruptcy petition must originate at a validly held meeting of directors and must be approved by the proper number of such directors." *In re ComScape Telecomms., Inc*, 423 B.R. at 831 (citing *In re Giggles Rest., Inc.*, 103 B.R. 549, 553 (Bankr. D.N.J. 1989)). Filing an invalid corporate resolution, or foregoing the filing of a resolution altogether, is grounds to dismiss a bankruptcy case. *See In re Farner, Boring & Tunneling, Inc.*, 26 B.R. 29, 31-32 (Bankr. E.D. Tenn. 1982) (dismissing bankruptcy case where petition was filed pursuant to an invalid corporate resolution because "[i]n the absence of a quorum of the board of directors, no action could be taken" and the sole member present "could not have singularly enacted a valid corporate resolution"). Critically, "[a] bankruptcy filing is unauthorized if the board of directors purporting to authorize it was not lawfully constituted and acting

lawfully in so doing." *In re ComScape Telecomms., Inc*, 423 B.R. at 832 (citing 9A Am. Jur. 2d Bankruptcy § 894).  Moreover, "'[a]n officer or an individual director cannot properly file a petition for the voluntary bankruptcy of a corporation unless authorized by the board of directors.'" *In re ComScape Telecomms., Inc*, 423 B.R. at 832 (quoting 15A Fletcher Cyc. Corp. § 7631.39 (2009)).

Here, Ms. Weaver did not—and could not—obtain valid corporate authorization to file the bankruptcy petition.  Because the Receivership Order exclusively vested the Receiver with "all the powers of officers, directors, members, and/or managers" of Uncle Nearest, Ms. Weaver had no authority to convene a board meeting, and any such meeting would have been a nullity.[2]  Receivership Order ¶ 9. At the Dismissal Hearing, the Appellants' own counsel conceded that Ms. Weaver did not have authority to hold a valid board meeting or file valid corporate resolutions authorizing the bankruptcy filing.  Hr'g Tr., 14:11-15:4.  As the Ninth Circuit recognized in an analogous case, when a receivership order removes directors from their positions, any attempt by former directors to "reconstitute" the board and authorize a bankruptcy filing is without effect.  *In re Sino Clean Energy*,

---

[2] Appellants filed a purported certificate of corporate resolution on behalf of each of the Receivership Entities.  Appellants' Emergency Motion to Expedite Appeal, 19-9.  These resolutions were not filed at the time of the bankruptcy case and cannot be considered now.  In fact, Appellants' counsel stated Ms. Weaver did not have any authority to convene a board of directors meeting and sign a certificate of corporate resolution.  Hr'g Tr., 14:11-15:4.

901 F.3d at 1141–42 (former chairman and CEO's attempt to "reconstitute" board of directors and authorize bankruptcy filing was invalid where receivership order had removed them as directors).

Appellants' reliance on *In re 530 Donelson, LLC*, 660 B.R. 887 (Bankr. M.D. Tenn. 2024), does not compel a different result. First, *530 Donelson* is not controlling on the Bankruptcy Court. Second, as the Bankruptcy Court explained, the receivership order in *530 Donelson* was "plain vanilla," "with nothing that would alter the structure of the LLC, formally remove members, or deal with the possibility of a bankruptcy." 660 B.R. at 890. Indeed, the movant in *530 Donelson* did not even contest that the member who signed the petition had authority to do so under the LLC's operating agreement. *Id.* at 888. The Bankruptcy Court correctly observed that while *530 Donelson* derived from *In re Yaryan Naval Stores Co.*, 214 F. 563 (6th Cir. 1914) the principle that a "specific declaration" is needed to divest a company of the right to file, the Receivership Order here satisfies that requirement by exclusively vesting in the Receiver all the powers of officers, directors, members, and managers, and by specifically authorizing the Receiver to commence bankruptcy proceedings. Receivership Order ¶¶ 9, 10.q. Therefore, *530 Donelson* is inapposite.

Ultimately, the Receivership Order divested Ms. Weaver of the authority to file bankruptcy cases on behalf of the Receivership Entities. Therefore, the Bankruptcy Court's dismissal should be affirmed.

