Case No. 3:26-cv-00135-CEA-DCP

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

_____

UNCLE NEAREST, INC.,
Appellant,

v.

PHILLIP G. YOUNG, JR., in his capacity as Receiver, et al.,
Appellees.

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE (KNOXVILLE)
Case No. 3:26-bk-30470-SHB

_____

BRIEF OF THE APPELLEE,
PHILLIP G. YOUNG, JR., RECEIVER

_____

*/s/ Justin Campbell*
Justin Campbell (031056)
Trent Meriwether (038577)
Thompson Burton, PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
(615) 465-6000
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel for Receiver*

**DISCLOSURE STATEMENT**

Being an individual, Receiver Phillip G. Young, Jr. has no applicable disclosures to make. Fed. R. Bankr. P. 8012(a)(2), (c).

Case 3:26-cv-00135-CEA-DCP    Document 38    Filed 06/29/26    Page 2 of 25    PageID #: 901

# TABLE OF CONTENTS

**DISCLOSURE STATEMENT** ............................................................................. **ii**

**TABLE OF CONTENTS** ................................................................................. **iii**

**TABLE OF AUTHORITIES** ............................................................................. **iv**

**STATEMENT REGARDING ORAL ARGUMENT** ....................................................1

**JURISDICTIONAL STATEMENT** ....................................................................2

**STATEMENT OF THE ISSUES & STANDARDS OF REVIEW**...........................3

**STATEMENT OF THE CASE**...........................................................................5

A. Uncle Nearest's founding, downfall, and receivership. ................................5

B. Receivership Order details. ......................................................................5

C. Mrs. Weaver files bankruptcy on Uncle Nearest's behalf, which the Bankruptcy Court quickly dismissed..............................................................6

D. Mrs. Weaver appeals on Uncle Nearest's behalf—still without authority to do so— and the Bankruptcy Court then supplements its opinion. .............................7

**SUMMARY OF ARGUMENT** ...........................................................................**8**

**ARGUMENT**...............................................................................................**10**

I. Appellant forfeited (if not waived) the issue of whether Mrs. Weaver lacked authority to file bankruptcy on Appellant's behalf. ....................................................11

II. Even if not forfeited, the Receivership Order 'exclusively vested' all authority of Uncle Nearest's leadership in the Receiver. ...........................................12

    A. Appellant spends most of its time arguing an undisputed point—that the Receivership Order never stops the company from filing bankruptcy. .................12

    B. Appellant briefly argues that the Receivership Order never prohibits its board from filing, while ignoring that Mrs. Weaver as CEO lacked authority even absent the Order. ..............................................................................13

    C. The exclusive grant in the Receivership Order left zero authority for Mrs. Weaver to exercise as CEO. ..............................................................................14

III. With nothing in the Bankruptcy Court's Order dismissing this case for cause under 11 U.S.C. § 1112(b), nothing exists for this Court to reverse....................................16

IV. By the Bankruptcy Court's own words, the Supplemental Opinion adds nothing to its judgment—the thing actually being reviewed. ...........................................17

**CONCLUSION** ...........................................................................................**18**

**CERTIFICATE OF SERVICE** ........................................................................**20**

## TABLE OF AUTHORITIES

**CASES**

*Bannister v. Knox Cnty. Bd. of Educ.*,
  49 F.4th 1000 (6th Cir. 2022) ....................................................................... 3, 8, 11

*Greer v. Strange Honey Farm, LLC*,
  114 F.4th 605 (6th Cir. 2024) ................................................................................. 4

*In re 530 Donelson, LLC,*
  660 B.R. 887 (Bankr. M.D. Tenn. 2024) ........................................................... 15

*In re Arkco Props., Inc.*,
  207 B.R. 624 (Bankr. E.D. Ark. 1997) .............................................................. 14

*In re Badalyan*,
  236 B.R. 633 (B.A.P. 6th Cir. 1999) ............................................................... 2, 3

*In re Cambrian Holding Co., Inc.*,
  110 F.4th 889, 898 (6th Cir. 2024) ..................................................................... 3

*In re ComScape Tele., Inc.*,
  423 B.R. 816 (Bankr. S.D. Ohio 2010)............................................................. 14

*In re Creekside Sr. Apartments, L.P.*,
  489 B.R. 51 (B.A.P. 6th Cir. 2013) ...................................................................... 4

*In re De Camp Glass Casket Co.*
  272 F. 558 (6th Cir. 1921) ............................................................................ 12 n.3