222898822_24

**IV. The Bankruptcy Court Did Not Abuse its Discretion in Dismissing the Bankruptcy Cases Filed on Behalf of the Receivership Entities Because the Receiver Did Not Commence the Cases.**

The Receivership Order only authorizes the Receiver to file bankruptcy cases on behalf of the Receivership Entities. Bankruptcy cases not filed by a receiver when the receiver has the sole power to file a bankruptcy petition pursuant to a receivership order are properly dismissed.[3] *Milligan*, 2021 WL 6750934, at *2 (affirming a bankruptcy court's dismissal of a bankruptcy petition filed by an owner of general partnerships and majority owner of partnership interests in an entity under receivership because he lacked the authority to file the bankruptcy petition where a receivership order granting the receiver the "'the sole and exclusive right' to file bankruptcy petitions for the [entities in receivership] validly vested authority to file such petitions in [the receiver] alone").

Appellants have failed to point to a clear error of judgment in the Bankruptcy Court's dismissal of the bankruptcy cases. That the Receiver has the exclusive

---

[3] Appellants assert that the record does not support the Bankruptcy Court's dismissal of the bankruptcy cases because the Bankruptcy Court failed to establish cause under 11 U.S.C. § 1112(b). Appellants' Br. at 26-27. The Bankruptcy Court expressly, found "there [was] cause for dismissal because there [was] a lack of authority for the petitions as they were filed" Hr'g Tr., R. 22-1, 47:17-18, without the need to apply the fact intensive cause inquiry under 11 U.S.C. § 1112(b). *In re ComScape Telecomms., Inc.*, 423 B.R. at 830 (quoting *Price*, 324 U.S. at 106) ("However, the Court need not rely on § 1112(b) for authority to dismiss this case. Whenever a court 'finds that those who purport to act on behalf of the corporation have not been granted authority by local law to institute the proceedings, it has no alternative but to dismiss the petition.'").

222898822_24

authority to file on behalf of the Receivership Entities is the only logical conclusion. Relevant here, when Ms. Weaver filed the bankruptcy cases on behalf of the Receivership Entities, she no longer had the authority she previously held as a director or officer of the Receivership Entities. As such, the filing was not authorized and was properly dismissed. *In re Sino Clean Energy, Inc.*, 901 F.3d at 1141 (reasoning that a bankruptcy petition filed on behalf of an entity in receivership by individuals who were not members of the board of directors at the time of filing was not authorized). Accordingly, the Bankruptcy Court did not abuse its discretion in dismissing the bankruptcy cases on the grounds that Ms. Weaver lacked authority to file the cases.

## V. The Receivership Entities Have Authority to File Bankruptcy Cases.

The fulcrum of the Appellants' Brief is meritless. The argument that the Receivership Order deprives the Receivership Entities of the right to seek bankruptcy relief and "corporate actors of their right to seek relief under the federal bankruptcy laws" misinterprets the law and misconstrues the Receivership Order. Appellants' Br. at 21. The Receivership Order provides: "The Receiver is authorized to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities[.]" Receivership Order ¶ 10.q. As such, the Receivership Order does not deprive the Receivership Entities from filing for bankruptcy; it just limits *who* may file on the company's behalf.

222898822_24

Receiverships have long permitted companies to file bankruptcy cases, regardless of the fact that their assets are in the custody of a receiver. *Muffler v. Petticrew Real Est. Co.*, 132 F.2d 479, 481 (6th Cir. 1942) (reasoning that a company is "not deprived of the of the right to file its petition merely because its property [is] in the custody of [a] state court receiver."). A Receivership Order that "merely restricts *who* has authority to file bankruptcy on behalf of [a] [d]ebtor, and does not deprive [the] [d]ebtor of its power to seek bankruptcy protection" does not "contravene Congress's power to enact uniform laws of bankruptcy." *El Torero Licores v. Raile (In re El Torero Licores)*, No. SACV 13-00875-VAP, 2013 WL 6834609, at *8 (C.D. Cal. Dec. 20, 2013); *see also In re 530 Donelson*, 660 B.R. at 891 (citing *Struthers Furnace Co. v. Grant*, 30 F.2d 576, 577 (6th Cir. 1929) ("The general rule in the Sixth Circuit is that the appointment of a receiver and issuance of the typical injunction against interference does not affect a company's, or by extension, its managers' authority to file bankruptcy.")).

Appellants rely on bankruptcy cases such as *Struthers* and *Yaryan* to assert that the Receivership Order deprives the Receivership Entities of the right to seek bankruptcy relief. Appellants' Br. at 19-21. However, as the Bankruptcy Court recognized, it does not. *In re Uncle Nearest, Inc.*, R. 72 at 5-6; *In re Nearest Green*, R. 54 at 5-6; *In re RE Holdings*, R. 54 at 5-6. Indeed, these authorities do stand for the proposition that a company cannot be deprived of the right to seek bankruptcy

222898822_24

relief and illustrate that the Receivership Order does not deprive the Receivership Entities of that right.