*In re Energy Future Holdings Corp.*,
  561 B.R. 630 (Bankr. D. Del. 2016) .................................................................. 14

*In re Eton St. Brewery, LLC*,
  663 B.R. 866 (Bankr. E.D. Mich. 2024)................................................... 9, 10, 17

*In re Yaryan Naval Stores Co.*,
  214 F. 563 (6th Cir. 1914) ................................................................................. 12

*Inland Bulk Transfer Co. v. Cummins Engine Co.*,
  332 F.3d 1007 (6th Cir. 2003) ....................................................................... 9, 17

*Keathley v. Buddy Ayers Constr., Inc.*,
  No. 25-6, 2026 WL 1686028 (U.S. June 11, 2026)............................................ 14

*Merritt v. Mt. Forest Fur Farms of Am.*,
  103 F.2d 69 (6th Cir. 1939) ............................................................................... 13

*Muffler v. Petticrew Real Est. Co.*,
  132 F.2d 479 (6th Cir. 1942) ............................................................................. 12

*Olle v. Henry & Wright, Corp.*,
  910 F.2d 357 (6th Cir. 1990) ............................................................................. 17

*Pemberton v. Bell's Brewery, Inc.*,
  150 F.4th 751 (6th Cir. 2025) ............................................................................ 11

*Price v. Gurney*,
  324 U.S. 100 (1945)................................................................................... *passim*

*Pruzinsky v. Gianetti*,
  282 F.3d 434 (6th Cir. 2002) ............................................................................. 17

*Rose v. State Farm Fire & Cas. Co.*,
  766 F.3d 532 (6th Cir. 2014) ...................................................................... 3, 8, 11

*Stewart v. IHT Ins. Agency Grp., LLC*,
  990 F.3d 455 (6th Cir. 2021) ................................................................... 9, 16, 17

*Struthers Furnace Co. v. Grant*,
      30 F.2d 576 (6th Cir. 1929) ................................................................ 12

*United States v. Allen*,
      93 F.4th 350 (6th Cir. 2024) ................................................................ 12

**STATUTES**

11 U.S.C. § 101(41) ..................................................................................... 13

11 U.S.C. § 109(a) ....................................................................................... 13

11 U.S.C. § 1112(b) ................................................................................. *passim*

28 U.S.C. § 157(b) ......................................................................................... 2

28 U.S.C. § 158(a)(1) ..................................................................................... 2

Del. Code Ann. tit. 8, § 141 ........................................................................ 14

Tenn. Code Ann. § 48-25-105(c) .............................................................. 13 n.4

**RULES**

Fed. R. Bankr. P. 8012(a)(2), (c) ................................................................. ii

Fed. R. Bankr. P. 8014(a)(5) ......................................................................... 3

## STATEMENT REGARDING ORAL ARGUMENT

Appellee Receiver Phillip G. Young, Jr. waives oral argument in this matter except to the extent that oral argument is granted to Appellant.

1

## JURISDICTIONAL STATEMENT

This is an appeal from a March 19, 2026, order of the United States Bankruptcy Court for the Eastern District of Tennessee granting Appellee's motion to dismiss Appellant's Chapter 11 bankruptcy petition. As a "core" matter, the Bankruptcy Court had subject-matter jurisdiction to decide the motion. 28 U.S.C. § 157(b). And such "[a]n order dismissing a bankruptcy case is a final order" allowing for an appeal as of right to this Court. *In re Badalyan*, 236 B.R. 633, 635 (B.A.P. 6th Cir. 1999), *aff'd*, 221 F.3d 1333 (6th Cir. 2000) (citing 28 U.S.C. § 158(a)(1)).

Appellant filed its Notice of Appeal the next day.

2

Per Federal Rule of Bankruptcy Procedure 8014(a)(5), Appellee states the following issues and, "for each one, a concise statement of the applicable standard of appellate review."

1. An appellant waives issues it "explicitly abandons," *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022), and it forfeits ones "not raised and argued in its initial brief on appeal," *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014). Here, the Bankruptcy Court only concluded that Appellant's CEO Fawn Weaver lacked authority to file bankruptcy on the company's behalf. Appellant's counsel previously admitted that Mrs. Weaver lacked that authority, and Appellant's opening brief here never addresses it. Has Appellant forfeited (if not waived) the issue of whether Mrs. Weaver lacked that authority?