In *Yaryan*, the Sixth Circuit read a receivership order as "contain[ing] nothing which indicate[d] an intention to prohibit a due application being made to the appropriate bankruptcy court." 214 F. at 565. The Receivership Order here, by contrast, explicitly and exclusively vested in the Receiver "all the powers of officers, directors, members, and/or managers" and specifically authorized the Receiver "to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." Receivership Order ¶¶ 9, 10.q.

Similarly, in *Struthers Furnace*, the receiver did not assert that the board of directors lacked authority to file—the receiver argued only that the board should have been estopped from authorizing the petition because it had earlier requested appointment of the receiver. 30 F.2d at 577. As the Bankruptcy Court observed, "[o]bviously, the facts of *Struthers Furnace* make it inapposite here." *In re Uncle Nearest, Inc.*, R. 72 at 6; *In re Nearest Green*, R. 54 at 6; *In re RE Holdings*, R. 54 at 6. These bankruptcy cases on appeal simply do not present the instance where the Receivership Order prohibits the Receivership Entities from commencing a bankruptcy proceeding. Indeed, the Receivership Order specifically contemplates that a bankruptcy filing is permissible and expressly provides that the Receiver can commence such a filing. As *Price* declared, "the initiation of proceedings, like the

run of corporate activities, is left to the corporation itself, i.e. to those who have the power of management." 324 U.S. at 104. The Receiver has the power of management. As such, this argument lacks merit, confuses the effect of the Receivership Order, and ignores the Bankruptcy Court's conclusion that the Receivership Order does not deprive the Receivership Entities of the right to file a bankruptcy case. Rather, the Receivership Order merely instructs who has the authority to do so on behalf of the Receivership Entities—the Receiver.

The Bankruptcy Court properly found that the Receivership Order did not deprive Uncle Nearest of the constitutional authority to file a bankruptcy petition. The Bankruptcy Court rightly reasoned that "[t]he Receivership Entities, through the Receiver, [have] the ability to seek bankruptcy relief." *In re El Torero Licores*, 2013 WL 6834609, at *8. As the Receivership Entities still have the right to file a bankruptcy case and the case is valid if it is filed by the Receiver, this Court should affirm the Bankruptcy Court's finding that "[the Receivership Entities], through the Receiver's exclusive authority" still retained the right to file a bankruptcy petition on behalf of the company. *In re El Torero Licores*, 2013 WL 6834609, at *8.

## VI. The Supplemental Opinion Should Not Be Stricken.

### A. The Supplemental Opinion Aids in the Appeal and Does Not Alter the Bankruptcy Court's Judgment.

As addressed in FCMA's response in opposition to the Appellants' Motion to Strike, the Supplemental Opinion is not void because the opinion aids in the appeal

and did not alter the judgment. *In re Uncle Nearest*, Dkt. No. 26; *In re Nearest Green*, Dkt. No. 25; *In re RE Holdings,* Dkt. No. 23. Generally, under the *Griggs* jurisdiction-divestiture rule "[t]he filing of a notice of appeal . . . confers jurisdiction on the [appellate court] and divests the [lower] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also In re Davis*, 160 B.R. 577, 581 (Bankr. E.D. Tenn. 1993). However, some exceptions to the rule exist. Namely, courts routinely find that, despite the filing of a notice of appeal from a bankruptcy court order, "actions in aid of the appeal are not beyond [the bankruptcy court's] authority." *In re Nat'l Century Fin. Enters., Inc.*, 334 B.R. 907, 913 (Bankr. S.D. Ohio 2005) (quoting *Metro N. St. Bank v. The Barrick Group, Inc. (In re Barrick Group, Inc.)*,100 B.R. 152, 154 (Bankr. D. Conn.1989) (citations omitted)); *see also Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (quoting *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152 (1982)) ("It is established that 'the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals' but that the 'district court retains jurisdiction to proceed with matters that are in aid of the appeal.'"); *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 612 (6th Cir. 2024) ("Even after a notice of appeal has been filed, the district court retains jurisdiction to take several types of actions, including to proceed with matters that will aid the appellate