2. The "[d]ismissal of a bankruptcy case is reviewed for abuse of discretion," which can occur when the court "improperly applies the law or uses an erroneous legal standard," each reviewed *de novo*. *In re Badalyan*, 236 B.R. 633, 635 (B.A.P. 6th Cir. 1999). In dismissing this case with no factual disputes, the Bankruptcy Court interpreted *this* Court's Receivership Order in a separate case, with that interpretation also reviewed *de novo*. *In re Cambrian Holding Co., Inc.*, 110 F.4th 889, 898 (6th Cir. 2024).

If an unauthorized person files a corporate bankruptcy, the corporation's petition must be dismissed. A CEO is unauthorized to file absent board resolution. And for a receiver to have exclusive authority to file, a court order must say so. Here, CEO Fawn Weaver had no board resolution, and the Receivership Order "exclusively vested" all Appellant's board authority in the Receiver, bankruptcy explicitly. Despite that, Mrs. Weaver filed bankruptcy on Appellant's behalf. Did she lack authority to file?

3. Whether a Bankruptcy Court correctly dismissed a bankruptcy petition "for cause" under 11 U.S.C. § 1112(b) is reviewed for abuse of discretion. *In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 54 (B.A.P. 6th Cir. 2013). Here, the Bankruptcy Court's Order never cites § 1112(b) at all. Yet Appellant raises this as an issue. App't Br., 10. Did the Bankruptcy Court ever use its discretion to dismiss the petition under § 1112(b)?

4. When a bankruptcy court makes a "jurisdictional determination," like whether it can alter its order post appeal, that determination is reviewed *de novo*. *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 612 (6th Cir. 2024). Because it is the trial court's judgment—not its opinion—on appeal, a trial court lacks authority to alter its judgment once appealed. Here, three days after Appellant's notice of appeal, the Bankruptcy Court issued a supplemental opinion, which said it changes nothing about its prior judgment on appeal. Does that supplemental opinion affect the judgment on appeal?

## STATEMENT OF THE CASE

### A.    Uncle Nearest's founding, downfall, and receivership.

In 2016, Fawn and Keith Weaver founded Appellant Uncle Nearest, Inc. as a Tennessee whiskey company that has become a national brand, with Mrs. Weaver as Chief Executive Officer.  Around the same time, they created two entities related to it—Nearest Green Distillery, Inc. (to distill the whiskey) and Uncle Nearest Real Estate Holdings, LLC (an investment arm).  *See generally* Case No. 4:25-cv-00038 (E.D. Tenn.) (D.E. 1, Compl.).

Over time, however, Uncle Nearest fell into financial distress.  And in July 2025, its largest creditor (Appellee Farm Credit Mid-America, PCA) sued in this Court to put the spirits company and its related entities into a receivership.  *Id.*

This Court did so, entering a receivership order on August 22, 2025. Bankr. D.E. 8-1, Receivership Order (attached as Exhibit A).  And as receiver, this Court appointed Appellee Phillip G. Young, Jr., whom Uncle Nearest had "propose[d]" as "a uniquely qualified 25-year member of the Tennessee bar and Columbia."  Case No. 4:25-cv-00038, at D.E. 37, p.1.

### B.    Receivership Order details.

Upon its entry, that Receivership Order reassigned all Uncle Nearest authority to the Receiver.  Per the Order, "The Receiver shall be *exclusively vested* with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest and the Subject Entities[1] to take (or refrain from taking) any and all actions on behalf of Uncle Nearest and the

---

[1] Defined as Uncle Nearest's rights "in, under and to any entity (including, but not limited to, Domaine D'Anatole, Inc., Domaine D'Anatole, S.A.S, UNAH, Inc., S1 Organic Vodka, LLC, UN House MV, LLC, Uncle Nearest Ventures, LLC, and the Nearest Green Historical Preservation & Culture Fund)."  Rec'r Order, 2.

Subject Entities." Rec'r Order, 4 (emphasis added). Beyond that, it also "authorized [the Receiver] to commence a proceeding under title 11 of the United States Code on behalf of Uncle Nearest and the Subject Entities." *Id.* at 12.

To solidify the Receiver's plenary authority, the order then directly addressed the limitations on all prior management. It enjoined all Uncle Nearest "officers, directors, employees, agents, assigns, or any other persons or entities acting on behalf of or in concert with Uncle Nearest" from three relevant actions:

1. "[I]mpairing any Receivership Asset";
2. "[I]nterfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order, including, but not limited to, any and all actions that may damage the brand and reputation of the Receivership Assets"; or
3. "[I]nterfering in any other way with the Receiver, directly or indirectly."