222898822_24

process.") (internal quotations omitted (citations omitted)).  Actions in aid of an appeal may not go so far as "actions that *alter* the case on appeal" or that would "expand or materially revise its prior decisions[.]" *Taylor v. Stevens*, 146 F.4th 480, 484 (6th Cir. 2025) (citing *United States v. Harvey*, 996 F.3d 310, 312-13 (6th Cir. 2021)) (holding that once a notice of appeal is filed, the lower court is without jurisdiction to issue supplemental opinions or rulings that expand or materially revise its prior decisions where a district court determined that certain cases could constitute the petitioner's third strike and then reversed course in the supplemental opinion to find that another case in place of a prior case relied upon could constitute the third strike).  The Sixth Circuit has found that a lower court's jurisdiction under this exception to the *Griggs* jurisdiction-divestiture rule extends to issuing an opinion memorializing an oral ruling promptly after it is delivered if a litigant appeals the oral ruling.  *Greer*, 114 F.4th at 613 (citing *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Inland Bulk Transfer Co.*, 332 F.3d at 1013)); *In re Nat'l Century Fin. Enters., Inc.*, 334 B.R. at 913.

The Supplemental Opinion falls squarely within the Bankruptcy Court's jurisdiction because it merely aids in the appellate process by clarifying and memorializing the Bench Ruling and Dismissal Order.  At the Dismissal Hearing, the Bankruptcy Court clearly stated that if any party requested a transcript, it expressly reserved the right to memorialize its Bench Ruling.  Hr'g Tr. 47:21-23.

222898822_24

The Bankruptcy Court went on to enter the Dismissal Order on the same day as the hearing and FCMA promptly requested the transcript the following day thereby putting all parties on notice that the Court would likely enter the Supplemental Opinion.

The Bankruptcy Court's Supplemental Opinion merely clarified and reiterated—but did not expand or alter—the findings in the Bench Ruling and the Dismissal Order. As the Bankruptcy Court expressly stated, it issued the Supplemental Opinion to "supplemen[t] the March 19 bench decision to *clarify*, *but not alter,* the decision by elaborating on the authorities *relied on by the Court* to find that Fawn Weaver lacked authority to file the bankruptcy petition in this case." *In re Uncle Nearest, Inc.*, R. 72 at 3; *In re Nearest Green*, R. 54 at 3; *In re Uncle Nearest Real Estate Holdings, LLC*, R. 54 at 3 (emphasis added). The holdings are the same: Fawn Weaver lacked the authority to file for bankruptcy on behalf of the purported debtors, as that power was exclusively vested with the Receiver. *Compare* Hr'g Tr. 47:14-15, *with In re Uncle Nearest, Inc.*, R. 72 at 3; *In re Nearest Green*, R. 54 at 3; *In re RE Holdings, LLC,* R. 54 at 3. As such, because the Supplemental Opinion did not alter the case on appeal and instead aids the appellate process, the Bankruptcy Court's Supplemental Opinion should not be stricken and is not void.[4]

---

[4] For the same reasons stated herein, the Supplemental Opinion does not substantially alter the rights of the parties requiring a party to seek relief under Federal Rule of Civil Procedure 60(b). *Cf. Olle v. Henry & Wright*, 910 F.2d 357

222898822_24

B. <u>Appellants Waived the Opportunity to Object to the Supplemental Opinion.</u>

Moreover, Appellants did not object to the entry of the Supplemental Opinion in the Bankruptcy Court. By not filing any objections to the Supplemental Opinion in the Bankruptcy Court, the Appellants have waived any objections to the Supplemental Opinion, let alone its consideration, on appeal. *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2019 WL 12056283, at *2 (S.D. Ohio Dec. 30, 2019) (citing Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.")); *see also In re Ohio Execution Protocol Litig.*, 2019 WL 12056283, at *2 (finding that parties who failed to file objections to a magistrate judge's supplemental opinion waived the opportunity to assign error before the district court).

**VII. The Appellants' Brief Suffers from Several Procedural Defects.**

The Appellants' Brief suffers from multiple procedural defects that independently warrant striking the brief or, at a minimum, disregarding improperly raised arguments. First, the Appellants' Brief was untimely-filed. Rule 8018(a)(1)

---

(6th Cir. 1990). *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002), relied upon by Appellant for the position that a court may not issue substantive rulings expanding the reasoning of an order under review, holds only that the a court may use Federal Rule of Civil Procedure 60(a) for clerical errors with leave of the appellate court but not to revisit legal analysis or correct an error of substantive judgment. *In re Walter* has no bearing on this issue. Here, the Bankruptcy Court explicitly noted in the Supplemental Opinion that it was *not* correcting a mistake and Federal Rule of Civil Procedure 60(a) was not at play.