*Id.* at 12-13. Beyond Uncle Nearest, the Order enjoined "[a]ll persons or entities" with notice of the receivership "from in any way disturbing, interfering or affecting the Receivership Assets or the administration of the receivership estate," including "initiating or continuing any actions or proceedings" that would affect the receivership estate. *Id.* at 13.

## C. Mrs. Weaver files bankruptcy on Uncle Nearest's behalf, which the Bankruptcy Court quickly dismissed.

Despite that Receivership Order, on March 17, 2026, Mrs. Weaver unilaterally filed bankruptcy petitions on behalf of Uncle Nearest, Nearest Green, and Uncle Nearest Real Estate Holdings. D.E. 20-1, Bankr. Pet'n, 4

6

(showing Mrs. Weaver's signature). A flurry of filings ensued, including most notably the Receiver's underlying motion to dismiss Uncle Nearest's petition as unauthorized under the Receivership Order. D.E. 20-2, Rec'r MTD.

Two days after the petition, on March 19, the Bankruptcy Court held a hearing, at which Uncle Nearest's attorney admitted that "[t]he corporate formalities by the receivership have been exclusively vested in the receiver." D.E. 22-1, Hear'g Tr., 15:6-7. Even more specifically: "[s]he [Mrs. Weaver] doesn't have the authority to do exactly what [the Bankruptcy Court was] hinting at"—file bankruptcy. *Id.* at 14:22, 15:3-4. Following that, the court issued an oral bench opinion that the petition should be dismissed, formalized by a written order directing the dismissal. D.E. 20-4, Bankr. Order. It had a straightforward reason—"Mr. Young alone has the decision-making authority on behalf of Debtor," meaning that "Ms. Weaver had no authority to file the Voluntary Petition" on Uncle Nearest's behalf. *Id.* at 4.

**D. Mrs. Weaver appeals on Uncle Nearest's behalf—still without authority to do so—and the Bankruptcy Court then supplements its opinion.**

Mrs. Weaver appealed the Bankruptcy Court's order the next day, March 20, again on Uncle Nearest's behalf. D.E. 20-5, Not. of App. And then on March 23, the Bankruptcy Court issued a supplemental opinion "to clarify, but not alter, the decision by elaborating on the authorities relied on by the Court to find that Mrs. Weaver lacked authority to file the bankruptcy petition in this case." D.E. 20-6, Supp. Op., 3. The court recognized that the notice of appeal "preclude[d] the Court from correcting a mistake except with leave of the appellate court." *Id.* at n.2. So, it clarified that the supplement was "not a correction of the Court's decision issued from the bench or the

dismissal order entered on March 19, 2026." *Id.* Despite that, Uncle Nearest filed a Motion to Strike that Supplemental Opinion (D.E. 23), to which Appellant responded (D.E. 25).

## SUMMARY OF ARGUMENT

1. The Bankruptcy Court concluded one thing—that Fawn Weaver "had no authority to file the Voluntary Petition" on Uncle Nearest's behalf. Bankr. Order, 4. Instead of attacking that, Uncle Nearest's counsel agreed, saying that "[t]he corporate formalities by the receivership have been exclusively vested in the receiver." Hear'g Tr., 15:6-7. Even more explicit: "She [Mrs. Weaver] doesn't have the authority to do exactly what [the Bankruptcy Court was] hinting at"—file bankruptcy. *Id.* at 14:22, 15:3-4. By "explicitly abandoning" the only issue the Bankruptcy Court decided, she waived it. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022). And if not a waiver, Appellant at least forfeited the issue by again having "not raised and argued" it in the "initial brief on appeal." *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014).

2. After Uncle Nearest's largest creditor [2] previously sued it in a separate case before this Court, this Court entered a receivership order that (1) "exclusively vested" all authority of its board and officers in receiver Appellee Phillip G. Young, Jr., and (2) gave him the explicit authority to file bankruptcy for the entity. Ex. A, Rec'r Order, 4. Despite her being stripped of her authority, and having no board resolution at all, seven months into the receivership Mrs. Weaver surprised everyone by unilaterally signing and filing a bankruptcy petition on Uncle Nearest's behalf. But the outcome was no surprise: without authority to sign, the Bankruptcy Court had "no

---

[2] Farm Credit Mid-America, PCA

alternative but to dismiss the petition." *Price v. Gurney*, 324 U.S. 100, 106 (1945). This Court should affirm the Bankruptcy Court's order on that alone.