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") provides that "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been sent or that it is available electronically."  On April 29, 2026, the Bankruptcy Court clerk filed the *Notice of the Transmission of Bankruptcy Appeal Record* in each of the underlying bankruptcy proceedings.  *In re Uncle Nearest, Inc.*, R. 88; *In re Nearest Green*, R. 65; *In re RE Holdings*, R. 65.  Therefore, the Appellants' Brief was due on May 29, 2026, thirty days after the entry of the *Notice of the Transmission of Bankruptcy Appeal Record*.  The Appellants filed their brief on June 1, 2026.[5]  Pursuant to the applicable Bankruptcy Rules, this Court may dismiss the appeal.  Bankruptcy Rule 8018(a)(4) provides in relevant part that "[i]f an appellant fails to file a brief on time . . . the district court or BAP may— on its own after notice or on the appellee's motion—dismiss the appeal."  Furthermore, Bankruptcy Rule 8003(a)(2) provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the appeal's validity, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."  Accordingly, the Bankruptcy Rules authorize this Court to dismiss the appeal for the Appellants' failure to timely file the Appellants' Brief.

---

[5] The Appellants filed their brief only after the Receiver filed the *Appellee- Receiver Phillip G. Young, Jr.'s Motion to Dismiss Appeal*.  *In re Uncle Nearest*, Dkt. No. 29; *In re Nearest Green*, Dkt. No. 27; *In re RE Holdings*, Dkt. No. 25.

222898822_24

Second, the Appellants' Brief raises an argument already decided by this Court. Specifically, Appellants' Argument IV is: "This Appeal Presents a Controlling Question of Law of Public Importance." Appellants' Br. at 32. Appellants already requested certification for direct appeal before this Court in the *Emergency Motion to Expedite Appeal Pursuant to F.R.B.P. 8013(b), and in the Alternative, for Certification of Direct Appeal to the Sixth Circuit Pursuant to 28 U.S.C. § 158(d)(2)*. This Court denied Appellants' request for certification. Appellants cannot now attempt to re-argue the issue when it was already ruled on by this Court.

Third, the Appellants' Brief fails to include the applicable standards of review for each issue. Bankruptcy Rule 8014(a)(5) requires that an appellant's brief contain "the applicable standard of appellate review for each issue." Appellants' Brief provides a standard of review for Argument I (*de novo* review of legal conclusions) but fails to identify any standard of review for Argument II or Argument IV.

<u>**CONCLUSION**</u>

This Court should find that the Bankruptcy Court did not abuse its discretion in dismissing the unauthorized bankruptcy cases filed on behalf of the Receivership Entities, affirm the Bankruptcy Court's dismissal of the bankruptcy cases, and dismiss these appeals.

222898822_24

Dated: June 29, 2026

Respectfully submitted,

*/s/ Erika R. Barnes*
Erika R. Barnes (TN Bar No. 028628)
STITES & HARBISON PLLC
401 Commerce St., Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Email: ebarnes@stites.com

- and-

Demetra Liggins
Dairanetta S. Spain (TN Bar No. 039981)
MCGUIREWOODS LLP
Texas Tower
845 Texas Ave., Suite 2400
Houston, TX  77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com
          dspain@mcguirewoods.com

M. Alexandra Shipley
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Telephone: (312) 849-8253
Email: ashipley@mcguirewoods.com

*Attorneys for Farm Credit Mid-America, PCA*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. Bankr. P. 8015(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 7,920 words.

This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word version 2508 in Times New Roman, 14-point font.

*/s/ Erika R. Barnes*
Erika R. Barnes
Attorney for Farm Credit Mid-America, PCA
Dated: June 29, 2026

222898822_24

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 29, 2026, a true and correct copy of the foregoing was served on all parties entitled to service via this Court's ECF/CMF system, including upon the following:

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson and Johnson PC
1407 Union Ave., Suite 1002
Memphis, TN 38104
901-725-7520
Fax: 901-725-7570
cjohnson@johnsonandjohnsonattys.com
fjohnson@johnsonandjohnsonattys.com

Phillip G. Young, Jr.
Justin T. Campbell
Thompson Burton PLLC
1801 West End Avenue, Suite 1550
Nashville, TN 37203
phillip@thompsonburton.com
justin@thompsonburton.com


*/s/ Erika R. Barnes*
Erika R. Barnes