3. Separately, Appellant urges this Court to reverse the Bankruptcy Court for dismissing its petition "under 11 U.S.C. § 1112(b) where no evidentiary record was developed and no findings supporting 'cause' were made." App't Br., 10. But the Bankruptcy Court's order never even cited § 1112(b). Rather, with Mrs. Weaver lacking authority to file on Uncle Nearest's behalf, that court was "required to dismiss an unauthorized filing even if § 1112(b) were not in the Bankruptcy Code." *In re Eton St. Brewery, LLC*, 663 B.R. 866, 872 (Bankr. E.D. Mich. 2024) (citing *Price*, 324 U.S. at 106).

4. Last, Appellant wants the Bankruptcy Court's post-appeal supplemental opinion stricken because it "materially expanded the basis for dismissal." App't Br., 10. But that is strong language for an expansion Appellant never once identifies, because none exists. *Id.* at 30-32. Yet even if it did, this Court sitting on appeal "review[s] judgments, not opinions." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021). And as the Bankruptcy Court disclaimed, this supplement was "not a correction of the Court's decision issued from the bench or the dismissal order." Supp. Op., n.2. Rather than add any additional basis for dismissal, it only aids this Court in its review. Resp. to Mot. to Strike (citing *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003)).

Fawn Weaver might have founded Appellant Uncle Nearest, but she had no authority to unilaterally put the company in bankruptcy after this Court's Receivership Order "exclusively vested" that authority in Appellee-Receiver Phillip Young. But she did. So, the Bankruptcy Court had "no alternative but to dismiss the petition." *Price v. Gurney*, 324 U.S. 100, 106 (1945). And on appeal, Uncle Nearest has forfeited (if not waived) that issue, because it challenges something wholly separate: the Bankruptcy Court's "conclu[sion] that the *Debtor* lacked authority to file for bankruptcy relief"—a conclusion absent from the court's order. App't Br., 9 (emphasis added); *see generally* Bankr. Order.

Likewise, Uncle Nearest says the Bankruptcy Court should never have dismissed the petition under 11 U.S.C. § 1112(b) without an evidentiary hearing. Good news for Appellant—the judgment never cites that statute, because that court "would be required to dismiss an unauthorized filing even if § 1112(b) were not in the Bankruptcy Code." *In re Eton St. Brewery, LLC*, 663 B.R. 866, 872 (Bankr. E.D. Mich. 2024) (citing *Price*, 324 U.S. at 106).

Last, as another non-issue, Appellant says the Bankruptcy Court's post-appeal Supplemental Opinion "materially expanded the basis for dismissal." App't Br., 10. Yet Appellant cites to no expansion, because (per that court's own Supplemental Opinion) it was "not a correction of the Court's decision issued from the bench or the dismissal order." Supp. Op., n.2.

The bankruptcy filings were simply a "Hail Mary" stunt meant to hijack and derail the receivership. The Bankruptcy Court dismissed that "Hail Mary," and this Court should affirm the Bankruptcy Court's order.

**I.**  **Appellant forfeited (if not waived) the issue of whether *Mrs. Weaver* lacked authority to file bankruptcy on Appellant's behalf.**

This appeal can end quickly because Appellant waived, or at least forfeited, whether *Mrs. Weaver* as CEO lacked authority to file bankruptcy on its behalf.  That was the Bankruptcy Court's one conclusion: "*Ms. Weaver* had no authority to file the Voluntary Petition."  Bankr. Order, 4 (emphasis added).

Here is the waiver from Appellant's counsel at the bankruptcy hearing: "The corporate formalities by the receivership have been exclusively vested in the receiver."  Hear'g Tr., 15:6-7.  Its counsel got more specific: "She [Mrs. Weaver] doesn't have the authority to do exactly what [the Bankruptcy Court was] hinting at"—file bankruptcy.  *Id.* at 14:22, 15:3-4.  So, with Appellant "explicitly abandoning" the sole issue, it leaves nothing to adjudicate here. *Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1011 (6th Cir. 2022) (distinguishing waiver from forfeiture).

But even if no waiver, Appellant has at least forfeited the issue it nowhere "raised and argued in its initial brief on appeal." *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014).  "In no other place does [Appellant] develop or explain why" the Bankruptcy Court erred in its conclusion about Mrs. Weaver's lack of authority. *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 773 (6th Cir. 2025).  Rather, Appellant's statement of issues attacks a shadow: whether that court erred in "concluding that the *Debtor* lacked authority to file for bankruptcy relief" based on the Receivership Order.  App't Br., 9 (emphasis added).  Appellant's argument section reiterates this "question presented," arguing it throughout. *Id.* at 17-26 ("receivership does not deprive a *debtor* of the right to seek bankruptcy relief"; The "record further confirms that the *Debtor's* ability to seek Chapter 11 relief was not understood to have been eliminated."; "The *Debtor's* filing

11

was authorized." (emphasis added)).  Appellant completely misses the point here.  The Bankruptcy Court never states that this Debtor cannot file bankruptcy, only that Mrs. Weaver can't file a bankruptcy for it.  Having never raised the actual issue—Mrs. Weaver's authority—doing so "for the first time in a reply brief" is no option.  *United States v. Allen*, 93 F.4th 350, 358 (6th Cir. 2024) (citation omitted).

Without addressing that, Appellant forfeited (if not waived) the issue, ending this appeal.  This Court should affirm.

**II.**        **Even if not forfeited, the Receivership Order "exclusively vested" all authority of Uncle Nearest's leadership in the Receiver.**

       **A.**        **Appellant spends most of its time arguing an undisputed point—that the Receivership Order never stops the company from filing bankruptcy.**

Appellant mostly argues that "*Debtor's* ability to seek Chapter 11 relief was not understood to have been eliminated."  App't Br., 24 (emphasis added); *see id.* at 16-26.  But no one disputes that.  As the Bankruptcy Court said, the Receivership Order, "doesn't prohibit a bankruptcy filing by the debtor."  Hear'g Tr., 18:3-4.  Every case Appellant cites supports that: while "[t]he pendency of a receivership does not ordinarily prevent the filing of a voluntary petition," neither did this one.  *Struthers Furnace Co. v. Grant*, 30 F.2d 576, 577 (6th Cir. 1929).  It never "deprived [Appellant] of the right to file its petition," *Muffler v. Petticrew Real Est. Co.*, 132 F.2d 479, 481 (6th Cir. 1942); *In re Yaryan Naval Stores Co.*, 214 F. 563, 565 (6th Cir. 1914), nor "prevent[ed] the filing of a voluntary petition," *Struthers*, 30 F.2d at 577.[3]

---

[3] Appellant's *In re De Camp Glass Casket Co.* case only concerns whether a board can file bankruptcy without its shareholder's consent.  272 F. 558, 564 (6th Cir. 1921).

Even the *Merritt* case misses the mark. There, the court held that a TRO that enjoined a company's leadership from filing its bankruptcy petition thereby "denied to the [company], its directors, stockholders and attorneys, access to the federal courts, thus depriving *them* of their constitutional right." *Merritt v. Mt. Forest Fur Farms of Am.*, 103 F.2d 69, 71 (6th Cir. 1939) (emphasis added). But under the modern Bankruptcy Code, that right belongs to *the company* as the "debtor," not any operational leaders. 11 U.S.C. §§ 109(a), 101(41). And again, the Receivership Order never stripped *Uncle Nearest's* right; it simply gave the Receiver sole authority to exercise it on the company's behalf, as it did with many other tasks. The *Merritt* order did the opposite, enjoining *even* the "receiver" and "counsel for receiver" from filing and, thereby, "restrain[ed] the debtor" from filing. 103 F.2d at 71-72. Here, though, with Appellee-Receiver's filing authority still intact, so too is Uncle Nearest's right to file. This remains a non-issue.

### B. Appellant briefly argues that the Receivership Order never prohibits its board from filing, while ignoring that *Mrs. Weaver* as CEO lacked authority even absent the Order.

Appellant then argues that "[t]he receivership order does not grant the Receiver exclusive authority to file a bankruptcy petition." App't Br., 25. By Appellant's lights, the Order "does not prohibit the Debtor's directors from doing so," too. *Id.* at 25-26. But not only is that wrong, it again misses the point: *Mrs. Weaver* lacked authority to file even absent the Receivership Order, for two reasons.

*First*, per Delaware law,[4] absent the receivership, only Uncle Nearest's board could authorize its CEO to file bankruptcy, whether via resolutions or

---

[4] Corporate authority to file bankruptcy "finds its source in local law." *Price*, 324 U.S. at 106. With Uncle Nearest being incorporated in Delaware, Tennessee disclaims any regulation of its "organization or internal affairs." Tenn. Code Ann. § 48-25-105(c).

bylaws—both absent here.  Del. Code Ann. tit. 8, § 141; *see, e.g.*, *In re Energy Future Holdings Corp.*, 561 B.R. 630, 637 & n.11 (Bankr. D. Del. 2016) (president filed with written consent of board).  Even then, some "broad ambiguous grant of power" does "not include authorization to file a bankruptcy case."  *In re Arkco Props., Inc.*, 207 B.R. 624, 629 (Bankr. E.D. Ark. 1997) (collecting cases).  Rather, filing "is a specific act requiring specific authorization," again absent here.  *In re ComScape Tele., Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

*Second*, Appellant is judicially estopped from asserting Mrs. Weaver's authority.  As its own bankruptcy counsel at the hearing said, "the corporate formalities by the receivership have been exclusively vested in the receiver." Hear'g Tr., 15:6-7; *Keathley v. Buddy Ayers Constr., Inc.*, No. 25-6, 2026 WL 1686028, at *4 (U.S. June 11, 2026).  And proving no "inadvertence or mistake," *Keathley*, 2026 WL 1686028, at *4, its counsel went on: "she [Mrs. Weaver] doesn't have the authority to do exactly what [the Bankruptcy Court was] hinting at"—file bankruptcy, Hear'g Tr., 14:22, 15:3-4.

So even without the Receivership Order, "*Ms. Weaver* had no authority to file the Voluntary Petition."  Bankr. Order, 4 (emphasis added).

## C.   The exclusive grant in the Receivership Order left zero authority for Mrs. Weaver to exercise as CEO.

The Receivership Order could not have been clearer on who has exclusive authority to file Appellant's bankruptcy.  "*The Receiver* shall be *exclusively vested* with: (a) all the powers of officers, directors, members, and/or managers (as applicable) of Uncle Nearest."  Rec'r Order, 4 (emphasis added).  And if needed, the Receiver could file bankruptcy "under title 11 of the United States Code on behalf of Uncle Nearest."  *Id.* at 12.  To then ensure

14

that Uncle Nearest's corporate leadership understood their *lack* of authority, it enjoined them from "[i]nterfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to th[e] Order." *Id.* at 12-13. Instead, it specifically relegated the Weavers' roles to "market[ing]" and "manag[ing] the Uncle Nearest brand," but *still* under "the Receiver's supervision." *Id.* at 5. Read together, when the Receivership Order says the "Receiver shall be *exclusively vested*" with all corporate authority, including explicitly to file bankruptcy, Rec'r Order, 4 & 12, that means only he has authority to file bankruptcy on Uncle Nearest's behalf.

Appellant calls that logic an "inference," and deems it "legally impermissible," the equivalent of "silence," and falling short of "expressly eliminat[ing] authority" of the company's leadership to file bankruptcy. App't Br., 25-26. But how much more explicit did it want this Court to be? If the Order had been "silent about bankruptcy," or had not "vested authority to file bankruptcy solely in the receiver," that would be an issue, like the order in *In re 530 Donelson, LLC* that Judge Mashburn held never deprived the board from filing. 660 B.R. 887, 892-93 (Bankr. M.D. Tenn. 2024). But here, rather than an inexhaustible list of what leadership cannot do, we have an exclusive vesting of authority in the Receiver, followed by a "specific reference to bankruptcy" the Receiver can file. *Id.* at 892. As stated at the Bankruptcy Court hearing, Appellant would have this Court believe that while Mrs. Weaver doesn't have authority to sign checks, file a tax return, or hire and fire employees, she somehow has the authority to initiate a bankruptcy proceeding on behalf of the company. Hear'g Tr., 8:24-9:4.

As a last resort, Appellant argues that the Receivership Order authorized "the receiver to act only within the receivership case." App't Br., 35. Yet the Order allows the Receiver to take "any and all actions"—

15

explicitly bankruptcy. Rec'r Order, 4 & 12. That, combined with the Order's own "**Litigation**" section, dismisses that notion. *Id.* at 7-8.

Uncle Nearest's CEO, Mrs. Weaver, did not understand the extent of the divestiture of her authority by this Court. So, she filed bankruptcy on Uncle Nearest's behalf. Unsurprisingly, the Bankruptcy Court found "Ms. Weaver had no authority to file the Voluntary Petition," because per the Receivership Order, Receiver "Young alone has the decision-making authority on behalf of Debtor." Bankr. Order, 4. Because of that, that court "ha[d] no alternative but to dismiss the petition." *Price*, 324 U.S. at 106. This Court should affirm.

### III. With nothing in the Bankruptcy Court's Order dismissing this case for cause under 11 U.S.C. § 1112(b), nothing exists for this Court to reverse.

Appellant's second issue asks whether the Bankruptcy Court erred in dismissing this bankruptcy "under 11 U.S.C. § 1112(b) where no evidentiary record was developed and no findings supporting 'cause' were made." App't Br., 10. True, no factual record exists, but when "[e]verybody has consented that there is no factual issue," any record development becomes pointless. Hear'g Tr., 22:4. That's why the Bankruptcy Court's order never dismissed this case under § 1112(b), never even citing it. *See generally* Bankr. Order. And sure, its Supplemental Opinion mentions the "for cause" provision a few times but only related to Mrs. Weaver's lack of authority. Supp. Op., 7 & 12.

Regardless, this court on appeal "review[s] judgments, not opinions." *Stewart*, 990 F.3d at 457. And the Bankruptcy Court's judgment here—its order—focused solely on Mrs. Weaver lacking authority to file on Uncle Nearest's behalf. It had no need to cite § 1112(b) in concluding that, because it "would be required to dismiss an unauthorized filing even if § 1112(b) were

16

not in the Bankruptcy Code." *Eton*, 663 B.R. at 872 (citing *Price*, 324 U.S. at 106).

**IV. By the Bankruptcy Court's own words, the Supplemental Opinion adds nothing to its judgment—the thing actually being reviewed.**

Last, Appellant claims that the Bankruptcy Court's Supplemental Opinion "materially expanded the basis for dismissal," without ever identifying that expansion—because none exists. App't Br., 10, 30-32.

At the hearing, that court "reserve[d] the right to make any edits -- and there will be a lot of them -- as to format, style, grammar, or citation." Hear'g Tr., 47:22-23. And just three days later, its Supplemental Opinion made those clarifying edits "in aid of the appeal," which courts *can* do even after the notice of appeal. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (collecting cases). These were no corrections to "substantive mistakes," nor some long-delayed opinion (neither allowed post appeal). *Cf. Olle v. Henry & Wright, Corp.*, 910 F.2d 357, 359, 364 (6th Cir. 1990); *Pruzinsky v. Gianetti*, 282 F.3d 434, 440 (6th Cir. 2002). As the Supplemental Opinion disclaimed, it was "*not* a correction of the Court's decision issued from the bench or the dismissal order." Supp. Op., n.2 (emphasis added). Rather, it just "memorialize[d]" the court's "oral opinion[] soon after a decision was rendered"—nothing more. *Inland Bulk Transfer*, 332 F.3d at 1013.

But again, even if some substantive change happened, this Court sitting on appeal "review[s] judgments, not opinions," making the supplement irrelevant, especially on a *de novo* review of Mrs. Weaver's authority. *Stewart*, 990 F.3d at 457.

## CONCLUSION

Appellant explicitly waived, and then again forfeited, the one issue the Bankruptcy Court decided—that CEO Fawn Weaver lacked authority to file bankruptcy on the company's behalf. That should end this appeal.

Regardless, even without the Receivership Order, Mrs. Weaver lacked authority to file absent a board resolution and, separately, is judicially estopped by her counsel's prior admission that she lacked authority. But still, the Receivership Order finishes the job, "*exclusively* vesting" all corporate authority in the Receiver, which explicitly included authority to file bankruptcy.

And as non-issue asides raised by Appellant, (1) the Bankruptcy Court never based its dismissal on 11 U.S.C. § 1112(b)'s "for cause" standard, only on Mrs. Weaver absent authority, and (2) this Court only reviews the Bankruptcy Court's judgment, not its Supplemental Opinion that explicitly says it changes nothing about the order.

This Court should affirm the dismissal and let the Receiver get back to work.

Respectfully submitted,

/s/ Justin T. Campbell
Justin T. Campbell (031056)
Trent Meriwether (038577)
THOMPSON BURTON PLLC
1801 West End Avenue, Suite 1550
Nashville, Tennessee 37203
(615) 465-6000
justin@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel for Receiver Phillip Young*

19

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on this 29th day of June 2026.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties listed below.  Parties may also access this filing through the Court's electronic filing systems.

Curtis D. Johnson, Jr.
Florence M. Johnson
Johnson & Johnson, P.C.
1407 UNION AVENUE
SUITE 1002
Memphis, TN 38104
901-725-7520
*Counsel for Appellant Uncle Nearest, Inc.*

/s/ *Justin T. Campbell*
Justin T. Campbell